STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

**RHODE ISLAND ETHICS COMMISSION**
40 Fountain Street
Providence, R.I. 02903
(401) 277-3790 (Voice/TT)
(800) 752-8088
Fax Number: 272-6680

April 23, 1998

James R. McGuirk, Esq.
Edwards & Angell
2700 Hospital Trust Tower
Providence, RI 02903-2499

Re: Advisory Opinion
John Celona

Dear Mr. McGuirk:

Advisory Opinion No. 98-59

In response to your letter dated April 6, 1998, requesting an Advisory Opinion, and pursuant to Code of Ethics § 36-14-11, the Rhode Island Ethics Commission rendered an opinion at its meeting on April 21, 1998

The Commission voted as follows:

**A. QUESTION PRESENTED**

The Petitioner, a legislator serving as a State Senator, a state elected official, requests an advisory opinion as to whether the Senator, who is privately employed as a consultant to the Village at Elmhurst, LLC (The Village), an assisted living facility, may participate and vote on legislation 1) directly relating to assisted living facilities and resulting in a financial benefit to the Village and/or the Senator; 2) regarding assisted living facilities where neither the Village nor the Senator would realize a financial benefit to any greater or lesser extent than other such facilities or their agents; and 3) involving matters of public interest concerning health care issues in

general.

**B. RESPONSE**

It is the opinion of the Rhode Island Ethics Commission that the Petitioner, a legislator serving as a State Senator, a state elected official, who is privately employed as a consultant to the Village at Elmhurst, LLC (The Village), an assisted living facility, may not participate and vote on legislation directly relating to the Village/affiliates and resulting in a financial benefit to said entities and/or the Senator as their agent. Under R.I. Gen. Laws §36-14-7(b), the Senator may participate and vote on legislation regarding assisted living facilities provided that the Village/affiliates and/or the Senator would not realize a financial benefit to any greater or lesser extent than other such facilities or their agents. Here, the Commission concludes that too many variables and uncertainties are present, however, for that 7(b) exception to be applicable. The Senator may participate and vote on broad-based legislation regarding matters of public interest affecting the health care industry in general without violating the Code of Ethics.

**C. DISCUSSION**

**1. Facts**

The Petitioner advises that the Village at Elmhurst, LLC (The Village) has engaged Senator John Celona as a salaried consultant. The Village is an assisted living facility providing senior citizens with meal and laundry services in a retirement setting. Although it features an "Alzheimer's Unit", the Village does not provide skilled nursing services or other medical care and is not licensed to do so. The Petitioner represents that there presently are approximately twenty such facilities in the state. The Village has engaged Senator Celona to promote its services and those of its related facilities, such as the Elmhurst Extended Care Facility, Inc.(Elmhurst). Pursuant to

the consulting agreement, the Senator's responsibilities require him to keep abreast of legislative issues and regulations at local, state and federal levels that potentially could impact delivery of care by the Village and its related facilities. Particular emphasis would be on efforts to regulate or license assisted living facilities.

The Village is a joint venture between Roger Williams Realty Corporation (RWRC) and SANAT, LLP. RWRC, Roger Williams Hospital and Elmhurst are members of the same group of controlled companies that have Roger Williams Medical Center (RWMC) as their sole member or holding company. Roger Williams Hospital is an acute care hospital and Elmhurst is a 200-bed nursing home with a hospice unit. The Petitioner, legal counsel to RWMC, requests an advisory opinion on behalf of Senator Celona as to the extent to which the Senator may participate in legislation relating to assisted living facilities and general health care issues given his current employment as a consultant.

2. **Analysis**

The Rhode Island Code of Ethics holds all public officials to the " highest standards of ethical conduct" and requires that public officials avoid even the " appearance of impropriety." R.I. Gen. Laws § 36-14-1. Under the Code, Senator Celona may not participate or vote in any matters in which he has an interest, financial or otherwise, which is in substantial conflict with the proper discharge of his duties or employment in the public interest. R.I. Gen. Laws § 36-14-5(a). Furthermore, he may not use his public office to obtain financial gain for him or any business by which he is employed or which he represents. R.I. Gen. Laws §§ 36-14-5(d) and 36-14-7(a).

However, under General Commission Advisory No. 13, the Commission has determined that a legislator may participate and vote on legislation which affects the legislator's financial interests or those of his

employer where such interests are affected to no "greater or lesser extent than the interests of all other members of the affected group or profession to which the legislator...or his employer... belongs." The Commission has cautioned that it "does not believe that such exception should apply in instances where the group affected is a distinct and significant enough subset of the larger group, and where a significant portion of the legislator's...income (more than 25%) is derived from activities as part of such subgroup." (emphasis added).

