**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CR 06-02T** |
| | : | |
| **ROBERT A. URCIUOLI,** | : | |
| **FRANCES P. DRISCOLL,** | : | |
| **PETER SANGERMANO, JR., and** | : | |
| **ROGER WILLIAMS MEDICAL** | : | |
| **CENTER.** | : | |

**UNITED STATES' OBJECTION TO DEFENDANT URCIUOLI'S**
**MOTION TO EXCEED THE PAGE LIMITATION**

On April 3, 2006, Defendant Robert Urciuoli filed a Motion to Dismiss the Indictment. Urciuoli also filed a motion for leave to exceed the page limitation for exhibits. In his motion to exceed the exhibit page limitation, Defendant states "Assistant U.S. Attorney Louis Matos has advised that the Government does not object to the relief requested herein." Mot. for Leave at 2. The United States files the instant objection to clarify the United States' position regarding Defendant's motion.

"An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are taken to be true." United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994). Despite the above, in the instant case, Defendant seeks to file approximately 60 pages of exhibits which he contends are "highly relevant" to the motion to dismiss. Mot. for Leave at 2. Moreover, in his motion to exceed the page limitation, Defendant represents that the "motion is appropriate under the circumstances, even though the proposed exhibits relate to defendant's motion to dismiss." Id. The "circumstances" to which Defendant refers are "when 'the operative facts are undisputed and the government fails to object to the district court's consideration of

those undisputed facts.' " Id. (quoting United States v. Brown, 925 F.2d 1301, 1304 (10th Cir. 1991). In this case, the operative facts are disputed and the United States does object to the Court's consideration of facts and evidence beyond those facts cited in the four corners of the Indictment. The only lack of objection sought or obtained from counsel for the United States was as to Defendant's request to the Court to exceed the exhibit page limitation. To the extent that Defendant's motion suggests that the United States concedes the appropriateness of submitting exhibits for the Court to consider in ruling on Defendant's motion to dismiss, this suggestion is in error.

Indeed, in Hall, the Tenth Circuit clarified its ruling in Brown, the case which Defendant cites in his motion to exceed as justifying his submission of exhibits:

> Although we recognize that the preferred approach in testing the sufficiency of an indictment **cautions against** consideration of the strengths and weaknesses of the government's case through fact-finding pretrial hearings, King, 581 F.2d at 801-02, we read Brown and Wood[1] as authority which allows a district court to dismiss charges at the pretrial stage **under the limited circumstances where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case.** Under this scenario, a pretrial dismissal is essentially a determination that, *as a matter of law,* the government is incapable of proving its case beyond a reasonable doubt. **We note, however, that such a scenario is not likely to recur and we caution both the trial courts and counsel that the procedure here employed is indeed the rare exception.** Here, the government did not dispute the facts surrounding the section 924(c)(1) charge . . . . Under these limited circumstances, we find no procedural error in the district cour's handling of the motion to dismiss.

Hall 20 F.3d at 1088. Where as here the United States objects to the consideration of facts

---

[1] Defendant also cites the Tenth Circuit's opinion in United States v. Wood, 6 F.3d 692 (10th Cir. 1991), in his Memorandum in Support of Motion to Dismiss as authority for the proposition that the Court may, in certain circumstances not present here, consider evidence beyond the four corners of the Indictment in ruling on a defendant's motion to dismiss.

outside the Indictment and where facts alleged in the Indictment are disputed, addressing Defendant's motion to dismiss by reference to the exhibits he has submitted is not permitted.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

April 4, 2006

DULCE DONOVAN
LUIS M. MATOS
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2006, I caused to be sent by first class regular mail a true copy of the within United States' Objection to Defendant Urciuoli's Motion to Exceed the Page Limitation to:

Richard M. Egbert, Esq.
99 Summer Street
Suite 1800
Boston, MA 02110

Kevin J. Bristow, Esq.
Turks Head Building
Providence, RI 02903

John A. Pappolardo, Esq.
James P. Redding, Esq.
Greenburg Traurig LLP
One International Place
Boston, MA 02110

Paula Hasey