F

**HinckleyAllenSnyder LLP**
ATTORNEYS AT LAW

*Michael J. Connolly, P.C.*
mconnolly@haslaw.com

28 State Street
Boston, MA 02109-1775
TEL: 617.345.9000
FAX: 617.345.9020
www.haslaw.com

June 1, 2006

**Via facsimile (401) 709-5001**
**and First Class Mail**

Luis M. Matos
Assistant U.S. Attorney
United States Attorney's Office - District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Dulce Donovan
Assistant U.S. Attorney
United States Attorney's Office - District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

**Re: United State v. Urciuoli, et al.**

Dear Lou and Dulce:

This is to memorialize our telephone conversation this afternoon regarding outstanding discovery issues. As I advised, I initiated the call in order to satisfy our obligation under Local Rule Cr 12(c)(2) to attempt to resolve discovery disputes before filing a motion to compel.

With regard to the specific requests set forth in my letter to Lou dated April 12, 2006, I inquired whether you agree with the premise of my letter, that we are entitled to all of the information requested in the letter either under Rule 16 or Brady v. Maryland. You advised that it was not necessary for the Government to agree because the Government has already produced all FBI interview reports ("302s"), other Government interview reports (e.g. RI State Police Reports), and Grand Jury testimony reflecting any of the information set forth in my April 12th letter. Be advised that it is our position that Bob Urciuoli is entitled to all of the requested materials under the Constitution and the Federal Rules, and that any failure to make timely disclosure of the requested information will jeopardize those rights. Nevertheless, based on your representation that all such interview reports and testimony have been produced, and that the Government is under a continuing obligation to produce any such statements, we will not include such statements in our motion to compel.

I asked whether you would agree to produce copies of notes prepared by law enforcement agents and Government attorneys in regard to any statements of witnesses covered by my April 12, 2006 letter, in addition to formal interview reports and testimony transcripts. I advised that the reason we seek the notes is based on: (1) our concern that statements have been made by witnesses that are exculpatory and not reflected in the typed interview reports we have received;

HinckleyAllenSnyder LLP
ATTORNEYS AT LAW



and (2) in the case of John Celona, the Government produced a lengthy 302 that covered nine days of interviews over a three month period. As to Celona, we are interested in obtaining the notes in order to be able to trace when each statement reflected in the 302 was made over the three month period, among other reasons. Dulce recalled that this was a subject Richie Egbert raised during a status conference with the Court. You indicated that you would take that request under advisement. After our conversation, Dulce left a voice message indicating that the Government did not believe it was obligated to disclose agent or Government attorney notes and would not produce them voluntarily.

I advised it is our position that the Government's disclosure obligations under Rule 16 and Brady extend to statements made by counsel for a witness, in addition to witness statements, because any such statements are statements of an agent within the scope of the agency relationship. As such, they are attributable to the principal/client, and must be treated as statements of the client for purposes of Urciuoli's discovery rights. See, e.g., FRE 801(d)(2)(D). You advised that you do not accept our position that statements by counsel for a witness or a party would be covered by the Government's obligations under Rule 16 or Brady. You further advised that other Assistant US Attorneys have worked on this case prior to your involvement and that you are not aware of all of the statements that have been made by various attorneys for witnesses, including John Celona. You agreed that the Government's discovery obligations are not limited by the personal knowledge of the AUSAs trying the case, but disagreed that statements of counsel are subject to the Government's obligations.

You also reaffirmed the Government's position that it will not voluntarily disclose the redacted portions of the 302s reflecting John Celona's statements. You advised that the redacted statements relate to the Government's investigation relating to CVS, Blue Cross and others, and therefore are not discoverable by Urciuoli.

Please advise whether the forgoing is inaccurate in any way.

Sincerely,

Michael J. Connolly /ra

Michael J. Connolly
MJC/ram

cc: Richard M. Egbert, Esq.
Robert A. Urciuoli
John Pappalardo, Esq.
James Redding, Esq.
Evan Georgopoulos, Esq.
Kevin Bristow, Esq.

#584205v1