UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES :
:
VS : CR 06-02-T
:
ROBERT A. URCIUOLI, :
FRANCES P. DRISCOLL, :
PETER J. SANGERMANO, JR., and :
ROGER WILLIAMS MEDICAL CENTER :

**DEFENDANT FRANCES P. DRISCOLL'S OBJECTION TO DEFENDANT ROBERT A. URCIUOLI'S MOTION *IN LIMINE* TO LIMIT USE OF REPORT BY F. DENNIS SAYLOR**

Now comes the Defendant, Frances P. Driscoll, and hereby objects to Defendant Robert A. Urciuoli's Motion *In Limine* to Limit Use of the Report by F. Dennis Saylor.

In support of this Motion, Defendant relies upon the attached Memorandum of Law. Defendant Driscoll also requests oral argument on her objection. Counsel estimates that 15 minutes will be required for same.

Respectfully submitted
FRANCES P. DRISCOLL
By her Attorney,

KEVIN J. BRISTOW, ESQ. #3984
505 Turks Head Building
Providence, RI 02903
(401) 521-2800; fax (401) 521-2812

**Certification of Service**

I hereby certify that on the 16th day of June, 2006, I mailed a copy of the within Motion to Assistant United States Attorney Luis Matos, United States Attorneys Office, Fleet Center, 50 Kennedy Plaza, Providence, RI 02903, Michael J. Connolly, Esq., Hinckley, Allen & Snyder LLP, 1500 Fleet Center, Providence, Rhode Island 02903, and James P. Redding, Esq., Greenberg Traurig, LLP, One International Place, Boston, Massachusetts 02110.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES :
:
VS : CR 06-02-T
:
ROBERT A. URCIUOLI, :
FRANCES P. DRISCOLL, :
PETER J. SANGERMANO, JR., and :
ROGER WILLIAMS MEDICAL CENTER :

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FRANCES P. DRISCOLL'S OBJECTION TO DEFENDANT ROBERT A. URCIUOLI'S MOTION *IN LIMINE* TO LIMIT USE OF REPORT BY F. DENNIS SAYLOR**

Now comes the Defendant, Frances P. Driscoll, and hereby submits this Memorandum of Law in support of her Objection to Defendant Robert A. Urciuoli's Motion *In Limine* to Limit Use of Report by F. Dennis Saylor.

**TRAVEL OF THE CASE**

An indictment in the above-referenced matter was handed down in January 2006, against all of the defendants named in the caption. Subsequently, Roger Williams Medical Center ("RWMC") entered into a Deferred Prosecution Agreement with the Government. Defendants Urciuoli, Driscoll and Sangermano are all scheduled to be tried in a single trial in Fall 2006.

Defendant Driscoll has filed a Motion for Severance, specifically requesting that she not be tried with Defendant Urciuoli. That motion is currently pending before this Court. Mrs. Driscoll has outlined for the Court in her Memorandum of Law in Support of

Motion for Severance her need to have the entire Saylor Report admitted into evidence at her trial. Because of the relevance of the entire report to Mrs. Driscoll's defense, Defendant Driscoll objects to Defendant Urciuoli's Motion *in Limine.*[1]

## ARGUMENT

For the Government to prove the charge against the Mrs. Driscoll of honest services mail fraud, the Government must prove that the Mrs. Driscoll knowingly and willfully participated in a scheme to defraud. United States v. Woodward, 149 F.3d 46, 54 (1st Cir. 1998). Since good faith is a complete defense to mail fraud, the Government bears the burden of proving lack of good faith beyond a reasonable doubt. Id. Further, the Government must prove both an "intent to deceive the public" and "intent to deprive the public of the legislator's honest services." United States v. Sawyer, 85 F.3d 713, 729 (1st Cir. 1996).

Thus, Mrs. Driscoll's state of mind during the period in which she dealt with John Celona is of critical importance to her defense in this matter. The relevance of this report is not limited to the portion of the Saylor Report that pertains to allegations regarding John Celona, although the Celona portion of the Saylor Report is clearly relevant. Also of great relevance is the whole of the Saylor Report, which, when read in its entirety, negates any implication that the Report was a "whitewash". This hard-hitting report, which is highly critical of Defendant Urciuoli and finds numerous instances of improper conduct on his part, lends further support to Mrs. Driscoll's defense that she relied on the

[1] In the event that this Court grants Defendant Driscoll's Motion for Severance, Defendant Driscoll will withdraw her objection to Defendant Urciuoli's Motion in Limine and will take no position on this issue.

Report, as well as an ethics opinion, in determining the propriety of the relationship with Celona. The jury at Mrs. Driscoll's trial must be allowed to fully and objectively assess the effect that reading the entire Saylor Report had on Mrs. Driscoll's state of mind.

Further, the reasons set forth by Defendant Urciuoli for admitting the Celona portion of the Saylor Report are equally applicable to Mrs. Driscoll's position that the entire report should be admitted. Otherwise inadmissible hearsay is admissible for the purpose of showing its effect on the listener or reader. United States v. Meserve, 271 F.3d 314, 320 (1st Cir. 2001); United States v. Castro-Lara, 970 F.2d 976, 981 (1st Cir. 1992). The effect of the entire report on Mrs. Driscoll is a crucial aspect of this case and should not be excluded. Admission of only that section of the Saylor Report as pertains to the hiring of John Celona does not accurately reflect the impact of the report on Mrs. Driscoll's state of mind. The entire Saylor Report is relevant and admissible under Federal Rule of Evidence 401 and 402.

## CONCLUSION

The admission of the entire Saylor Report into evidence at the trial of Mrs. Driscoll is critical to her defense of the charges against her. It is respectfully submitted that the entire report is admissible under the Federal Rules of Evidence for the limited purpose of demonstrating its effect on Mrs. Driscoll's state of mind and negating one of the critical elements of the Government's case.

For the foregoing reasons, it is respectfully requested that this Honorable Court

deny Defendant Urciuoli's Motion *in Limine* and for such other and further relief as to this Court may seem just and proper.

Respectfully submitted
FRANCES P. DRISCOLL
By her Attorney,

KEVIN J. BRISTOW, ESQ. #3984
505 Turks Head Building
Providence, RI 02903
(401) 521-2800; fax (401) 521-2812

**Certification of Service**

I hereby certify that on the 16th day of June, 2006, I mailed a copy of the within Motion to Assistant United States Attorney Luis Matos, United States Attorneys Office, Fleet Center, 50 Kennedy Plaza, Providence, RI 02903, Michael J. Connolly, Esq., Hinckley, Allen & Snyder LLP, 1500 Fleet Center, Providence, Rhode Island 02903, and James P. Redding, Esq., Greenberg Traurig, LLP, One International Place, Boston, Massachusetts 02110.