UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR 06-02-01-T |
| | : | |
| ROBERT A. URCIUOLI, | : | |
| FRANCES P. DRISCOLL, | : | |
| PETER J. SANGERMANO, JR., and | : | |
| ROGER WILLIAMS MEDICAL CENTER | : | |

**DEFENDANT ROBERT A. URCIUOLI'S**
**MOTION TO CONTINUE TRIAL**

NOW COMES Defendant Robert A. Urciuoli ("Urciuoli") and hereby moves to continue the trial in this matter, presently scheduled for September 20, 2006, until a date after the conclusion of the trial in *State of Rhode Island v. Michael Derderian,* K1-2003-0655A. In support of this Motion, Urciuoli relies on the accompanying Memorandum of Law and Declaration, submitted herewith and incorporated herein by reference. Urciuoli hereby requests oral argument in connection with this Motion. Counsel for Urciuoli estimates that thirty (30) minutes will be required for same.

Co-defendants Frances P. Driscoll and Peter J. Sangermano assent to the requested relief.

WHEREFORE, Defendant Robert A. Urciuoli respectfully requests that this Court continue the trial in this matter, which is presently scheduled for September 20, 2006, to a date following the Station fire trial.

Respectfully submitted,

ROBERT A. URCIUOLI

By his Attorneys,

Kristie M. Passalacqua

Kristie M. Passalacqua, Bar No. 6945
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Michael J. Connolly (MA BBO # 638811)
*Pro Hac Vice Counsel*
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020 (fax)
mconnolly@haslaw.com

Richard M. Egbert (MA BBO #151800)
*Pro Hac Vice Counsel*
Richard Egbert Law Offices
99 Summer Street
Suite 1800
Boston, Massachusetts 02110
(617) 737-8222
(617) 737-8223 (fax)
regbert@egbertlaw.com

Dated: June 26, 2006.

**CERTIFICATION**

I hereby certify that I mailed a true and accurate copy of the within Motion To Continue Trial to counsel of record, as stated below, on June 26, 2006:

Kristie M. Passalacqua

Robert Clark Corrente
United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Luis M. Matos
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

William P. Devereaux
Holland & Knight LLP
One Financial Plaza, Suite 1800
Providence, RI 02903

Thomas G. Briody, Esq.
Law Office of Thomas G. Briody
72 Pine Street, First Floor
Providence, RI 02903

Kevin J. Bristow, Esq.,
1309 Turks Head Building
Providence, RI 02903

Gerard B. Sullivan
Criminal Chief
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Dulce Donovan
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Thomas C. Frongillo, Esq.
Weil Gotshal & Manges
100 Federal Street, Floor 34
Boston, MA 02110

John A. Pappalardo, Esq.
James P. Redding, Esq.
Greenburg Traurig LLP
One International Place
Boston, MA 02110

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR 06-02-01-T |
| | : | |
| ROBERT A. URCIUOLI, | : | |
| FRANCES P. DRISCOLL, | : | |
| PETER J. SANGERMANO, JR., and | : | |
| ROGER WILLIAMS MEDICAL CENTER | : | |

**DEFENDANT ROBERT A. URCIUOLI'S**
**MEMORANDUM IN SUPPORT OF HIS MOTION TO CONTINUE TRIAL**

NOW COMES Defendant Robert A. Urciuoli ("Urciuoli") and respectfully submits this Memorandum in Support of his Motion to Continue the trial in this matter, presently scheduled for September 20, 2006, until the first appropriate date thereafter.

**BACKGROUND**

On January 5, 2006, Urciuoli was indicted for conspiracy to commit honest services mail fraud and mail fraud. One of the two lawyers representing Urciuoli in this action, Richard M. Egbert, will not be available to represent him at the trial because of a recent change in the trial date of *The State of Rhode Island v. Michael Derderian,* K1-2003-0655A, in which Mr. Egbert represents Mr. Derderian. See Declaration of Robert A. Urciuoli [hereinafter "Urciuoli Decl."], ¶ 3.

From the time the Government's investigation of this matter commenced until the Indictment was returned in early January, Urciuoli was represented by Robert G. Flanders, Jr. and Michael J. Connolly of Hinckley, Allen & Snyder LLP. Id. ¶ 4. After the Indictment in this matter was returned, Mr. Flanders was notified that he was to be nominated to serve on the First Circuit Court of Appeals. Id. ¶ 5.

