UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02-1T |
| | : | |
| ROBERT A. URCIUOLI, | : | |
| FRANCES P. DRISCOLL, and | : | |
| PETER SANGERMANO, JR., | : | |

**UNITED STATES' OBJECTION TO DEFENDANT URCIUOLI'S MOTION TO CONTINUE TRIAL**

On June 26, 2006, Defendant Robert Urciuoli filed a Motion to Continue Trial. For the reasons stated in the accompanying memorandum of law filed simultaneously herewith, the United States objects to the motion.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Dated: July 11, 2006

Dulce Donovan
LUIS M. MATOS
DULCE DONOVAN
Assistant U.S. Attorneys

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CR 06-02T** |
| | : | |
| **ROBERT A. URCIUOLI,** | : | |
| **FRANCES P. DRISCOLL, and** | : | |
| **PETER SANGERMANO, JR.,** | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of July, 2006, I caused to be sent by first class regular mail a true copy of the within United States' Objection to Defendant Urciuoli's Motion to Continue Trial to:

Richard M. Egbert, Esq.
99 Summer Street
Suite 1800
Boston, MA 02110

Kevin J. Bristow, Esq.
501 Turks Head Building
Providence, RI 02903

John A. Pappolardo, Esq.
James P. Redding, Esq.
Greenburg Traurig LLP
One International Place
Boston, MA 02110

Michael J. Connolly
Hinckley Allen Snyder LLP
28 State Street
Boston, MA 02109

[signature]
____________________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02-1T |
| | : | |
| ROBERT A. URCIUOLI, | : | |
| FRANCES P. DRISCOLL, and | : | |
| PETER SANGERMANO, JR., | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT URCIUOLI'S MOTION TO CONTINUE TRIAL**

## I. Introduction

On June 26, 2006, Defendant Robert Urciuoli filed a Motion to Continue Trial. Trial in this matter is presently scheduled for September 20, 2006. Urciuoli contends that if the Court refuses to grant his request for an open-ended continuance until the conclusion of the trial in State of Rhode Island v. Michael Derderian, K1-2003-0655A, his right to counsel of his choice will be denied. Urciuoli's motion is without merit and should be denied.

## II. Factual and Procedural Background

On January 5, 2006, a federal grand jury returned an indictment charging Defendants Robert A. Urciuoli, Frances P. Driscoll, and Peter J. Sangermano with conspiracy to commit honest services mail fraud. The Indictment also charges Defendant Driscoll with one count of honest services mail fraud and Defendants Urciuoli, Sangermano and RWMC with thirty-six counts of honest services mail fraud .

On January 9, 2006, Michael J. Connolly filed a Motion to Appear Pro Hoc Vice on behalf of Defendant Urciuoli. Ex. 1, District Court Docket Sheet, Entry # 14. On January 11, 2006, the Court granted the motion. Id. Entry # 15. On January 12, 2006, attorney Robert G.

Flanders also entered his appearance on behalf of Urciuoli.[1] Id. #16. On February 13, 2006, attorney Kristie L. Passalacqua entered her appearance on Urciuoli's behalf. Ex. 1, Docket Entry # 39.

Trial in this matter was originally set for February 24, 2006. Ex. 2. On February 13, 2006, Defendants filed a motion to continue the discovery and other pretrial deadlines in the case until April 2006 and for the Court to set a trial date "within a reasonable time thereafter." Ex. 3 at 3. The United States did not oppose the motion. Id. ¶ 8.

On March 21, 2006, attorney Richard Egbert filed a Motion to Appear Pro Hoc Vice on Defendant Urciuoli's behalf. Ex. 1, Docket Entry # 46. The Court granted the motion that same day. Id. Docket Entry # 47. Also that day, the Court conducted an in chambers conference with all counsel present. At that time, the Court discussed with counsel its intention to commence trial in this case at the end of May. Several counsel present at the conference, including Urciuoli's, informed the Court of their desire to continue trial in the case. Attorney Egbert informed the Court that he was scheduled to go to trial in the Station Fire Case on July 31st and that Judge Darigan expected the case to last between 8-10 weeks. After the conference, the Court issued an order setting motions deadlines in the case, with all motions to be filed on or before May 8, 2006. Id. Docket Entry # 49.

