IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | April 18, 2006 |
| vs. | 4:30 P.M. |
| ROBERT A. URCIOLI, et al. | C.R. 06-02T |
| | Providence, RI |

BEFORE THE HONORABLE ERNEST C. TORRES

CHIEF DISTRICT JUDGE

**(TELEPHONE STATUS CONFERENCE)**

APPEARANCES (VIA TELEPHONE):

FOR THE GOVERNMENT:
Dulce Donovan, AUSA
-and-
Luis M. Matos, AUSA
U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903

FOR THE DEFENDANT: (Robert Urcioli)
Hinckley, Allen & Snyder, LLP
By: Michael J. Connolly, Esquire
28 State Street - 2nd Floor
Boston, MA 02109

-and-

Richard M. Egbert, Esquire
99 Summer Street - Suite 1800
Boston, MA 02110

APPEARANCES CONTINUED:

FOR THE DEFENDANT:
(Peter J. Sangermano, Jr.)

Greenberg Traurig, LLP
By: James P. Redding, Esquire
One International Place
Boston, MA 02110

FOR THE DEFENDANT:
(Frances P. Driscoll)

Kevin J. Bristow, Esquire
505 Turks head Building
Providence, RI 02903

Court Reporter: Angela M. Reynolds, RPR-FCRR
One Exchange Terrace
Providence, RI 02903

Proceeding reported and produced by computer-aided stenography

**APRIL 18, 2006 - (TELEPHONE CONFERENCE)**

THE CLERK: The Judge is here. Going to put you on speaker phone. And we have a court reporter present.

THE COURT: I think we were going to pick up here with an update on discovery issues. I have a list here.

First of all, the CD problems that were referred to during our last meeting, as I understood it, the Government had produced some CDs that contained some data, I'm not clear what data, but there were technical problems that prevented defendants' counsel from accessing certain of the files on the CDs.

Lou, you had indicated that, as we spoke the last time, you had already dropped in the mail some CDs that I thought had addressed that problem. Where are we on that issue?

MR. MATOS: Yes, your Honor, Lou Matos. And we have produced those CDs. We actually got a letter yesterday from Jim Redding where he identified that there were 60 or so documents on those CDs, of approximately 6,000, that they were having trouble reading, and we have responded to Mr. Redding by basically saying that we can maybe paper copy those and that will solve the problem, or make them available to

getting access to this information, and the second is, and really -- well, the second is the privilege log, which I think the threshold question there is whether the privilege has been waived. As I understood it, the Government's contention is that by leaving information or e-mails on the computers at Roger Williams, the defendants waived any privilege. Now, if that argument is valid, then that will obviously short-circuit any arguments about privilege logs. If it isn't, then we are going to have to get into the privilege logs and what of this information may be privileged, but each journey begins with a single step, and you're saying that in a couple of days you might be able to resolve the first problem?

MS. DONOVAN: I don't know, your Honor. No fault of Mike's, but I didn't learn about this issue until about a half-hour before the conference call. I didn't get to explore it in depth, what the capabilities are. I think my position is going to be that we have met our obligation in production, especially given the fact that they told me that this is the protocol, but more than willing to pursue that further with them.

THE COURT: One thing that is pretty obvious, even in our last meeting, and that is there is lot of

I can't have Mike telling me he wants the trial in the fall and you're telling me you want it in the spring. You guys are going to have to get together and decide which it is. If you agree, if everyone agrees that we will go along with the September 20 impanelment date, I'm much more receptive to the idea, to doing that than I was the last time. If not, I think we ought to stick with the present schedule.

MR. EGBERT: I suppose, what does that mean if I'm -- obviously no other case would get in the way of it, what if the Station Fire Case wasn't over?

THE COURT: I think that's your problem. That's exactly the point.

MR. EGBERT: I think to answer that question Mike and I should confer with Mr. Urcioli obviously sooner rather than later.

THE COURT: Sooner is right, the next couple of days.

MR. EGBERT: Is there no way to get into October as a starting date?

THE COURT: No. I think the very best, one thing I'm building into this, I'm going to lengthen the trial day a little bit to try to shorten this, because I could run into a problem at the end of October. I don't think that I will, but just to be on the safe

side, I'm planning on lengthening the trial day a little bit.

One thing I need to ask you, who is going to be trying this case, is it Mike or are you sharing the duties?

MR. EGBERT: We plan on trying it together.

THE COURT: Well, that's something that the two of you will have to wrestle with.

And I would like to know that within the next couple of days so that we can button this up.

Does anybody else have anything to say on this question? The last time all the defendants expressed or preferred starting in the fall. In fact, some of you desperately were pleading for the fall. The Government seemed to be indifferent one way or the other.

MR. BRISTOW: Yes. I'm still on my knees over here, yes, that's fine.

MR. REDDING: These are the dates we prefer, September 20.

THE COURT: Richard and Mike need to get together.

MR. EGBERT: How do you want us to do that, just call Ryan?

THE COURT: Just call Ryan. That would be fine.

So I think we could probably leave it that way, that I'm amenable to whatever counsel want to do, I guess, would be okay with me. I don't want to put it over to the fall unless everybody understands what my position is on the dates.

Anything else we need to talk about now?

MR. EGBERT: All set.

THE COURT: We'll be talking to you soon, and if you have any motions to file, we might as well get started on those. In fact, I guess if we are going to try the case in the fall, that takes the heat off, but otherwise get those motions filed.

(TELEPHONE CONFERENCE CONCLUDED)