Prior advisory opinions relating to this issue offer some guidance here. Generally, the Commission has considered whether the proposed legislation involved an entire industry and whether or not the legislator would be or could be financially affected by the legislation. In A.O. 96-71, the Commission determined that a legislator could participate and vote on legislation regulating the sale of insurance by banks even though the legislator requesting the opinion was an insurance agent. The Commission provided that the legislator must file a section 6 recusal notice explaining his interests and the nature of the potential conflict and noting why, despite the apparent conflict, he was able to vote objectively and fairly on the issue. The Commission based its opinion on the importance of the legislation to public consumers and the fact that the legislator could not reasonably expect any direct monetary gain or loss by reason of his participation. Additionally, in A.O. 96-24, the Commission determined that a Newport Zoning Board member could participate in matters affecting the bed and breakfast industry even though the Zoning Board member owned a hotel.

In contrast, in A.O. 95-54 and A.O 95-56, the Commission found that legislators, a retired teacher and a working teacher, could not participate in negotiations relating to pension benefits for state workers and teachers except where the particular matter being discussed would in no way affect the legislators' personal interests. In those cases, the Commission declined to apply the 7(b) exception "given that it is

impossible to determine which groups will be significant and definable during the negotiations and given that the legislator, particularly a member of the leadership, may play a role in defining the groups to be effected by the pension legislation."

Here, the Petitioner seeks guidance as to the Senator's ability to participate and vote on three categories of legislation that potentially could arise before the Senate. First, the Commission concludes that Senator Celona must recuse himself from participation and vote on legislation directly relating to the Village/ affiliates. The Senator is likewise precluded from participation and vote where legislation would directly result in a financial benefit to such entities and/or to the Senator himself as their agent. Clearly, a substantial conflict of interest exists due to the financial impact upon the Senator and the entities which he represents.

Second, the Commission concludes that the Senator may not participate and vote on legislation relating to assisted living facilities where such legislation would appear to affect all such facilities in an equal manner. Due to the fact that, in addition to being one of approximately twenty assisted living facilities in the state, the Village has unique and complex affiliations with various other health care entities, the Commission cannot opine that future legislation will not affect the Village to any greater or lesser extent than other assisted living facilities in the state.

Additionally, given the nature of the legislative process - involving negotiations among the Governor's Office and the General Assembly, with likely input from other interested parties as to the form the legislation ultimately will take - the Commission finds that Senator Celona's involvement in said process would be problematic for two reasons. First, during the negotiation period, the " significant and definable class" which triggers the 7(b) exception may not be

evident due to the shifting definitions of groups which may or may not be impacted by proposed legislation. Second, the Senator's participation in the discussion of such legislation would place him in a position in which he may participate in defining the groups to be impacted and determine the impact's extent.

Lastly, the Commission concludes that the Senator may fully participate and vote on broad-based legislation involving general health care issues of public interest. General legislation relating to elderly affairs, nursing home issues and hospital regulations is likely to impact all corners of the health care industry in the state, as well as many related industries. Under 7(b), any benefit or detriment accruing to the Senator and/or the Village/affiliates would affect them to no greater extent than any other similarly situated members of a significant and definable group. In short, the definable group of individuals and/or entities likely to be affected by such legislation is not only significant, it is enormous. In such instances, public interest and public policy considerations weigh heavily in favor of elected officials participating in the legislative process. When participating or voting on general health care matters, Senator Celona should file a notice under Section 6 of the Code advising the Senate of the nature of his relationship with the Village/affiliates, and a statement as to why, despite that relationship, he is able to vote and otherwise participate fairly, objectively and in the public interest. A copy of this notice also should be filed with the Ethics Commission.

This opinion is strictly limited to the facts stated herein and relates only to the application of the Rhode Island Code of Ethics. This Commission offers no opinion on the effect of any other statute, ordinance, constitutional or charter provision or canons of professional ethics may have on your situation. Under the Code of Ethics advisory opinions are based on the representations made by, or on

behalf of, an official and are not adversary, or investigative proceedings.

Sincerely yours,

Robert A. DeRobbio
Chair

RAD:pfb

Code Citations:

36-14-5(a)
36-14-5(b)
36-14-5(d)
36-14-6
36-14-7(a)
36-14-7(b)

Related Advisory Opinions:

98-14
97-57
97-56
96-71
95-56
95-54
94-25
GCA 13

Keywords:

Class exception
Financial interest