Urciuoli has conducted an extensive search for trial counsel to represent him in this matter. In the course of that search, he considered more than three dozen criminal defense attorneys from various locations in the Eastern part of the United States. He interviewed lawyers from Boston, New York, Washington D.C. and other cities. He made numerous trips for purposes of meeting with prospective trial counsel. These efforts involved a significant commitment of time and expense. Id. ¶ 6. Urciuoli took various factors into consideration in selecting trial counsel, including experience in similar federal criminal matters, trial skills, accessibility, cost and numerous other factors. Id. ¶ 7.

Urciuoli undertook this process after he was notified by his former employer, Roger Williams Medical Center ("RWMC"), that he had been terminated from his position as Chief Executive Officer of RWMC and that the Medical Center would no longer stand by its contractual obligation to indemnify him for legal fees in this matter. Thus, Urciuoli absorbed the costs involved in the search for counsel and the legal fees he has incurred since that time. Id. ¶ 8.

After considerable reflection and evaluation of the numerous attorneys Urciuoli considered, which included consultation with various members of his family, Urciuoli decided to engage Mr. Egbert to try this case along with Mr. Connolly. Id. ¶ 9.

Urciuoli was informed by his attorneys following a status conference with the Court on April 18, 2006, that two dates were available for the trial of this matter: May 31, 2006 or September 20, 2006. Because of the amount of pretrial preparation that remained to be done at that time, the May 31, 2006 alternative would not have allowed Urciuoli or his attorneys sufficient time to adequately prepare for trial. Id.¶ 10. Among other issues, there were substantial unresolved issues regarding discovery that had yet to be provided by the Government. All three Defendants in this matter have filed Motions to Compel Discovery that are pending

before the Court, more than three weeks after trial would have commenced if the May 31, 2006 date had been selected. In addition to discovery issues, there were numerous witnesses who needed to be interviewed by Urciuoli's attorneys as of the date of the status conference. Accordingly, in Urciuoli's opinion – and in the opinion of his counsel – it simply was not possible for he and his attorneys to be adequately prepared to try this case on May 31, 2006. Urciuoli is informed that this was a position in which his co-defendants and their respective lawyers concurred. Id.¶ 11.

The second date proposed by the Court, September 20, 2006, presented the potential of a conflict for Mr. Egbert in that he represents Mr. Derderian in the Station fire case, which, at the time, was scheduled to commence on July 31, 2006. The parties in that case believe that trial will require at least eight weeks or more to complete. Id. ¶ 12. Mr. Egbert brought this potential conflict to the Court's attention at the time of the status conference. Id. ¶ 13. Notwithstanding Mr. Egbert's potential schedule conflict, the Court requested the parties to choose between May 31, 2006 and September 20, 2006. Given that it was simply not possible to adequately prepare for trial by May 31, 2006, Urciuoli and his counsel reluctantly selected the September 20, 2006 date. Id. ¶ 14.

Recently, Urciuoli was informed by Mr. Egbert that the Station fire case had been rescheduled to commence on September 5, 2006. Thus, while it was possible under the previous schedule that Mr. Egbert would be available to represent Urciuoli at the trial of this matter, that possibility has now been eliminated by the new trial date in the *Derderian* case. Id. ¶ 15.

Mr. Egbert has been working closely with Urciuoli and Mr. Connolly over the past five months and has developed an intimate familiarity with the facts and legal issues in this matter. Urciuoli has expended a significant amount of money for the legal services provided by Mr.

Egbert. Because he is currently unemployed, his financial resources are significantly diminished and he has no income. Id. ¶ 17.

Based on the extensive attorney search he conducted several months ago, Urciuoli unequivocally believes that Mr. Egbert is critical to his successful defense and is the only attorney who [along with Mr. Connolly] he is comfortable with and who can adequately represent him in this matter. This was his plan from the beginning and he sincerely believes that his case will be jeopardized if Mr. Egbert is not permitted to represent him. Based on the extensive attorney search he conducted several months ago, Urciuoli does not believe that he can find an adequate substitute for Mr. Egbert to represent him in this matter. Id. ¶ 18.

In light of the circumstances, Urciuoli respectfully requests the Court to reschedule the trial of this case to follow the conclusion of the *Derderian* case, so that he may be represented by Mr. Egbert at trial.

**ARGUMENT**

Urciuoli's right to be represented by counsel of his choice will be denied if the requested relief is not granted. Id. ¶ 19. Urciuoli has a fundamental, Sixth Amendment right to be represented by counsel of his choosing. United States v. Gonzalez-Lopez, 399 F.3d 924, 934 (8th Cir. 2005) ("The denial of the right to counsel of choice clearly belongs in the class of fundamental constitutional errors which reflect a defect in the framework of the trial mechanism and defy analysis by harmless error standards."); citing Arizona v. Fulminante, 499 U.S. 279, 309 (1991).