On April 18, 2006, the Court conducted a telephone conference call with all counsel. At the conclusion of the conference, after discussion concerning outstanding discovery and other issues, the Court addressed the issue of the trial date. The Court stated:

> Now, I promised last time I would look into the possibility of

---

[1]Attorneys Connolly and Flanders also represented Urciuoli pre-indictment.

> maybe starting this case in the fall. I know everybody seemed to agree with that. The only problem was, Richard, you have that commitment in the Superior Court . . . . The thing that bothered me the last time is I would only be willing to put this case over to the fall if we're sure or whether you're sure. **I don't want to hear any problems later on in the fall, I don't want to hear people telling me, well, I have another commitment here or a problem there. There aren't many places I have on my calender that I can fit a six-week trial.**
>
> > Now, I've identified one option in the fall and that is we could start the impanelment on September 20, 2006 . . . . I'm willing to do that if everyone is still agreeing to it. **The only thing, as I said, I know you have a possible problem Richard, I'm not sure how real the problem is, I can't have Mike telling me he wants the trial in the fall and you're telling me you want it in the spring.** You guys are going to have to get together and decide which it is. **If you agree, if everyone agrees that we will go along with the September 20 impanelment date, I'm much more receptive to the idea, to doing that than I was the last time. If not, I think we ought to stick with the present schedule.**

Ex. 4, at 41-42 (emphasis added). In response to the Court's agreement to continue the trial on the condition that the trial commence on September 20th, the following exchange occurred between attorney Egbert and the Court:

> Mr. Egbert: I suppose, what does that mean if I'm – obviously no other case would get in the way of it, what if the Station Fire Case wasn't over?
>
> The Court: I think that's your problem. That's exactly the point.
>
> Mr. Egbert: I think to answer that question Mike and I should confer with Mr. Urciuoli obviously sooner rather than later.
>
> The Court: Sooner is right, the next couple of days.
>
> Mr. Egbert: Is there no way to get into October as a starting date?
>
> The Court: No. I think the very best, one thing I'm building into this, I'm going to lengthen the trial day a little bit to try to shorten this, because I could run into a problem at the end of October. I don't think that I will, but just to be on the safe side, I'm planning on lengthening the trial day a little bit.

Id. at 42-43. Both Defendant Driscoll's and Sangermano's counsel agreed to the continuance.

Id. at 42. The Court instructed attorney Egbert to contact the Court's calender clerk, Ryan Jackson, id. at 43, with their decision, and ended the conference with the admonition "I don't want to put it over to the fall unless everybody understand what my position is on the dates," id. at 44.

Subsequently, on information and belief, counsel for Urciuoli contacted the Court and informed the Court that Urciuoli had chosen to go to trial in September. On April 25, 2006, the Court issued an Order stating "[b]y agreement of all parties, it is hereby ordered that the above-captioned matter will be scheduled for impanelment on **Wednesday September 20th, 2006** at **9:00 AM**. Trial of the matter will commence immediately following the completion of jury impanelment." Ex. 5.

On or about June 6, 2006, Superior Court Judge Darigan continued the trial of Michael Derderian from July 31, 2006, until September 5, 2006. Ex. 6. Three weeks later, on June 26, 2006, Urciuoli filed his current motion to continue the trial in this case "until a date after the conclusion of the trial in *State of Rhode Island v. Michael Derderian*, K1-2003-0655A." Mot. to Continue at 1. Neither Defendant Driscoll nor Defendant Sangermano opposes the motion.

## III. Argument

### A. The Court Possesses Wide Latitude in Deciding Whether to Grant or Deny a Continuance of the Trial Date

As the Court is aware, it possesses broad discretion to grant or deny Urciuoli's request for a continuance of the trial date. See United States v. Brand, 80 F.3d 560, 564 (1st Cir.1996). The court's decision will stand on appeal unless it is a "manifest abuse of discretion." United States v. Devin, 918 F.2d 280, 291 (1st Cir.1990) (denying mid-trial continuance). The Court's

discretion is limited by the defendant's constitutional rights to effective assistance of counsel and to the testimony of defense witnesses. United States v. Soldevila-Lopez, 17 F.3d 480, 487 (1st Cir.1994).

Urciuoli argues that a denial of his request for an open-ended continuance would deny him his "right to be represented by counsel of [his] choice." Urciuoli Aff. ¶ 19. Given that the Court moved the trial **at Urciuoli's request**, knowing attorney Egbert was unlikely to be available at the commencement of the September 20th trial, and after he was fully informed that the Court was moving the trial only so long as the parties understood that the trial date would not change again, Urciuoli's contention that his constitutional rights are implicated by his current motion is baseless.