The right of a criminal defendant to be represented by counsel of his choice is fundamental and ingrained into our criminal justice system. The right to counsel was among the

rights the people demanded during ratification of the federal Constitution. See Beaney, William M., The Right to Counsel in American Courts (1955), at 22-23.

There is a long line of case law – both state and federal – holding that a criminal defendant has an unqualified right to be represented by counsel of his choosing. See People v. Gordon, 30 N.Y.S.2d 625, 627 (1941) (reversing conviction where the trial judge refused to reasonably accommodate the schedule of the defendant's chosen counsel, and then appointed counsel after the defendant refused to retain another); see also Baker v. State, 56 N.W. 1088, 1089 (Wisc. 1893) (holding that a defendant may have [for his defense] whatever counsel he chooses to retain); McCleary v. State, 89 A. 1100, 1103 (Md. App. 1914) ("[i]t is, of course, the right of one accused of crime to be represented by counsel of his own selection"); People v. Price, 187 N.E. 298, 299 (NY. App. Ct. 1933) (holding that both the federal and the New York Constitutions protect a defendant's right to defend in person or by counsel of his own choosing, and that the court had no authority to assign counsel to a defendant who retained his own).

As federal courts obtained increased jurisdiction over criminal matters, they, too, held that a criminal defendant has a constitutional right to counsel of his choice. See Powell v. Alabama, 287 U.S. 45, 52-53 (1932) (reversing convictions of three of the Scottsboro boys because the trial court failed to allow them an opportunity to secure counsel of their own choice and denied them due process, independent of the court's additional failure to appoint effective counsel for them, and stating, "It is hardly necessary to say that the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice."); Chandler v. Fretag, 348 U.S. 3, 9 (1954) (reversing conviction of a defendant denied a continuance to obtain a lawyer, observing that the defendant's "right to be heard through his own counsel was unqualified."); see also United States v. Bergamo, 154 F.2d 31, 34-35 (3d Cir. 1946)

(reversing conviction of defendants whose chosen out-of-state counsel was improperly denied admission *pro hac vice*; recognizing that, although the case was "clear cut and simple" and that local counsel conducted it "with skill and competence"…"[t]o hold that defendants in a criminal trial may not be defended by out-of-district counsel selected by them is to vitiate the guarantees of the Sixth Amendment.")

What is more, a defendant's constitutional right to counsel of his choosing does not depend on a defendant's ability to demonstrate a tangible adverse effect on the adversarial process; rather, the right exists on its own terms and furthers goals above and apart from ensuring an objectively defined fair trial. See Gonzalez-Lopez, 399 F.3d at 933 ("We recognize that nearly all the circuit courts to address this issue have held a criminal defendant who is denied the Sixth Amendment right to be represented by his chosen attorney does not have to demonstrate prejudice to obtain reversal of the conviction."); see, e.g., United States v. Panzardi Alvarez, 816 F.2d 813, 818 (1st Cir. 1987) ("Obtaining reversal for violation of [the right to counsel of choice] does not require a showing of prejudice to the defense, since the right reflects constitutional protection of the defendant's free choice independent of concerns for the objective fairness of the proceedings") (citation omitted); Wilson v. Mintzes, 761 F.2d 275, 279 (6th Cir. 1985) ("[R]ecognition of the right [to counsel of choice] also reflects constitutional protection of the accused's free choice independent of these [fairness] concerns") (citations omitted); United States v. Curcio, 694 F.2d 14, 25 (2d Cir. 1982) ("[T]he defendants' choice is to be honored out of respect for them as free and rational beings, responsible for their own fates.")

If a trial court prevents a criminal defendant from being represented by counsel of his choice, it violates the Sixth Amendment – regardless of whether an objective observer would believe the court's actions undermined the adversarial process – and undermines faith and

confidence in the criminal justice system. Gonzalez-Lopez, 399 F.3d at 933; United States v. Panzardi Alvarez, 816 F.2d 813, 818 (1st Cir. 1987) (a criminal defendant who is denied the Six Amendment right to be represented by his chosen attorney does not have to demonstrate prejudice to obtain reversal of the conviction); see also Wheat v. United States, 486 U.S. 153, 160 (1988) (recognizing that a defendant's choice of counsel implicates the judicial system's interest in ensuring that criminal trials are conducted "just[ly]" and in a manner that "appear[s] fair to all.")