**B. Denial of Urciuoli's Motion to Continue Will Not Deprive Him of His Choice of Counsel**

Urciuoli contends that his right to the counsel of his choice will be violated if the Court does not continue this trial indefinitely until attorney Egbert completes the Station Fire Case. He is incorrect.

It is true that a criminal defendant's right to an attorney involves, at least for non-indigent defendants, " 'a fair opportunity to secure counsel of his own choice.' " United States v. Panzardi Alvarez, 816 F.2d 813, 815-16 (1st Cir. 1987) (quoting Powell v. Alabama, 287 U.S. 45, 53 (1932)). However, "a criminal defendant's exercise of this right cannot unduly hinder the fair, efficient and orderly administration of justice." Panzardi Alvarez, 816 F.2d at 816. In this case, no reasonable argument can be made that denial of Urciuoli's present motion would deny him his choice of counsel.

There are currently **four** attorneys of record for Defendant Urciuoli: Michael Connolly, Robert Flanders, Kristie Passalacqua, and Richard Egbert. Indeed, the attorney who first sought to enter his appearance on Urciuoli's behalf, Michael Connolly, remains in the case, his name has appeared on all the pleadings filed, and he is one of two attorneys planning to try the case on behalf of Defendant Urciuoli. During the conference call in which the Court agreed to move the trial, attorney Egbert represented to the Court that he and Mr. Connolly planned on trying the case together. Ex. 4 at 43 ("The Court: . . . One thing I need to ask, who is going to be trying the case, is it Mike or are you sharing the duties? Mr. Egbert: We plan on trying the case together."). Denying Urciuoli's current motion will leave him in the position of having the case tried by one of his first choice of counsel, Mr. Connolly, a situation which hardly amounts to a denial of his right to counsel of his choice.

Moreover, the Court continued the trial date in this case based on Urciuoli's request and with him knowing that attorney Egbert's trial commitments were likely to conflict. On March 21, 2006, when attorney Egbert sought to enter his appearance in the case pro hoc vice, Judge Darigan had set the Station Fire case trial date for July 31, 2006. Had this case gone to trial in May as originally planned, no conflict would have been presented. However, Urciuoli asked that the trial be continued and agreed to the September 20th date. At that time, the estimated length of trial for the Station Fire case was 8-10 weeks. Commencing an eight week trial on July 31st would make attorney Egbert unavailable until at least September 22nd. Thus, Urciuoli agreed to move the trial in this case knowing that attorney Egbert was unlikely to be available for the commencement of this case, possibly the first two weeks of trial. Urciuoli also knew that the Court conditioned the continuance from May to September on the parties' understanding that no

further continuance of the trial date would be granted. Indeed, the Court made clear that it already had a matter scheduled for the end of October. Urciuoli's current request to move the trial indefinitely until attorney Egbert is available is unjustifiable in light of his prior consent to move the trial.

In his supplemental letter to the Court, Urciuoli makes much of the Supreme Court's recent ruling in United States v. Gonzalez-Lopez, – S.Ct. –, 2006 WL 1725573 (June 26, 2006). Gonzalez-Lopez, however, does nothing to help Urciuoli's cause. In Gonzalez-Lopez, the only issue before the Court was whether an erroneous deprivation of a defendant's choice of counsel entitled the defendant to a reversal of his conviction or if the defendant also needed to show that the deprivation prejudiced him in some way. In that case, the United States conceded that the district court erred when it denied the defendant his choice of counsel. Id. The Supreme Court held that a district court's erroneous deprivation of a defendant's choice of counsel was not subject to harmless-error analysis but rather was subject to automatic reversal on appeal. Id.

The Gonzalez-Lopez Court specifically noted that "[t]his is not a case about a court's power . . . to make scheduling and other decisions that effectively exclude a defendant's first choice of counsel." Id. Indeed, the Court acknowledged that "[w]e have recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calender." Id. Thus, Gonzalez-Lopez has little bearing on the instant case where denying Urciuoli's motion for a continuance will leave him in the able hands of his first choice of counsel, where he requested a continuance knowing of the potential scheduling conflict, agreed to the September 20th trial date knowing attorney Egbert was unlikely to be available for the commencement of the case, and was given notice that the Court would not grant

any more continuances.