While the right to assistance of counsel is not absolute and a court may, of course, reject chosen counsel in order to protect overriding interests in a fair, adversarial process, it is well-established that the unjustified denial of counsel of choice constitutes structural error that goes to the very heart of the trial, itself, and defies analysis by harmless-error standards. See Gonzalez-Lopez, 399 F.3d at 934 ("Like the denial of the right to self-representation and the denial of the right to counsel, the denial of the right to be represented by one's selected attorney infects the entire trial process from beginning to end.") (citations omitted); United States v. Mendoza-Salgado, 964 F.2d 993, 1014-15 (10th Cir. 1992) ("lawyers are not fungible, and often the most important decision a defendant makes in shaping his defense is his selection of an attorney.") (citations omitted); see also United States v. Voigt, 89 F.3d 1050, 1074 (3d Cir. 1996); United States v. Childress, 58 F.3d 693, 736 (D.C. Cir. 1995); United States v. Panzardi Alvarez, 816 F.2d 813, 818 (1st Cir. 1987); Wilson v. Mintzes, 761 F.2d 275, 285 (6th Cir. 1985).

Here, the Court's denial of Urciuoli's Motion to Continue Trial would, in essence, amount to a denial of Urciuoli's right to be represented by his counsel of choice. It is respectfully submitted that there is no justifiable reason for denying Urciuoli's motion to continue the trial in order to protect his constitutional right to counsel of choice. While a court

may limit representation to those attorneys who are eligible to practice in the jurisdiction and may reject conflicted counsel in order to promote the fairness of a trial, the ethical standards of the legal profession, and the appearance of propriety, none of these issues or concerns is implicated here.

Urciuoli's fundamental, Sixth Amendment right to be represented by defense counsel of his choice cuts to the very heart of his right to a fair trial and to present a defense, the denial of which would constitute reversible, structural error. Gonzalez-Lopez, 399 F.3d at 933 ("We join the majority of circuit courts and hold the denial of a criminal defendant's Sixth Amendment right to be represented by the attorney he selected results in automatic reversal of the conviction"); see also Flanagan v. United States, 465 U.S. 259, 268 (1984) (suggesting that the denial of the right to counsel of choice may result in automatic reversal by comparing the right to rights which, if violated, result in automatic reversal). While this is true regardless of whether Urciuoli can demonstrate prejudice to his defense, see Panzardi Alvarez, 816 F.2d at 818, at this stage in the proceedings, Urciuoli would suffer extreme prejudice if he were forced to proceed to trial without the benefit of Mr. Egbert's representation. Urciuoli has already conducted an exhaustive search and determined that Mr. Egbert is critical to his defense and there are no adequate alternative choices.

**CONCLUSION**

For all of the foregoing reasons, Defendant Robert A. Urciuoli respectfully requests that the Court continue the trial in this matter, which is presently scheduled for September 20, 2006, to a date following the Station fire trial.

Respectfully submitted,

ROBERT A. URCIUOLI

By his Attorneys,

Kristie M. Passalacqua

Kristie M. Passalacqua, Bar No. 6945
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Michael J. Connolly (MA BBO # 638811)
*Pro Hac Vice Counsel*
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020 (fax)
mconnolly@haslaw.com

Richard M. Egbert (MA BBO #151800)
*Pro Hac Vice Counsel*
Richard Egbert Law Offices
99 Summer Street
Suite 1800
Boston, Massachusetts 02110
(617) 737-8222
(617) 737-8223 (fax)
regbert@egbertlaw.com

Dated: June 26, 2006.

**CERTIFICATION**

I hereby certify that I mailed a true and accurate copy of the within Memorandum of Law in Support of Defendant Robert A. Urciuoli's Motion To Continue Trial to counsel of record, as stated below, on June 26, 2006:

Kristie M. Passalacqua

Robert Clark Corrente
United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Gerard B. Sullivan
Criminal Chief
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Luis M. Matos
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Dulce Donovan
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

William P. Devereaux
Holland & Knight LLP
One Financial Plaza, Suite 1800
Providence, RI 02903

Thomas C. Frongillo, Esq.
Weil Gotshal & Manges
100 Federal Street, Floor 34
Boston, MA 02110

Thomas G. Briody, Esq.
Law Office of Thomas G. Briody
72 Pine Street, First Floor
Providence, RI 02903

John A. Pappalardo, Esq.
James P. Redding, Esq.
Greenburg Traurig LLP
One International Place
Boston, MA 02110

Kevin J. Bristow, Esq.,
1309 Turks Head Building
Providence, RI 02903