Instead, Urciuoli's case is more akin to the cases in which courts have denied defendants' requests for a continuance even when to do so would deprive those defendants of having their first choice of counsel try the case. For example, in United States v. Wallace, 1994 WL 276769, 27 F.3d 564 (4th Cir. June 23, 1994) (unpublished), the defendant was represented by lead counsel Mr. Floyd and co-counsel Mr. Ingram. The court granted Wallace's initial request for a continuance based on the scheduling conflicts of both his counsel. Id. at * 1. Wallace subsequently filed a second motion for a continuance because of a trial conflict of his counsel. The court reluctantly moved the trial to the date requested by Wallace and informed Wallace that it would not move the case again. Id. at * 2. When the date for trial approached, Wallace sought another continuance based on attorney Floyd's unavailability. The court denied the motion and the trial took place with Ingram representing Wallace.

On appeal, the circuit concluded that the district court's denial of the motion to continue did not did not impinge on Wallace's right to counsel of his choice. The court found that Ingram was qualified to represent Wallace based on his signing all of the pleadings on Wallace's behalf, and having argued various motions before the court. In addition, Wallace was given ample notice of his trial date and, thus had ample time to prepare a defense. "Clearly, Wallace had no constitutionally protected right to have his case continued solely on the basis of his objection that Ingram, one of his two counsel of record, was not presently 'counsel of his choice.' " The district court did not abuse its discretion in denying Wallace's motion to continue. Id. at * 4.

Similarly, in United States v. Cicale, 691 F.2d 95 (2d Cir. 1982), the district court had continued the trial twice, once based on Cicale's counsel's trial schedule in another court. After

the second continuance, the district court informed the parties that the new trial date was a "firm date." 691 F.2d at 106.

As the trial date approached, Cicale's counsel's trial in another court was taking longer than expected and he requested another continuance. The court denied the motion based on the demands of its own calender, as well as the conflict moving the trial would present for other counsel of record. Cicale secured new counsel who, with three and one-half days of preparation, and after receiving all of Cicale's original counsel's defense strategies, tried the case. The court of appeals held that there was no abuse of discretion in adhering to the trial schedule and noted that "where the inability of retained counsel to serve gives promise of unreasonable delay or inconvenience in completing the trial, the court may require the defendant to secure other counsel." Id. 106 (quoting United States v. Bentvena, 319 F.2d 916, 936 (2d Cir. 1963)).

In the present case, going to trial in September will mean that Urciuoli goes to trial represented by his first choice of counsel, Michael Connolly, who has been a key participant in all the motion practice before the Court, has ably represented Urciuoli's interests in several conferences with the Court and who presumably has developed all the defense strategies alongside of attorney Egbert. See United States v. Mendoza-Salgado, 964 F.2d 993, 1015 (10th Cir. 1992) (in deciding whether to continue case to allow defendant's preferred counsel to handle case courts may consider "whether defendant has other competent counsel to try the case."). Moreover, September 20th is the trial date which Urciuoli agreed to, knowing that attorney Egbert might be unavailable for the first two weeks of trial – one third of the United States' outside estimate of the length of its case. Accordingly, denial of Urciuoli's motion based on the demands of the Court's calender can in no way be construed as a denial of his choice of counsel

and is well within the Court's discretion.

## IV. Conclusion

Based upon the foregoing, the United States respectfully requests that the Court deny Defendant Urciuoli's Motion to Continue Trial.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

July 11, 2006

DULCE DONOVAN
LUIS M. MATOS
Assistant U.S. Attorneys

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CR 06-02T** |
| | : | |
| **ROBERT A. URCIUOLI,** | : | |
| **FRANCES P. DRISCOLL, and** | : | |
| **PETER SANGERMANO, JR.,** | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of July, 2006, I caused to be sent by first class regular mail a true copy of the within United States' Memorandum in Support of Its Objection to Defendant Urciuoli's Motion to Continue Trial to:

Richard M. Egbert, Esq.
99 Summer Street
Suite 1800
Boston, MA 02110

Kevin J. Bristow, Esq.
501 Turks Head Building
Providence, RI 02903

John A. Pappolardo, Esq.
James P. Redding, Esq.
Greenburg Traurig LLP
One International Place
Boston, MA 02110

Michael J. Connolly
Hinckley Allen Snyder LLP
28 State Street
Boston, MA 02109

[signature]