UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES,<br><br>*Plaintiff,*<br><br>vs.<br><br>ROBERT A. URCIUOLI, FRANCES P. DRISCOLL, PETER J. SANGERMANO, JR., and ROGER WILLIAMS MEDICAL CENTER,<br><br>*Defendants.* | C.R. No.: 06-02-01-T |

**MOTION TO QUASH/PROTECTIVE ORDER of ROGER WILLIAMS MEDICAL CENTER AND ALL OF ITS AFFILIATES INCLUDING ROGER WILLIAMS HOSPITAL, ITS EMPLOYEES, AGENTS AND OFFICIALS**

**NOW COMES** Roger Williams Medical Center, including Roger Williams Hospital, its employees, agents and officials, including Attorney William ("Bill") Devereaux, Pannone Lopes & Devereaux LLC, Ed Arditte, Holland & Knight, and Jack Walsh, (hereinafter collectively, the "Hospital") and hereby moves to quash or in the alternative for a Protective Order from the Subpoenas and Subpoenas Duces Tecum that were served on August 18, 2006, with a return date of August 23, 2006, at 1:30 P.M., by defendant, Robert Urciuoli in the above captioned matter. In support thereof, the Hospital relies upon the Memorandum of Law, attached and incorporated herein.

Roger Williams Medical Center, including Roger Williams Hospital, its employees, agents and officials, including Attorney William ("Bill") Devereaux, Pannone Lopes & Devereaux LLC, Ed Arditte, Holland & Knight, and Jack Walsh,

By its Attorney,

*/s/ Marc DeSisto*

Marc DeSisto, Esquire (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Tel: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within document has been filed electronically and is available for viewing and downloading from the ECF system. I hereby further certify that a true copy of the within document was mailed, postage prepaid, on this 22nd day of August, 2006 to those parties not otherwise registered for the ECF system:

*/s/ Marc DeSisto*

Robert Clark Corrente
US Attorney
US Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903

Gerard B. Sullivan
Criminal Chief
US Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903

Luis M. Matos
Assistant U.S. Attorney
US Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903

Dulce Donovan
Assistant US Attorney
US Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903

Kristie M. Passalacquo, Esq.
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903

Michael J. Connolly
*Pro Hac Vice Counsel*
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109

Richard M. Egbert
*Pro Hac Vice Counsel*
Richard Egbert Law Offices
99 Summer Street
Suite 1800
Boston, MA 02110

Kevin J. Bristow, Esq.
1309 Turks Head Building
Providence, RI 02903

John A. Pappalardo, Esq.
James P. Redding, Esq.
Greenburg Traurig LLP
One International Place
Boston, MA 02110

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES,

*Plaintiff,*

vs.

C.R. No.: 06-02-01-T

ROBERT A. URCIUOLI, FRANCES P. DRISCOLL, PETER J. SANGERMANO, JR., and ROGER WILLIAMS MEDICAL CENTER,

*Defendants.*

**MEMORANDUM of ROGER WILLIAMS MEDICAL CENTER AND ALL OF ITS AFFILIATES INCLUDING ROGER WILLIAMS HOSPITAL, ITS EMPLOYEES, AGENTS AND OFFICIALS, IN SUPPORT OF THEIR MOTION TO QUASH/PROTECTIVE ORDER**

## I. INTRODUCTION

Roger Williams Medical Center, including Roger Williams Hospital, its employees, agents and officials, including Attorney William ("Bill") Devereaux, Pannone Lopes & Devereaux LLC, Ed Arditte, Holland & Knight, and Jack Walsh, (hereinafter collectively, the "Hospital") seeks to quash a number of subpoenas and subpoenas duces tecum that were served on August 18, 2006, by defendant, Robert Urciuoli in the above captioned matter. Alternatively, the hospital seeks protective orders in this regard. The subpoenas have a return date of August 23, 2006, at 1:30 P.M., which is the date and time that the defendant, Urciuoli's motion to dismiss is to be heard.[1]

[1] The Hospital is aware that other entities and individuals have been likewise served with subpoenas. Some or all may join in the Hospital's Motion to Quash. Notwithstanding whether or not they so join, insofar as the Hospital, as the Corporation, holds the right to any privileges (more fully developed in this Memorandum), it hereby asserts them. *Commodity Futures Trading Com. v. Weintraub, 471 U.S. 343, 348 (1985).*

## II. CONCISE TRAVEL AND PERTINENT FACTS

On July 31, 2006, the issuing defendant, Robert Urciuoli, filed a Motion to Dismiss the indictment issued against him. In his Motion, Urciuoli seeks dismissal of the indictment based on the alleged violation of his constitutional rights by the U.S. government. Defendant Urciuoli alternatively seeks an order from this Court opening a Civil Case against the Hospital and thereafter directing the Hospital to reimburse and begin paying defendant Urciuoli's attorney's fees. In his memorandum, defendant Urciuoli asked this Court for an evidentiary hearing on the Motion to Dismiss.

It is in connection with this requested evidentiary hearing that defendant Urciuoli has also issued the subpoenas to the Hospital and its employees and agents citing a need for the compulsory process attended to the subpoena power to determine the facts necessary for his motion.

In addition to subpoenas for Roger Williams Medical Center and Roger Williams Hospital, the defendant has subpoenaed three individuals all related in some fashion to the hospital along with the two (2) law firms that represented the Hospital during the criminal prosecution.

Each subpoena directs the recipient to bring documents set forth in twelve separate categories. A representative subpoena is attached as Exhibit A. The document request for the categories of documents is an all-inclusive search for "documents, records, including meeting minutes, meeting notes, handwritten notes, memoranda, and correspondence, including email, between or among Roger Williams Medical Center ("RWMC"), Roger Williams Hospital (the "Hospital"), counsel to RWMC and or the Hospital …" *Exhibit A.* In light of the broad request, it is anticipated that the number of documents which may comply with these requests

easily numbers in the thousands. In addition, because defendant Urciuoli has specifically requested notes, memoranda, etc. from the Hospital's counsel, there are likely to be a number of documents responsive to this request that are protected by the attorney/client and/or attorney work product privileges.

The hospital thus hereby moves to quash both the subpoenas compelling testimony and the subpoenas compelling the production of documents on August 23, 2006. The Hospital alternatively requests that this Court modify the subpoenas giving the hospital and its staff and the subpoenaed individuals additional time to comply with the production requests and to make meaningful decisions, including determination of whether documents are protected, regarding privileged documents.

## III. APPLICABLE LAW

Although not specified, the subpoenas seem to be served pursuant to R.C.P. 17(c). Rule 17(c) states as follows:

> "(1) *In general.* A subpoena may order the witness to produce any books, papers, documents, data or other objects the subpoena designates. The Court may direct a witness to produce the designated item to a Court before trial or before they are to be offered in evidence. When the items arrive, the Court may permit the parties and their attorneys to inspect all or part of them.
>
> (2) *Quashing or modifying the subpoena.* On motion made promptly, the Court may quash or modify the subpoena if compliance would be unreasonable or oppressive".

A subpoena duces tecum served in this regard is not a discovery device. *United States vs. Nickson, 418 U.S. 683, 699 (1974)*. The essential purpose of the rule is to allow a defendant compulsory process to obtain evidence in his or her favor in accord with his or hers Sixth Amendment guarantee. *California vs. Trombetta, 467 U.S. 479, 485-486 and n.6 (1984)*. The use of Rule 17(c) subpoenas to support pretrial motions ordinarily cannot be

issued ex-parte but, instead, must be approved by the Court. *United States vs. Fox, 275 F. Supp. 2d 1006 (D.C. Meb. 2003); See Also, United States vs. Peterson, 196 F.R.D. 361 (D.S.D. 2000)*. Although Rule 17 clearly contemplates authority to issue subpoena duces tecum to non-party witnesses and for the production of documents, pretrial production ordinarily is pursuant to the Court's oversight. *United States vs. Heart, 826 F. Supp. 380 (D.C. Colo 1993); United States vs. Najarian, 164 F.R.D. 484 (D.C. Minn. 1995).*

Courts may quash a subpoena duces tecum if compliance with such would be unreasonable. *Magolis vs. United States, 402 F.2d 450 (7th Cir. 1968)*. In addition, the Court may quash a subpoena duces tecum if compliance would be oppressive. *United States vs. Roberts, 852 F.2d 671 (2nd Cir. 1988); United States vs. Camp, 285 F. Supp. 400 (N.D. Ga. 1967)*. In determining whether a Rule 17(c) subpoena is unreasonable or oppressive, a Court may look to any privilege that may be invaded as a result of compliance. *In re: witness attorney before grand jury number 83-1, 613 F. Supp. 394 (S.D. Fla. 1984)*.

In the instant case, the Hospital submits that the subpoena and subpoena duces tecum should be quashed because the requests are both unreasonable and oppressive. In addition to the fact that defendant Urciuoli seeks to have the Hospital prepare and produce thousands of documents before this Court even grants defendant Urciuoli an evidentiary hearing, defendant Urciuoli has given the Hospital only three (3) business days to not only gather the requested documents but to review the same as well as review potential testimony with the subpoenaed witnesses to determine whether the requests or potential testimony will infringe upon any privileged or protected information. The Hospital respectfully submits that under these circumstances, it is unreasonable and oppressive to require compliance. Thus, the Hospital respectfully requests that this Court quash the subpoenas or, in the alternative, modify the

return date of the same to give the Hospital time to adequately respond and formulate appropriate objections, if needed, to the protected documents and/or testimony.

## VI. ARGUMENT

The Hospital first notes that there are several procedural deficiencies to support quashing the subpoenas. In the first instance, the subpoenas and subpoenas duces tecum were issued in anticipation of this Court granting Defendant Urciuoli's pending Motion for an evidentiary hearing in support of his Motion to Dismiss. However, at the time of issuance of the subpoena, defendant had not (and still has not) been granted the evidentiary hearing to which the subpoenas are directed. The Court has not addressed the defendants' request for an evidentiary hearing. Obviously, if the Court denies the request then the need for witnesses to attend as well as the production of the thousands of pages of documents becomes unnecessary. Since the requested documents seem exclusively tailored to the defendants' motion to dismiss, a denial of the request for an evidentiary hearing would similarly make production unnecessary.

Since it was not known by the defendant when the subpoenas were issued whether an evidentiary hearing would be granted, the Hospital contends that the request to bring thousands of pages of documents was unreasonable and, standing alone, is sufficient a ground to quash the subpoenas.

In addition, it is understood that although counsel for the defendant made some effort to determine if the evidentiary hearing would go forward before serving the subpoenas and disclosed the need for witnesses to the Court, the defendant did not specifically seek permission from this Court before serving the duces tecum subpoenas. Quite simply, the

duces tecum portion of each subpoena has not been approved by this Court nor was an effort made to secure the Court's approval or permission for the sending of duces tecum subpoenas.

The importance of the Court's oversight and management in this area should not be understated. Before issuing the duces tecum subpoenas requiring the hospital to gather, review and make informed decisions regarding potentially privileged documents and testimony, the defendant should have sought permission from this Court. In doing so, this Court would have had an opportunity to oversee the issuance, if at all and the scope of any duces tecum subpoenas. Instead, the Court is now faced with the instant motion and the Hospital has been compelled to secure the attendance of witnesses and gather documents in the event that it does not prevail.

Such a pre-application process was followed in *United States vs. Stein,* *435 F.Supp. 2d 330 (SDNY 2006)*, a case relied on by defendant Urciuoli in support of his Motion to Dismiss. In *Stein* the Court made an advance ruling on the defendants' request for an evidentiary hearing and limited discovery for use at the hearing. Conversely, in this matter, the defendant has made the production request through subpoenas simultaneous with his request for an evidentiary hearing. The hospital contends that this procedure is unreasonable and improper.

The Hospital further maintains that the subpoenas are oppressive in that they fail to provide the Hospital with reasonable time to not only comply with the requests but to review, research and make the appropriate objections (if necessary) to potentially privileged information and documents. Counsel for the hospital accepted service of most of the subpoenas on August 17, 2006. As Exhibit A indicates, the production requests are extremely expansive. Excluding the service date, compliance date and the weekend, the hospital has been given three business days to comply with the Subpoenas. In order to comply with the

same, the Hospital must review and gather thousands of documents. The subpoenas are therefore oppressive because there simply is not enough time for compliance. By any standard, three (3) business days to gather and review documents is oppressive.

In addition, and perhaps most importantly, the subpoenas seek information that in all likelihood falls within the attorney/client and/or work product privilege. In order to comply, the Hospital's attorneys must review all the documents to determine which may or may not be protected and to formulate the appropriate objection and argument to the Court. A review of the specific categories of requests confirms this necessity. For instance, the subpoena seeks "meeting notes, handwritten notes, memoranda and correspondence, between or among . . . Roger Williams Hospital ("the Hospital") [and] counsel to RWMC" concerning any consideration of the "Thompson memorandum." *Exhibit A, paragraph 2 of Schedule A to Subpoena.* In addition, documents relating to conversations between the government prosecutors and counsel for the hospital are requested. *Exhibit A, paragraph 1 of Schedule A to Subpoena*. The defendant also requests documents reflecting any meetings between counsel for the hospital and the United States attorney's office, the state police or the FBI. *Exhibit A., paragraph 3 of Schedule A to Subpoena.* In summary, the requests are tailored to seek the basis of the hospital's decision to enter the Deferred Prosecution Agreement and various aspects of this criminal defense. Responsive documents as well as testimony in this regard would most likely have been prepared by and thus produced by counsel for the hospital.

The Hospital submits that such requests can summarily be quashed by the Court as falling within the attorney client and/or work product privilege. More precisely, the documents and testimony requested clearly fall within confidential communications between

the hospital and its attorney for the purpose of obtaining legal advice as well as reflecting work done by an attorney in anticipation of and during litigation. *Upjohn Co. v. U.S.*, *449 U.S. 383 (1981); United States v. Bollin, 264 F.3d 391, 412 (4th Cir. 2001)*

That having been said, the Hospital recognizes that defendant Urciuoli, as referenced in his Memorandum in Support of the Motion to Dismiss, may claim that the Hospital has waived the privilege in certain circumstances through the Deferred Prosecution Agreement. *Defendant Robert A. Urciuoli's Memorandum in Support of His Motion to Dismiss the Indictment and Other Relief, at 4, n. 2.* However, if the defendant were to raise such waiver claims, this is an added basis to support the quashing of the instant subpoenas. In particular, while review of the documents and potential testimony is a daunting task in and of itself, the potential waiver claim further complicates the analysis of what documents and/or testimony is protected. *In re Keeper of the Records (Grand Jury Subpoena Addressed to XYZ Corporation), 348 F.3d 16 (1st Cir. 2003).* At the very least, this requires careful scrutiny to determine the privilege status of each document as well as review of each witness' scope of information in order to prepare for proper objections. The Hospital submits that it is unreasonable and oppressive to require the Hospital to not only gather the requested documents but to conduct such an extensive review and legal research in three (3) business days.

**VII. CONCLUSION**

For all these reasons, the Hospital submits that it is unreasonable and oppressive on the short three (3) day notice to require it to comply with the Subpoenas. The Hospital thus requests that the subpoenas be quashed. In the alternative, the Hospital requests that the subpoenas be quashed to the extent they seek documents covered by the Attorney/client and/or

work product privilege. In the alternative, the hospital requests that the Subpoenas be modified such to provide the Hospital with reasonable time to make a determination as to what documents and/or testimony may be protected and to formulate an appropriate objection and/or motion to quash the production of the same.

Roger Williams Medical Center, including
Roger Williams Hospital, its employees,
agents and officials, including Attorney
William ("Bill") Devereaux, Pannone Lopes &
Devereaux LLC, Ed Arditte, Holland &
Knight, and Jack Walsh,

By its Attorney,

*<u>/s/ Marc DeSisto</u>*

Marc DeSisto, Esquire (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Tel: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within document has been filed electronically and is available for viewing and downloading from the ECF system. I hereby further certify that a true copy of the within document was mailed, postage prepaid, on this 22nd day of August, 2006 to those parties not otherwise registered for the ECF system:

*/s/ Marc DeSisto*

Robert Clark Corrente
US Attorney
US Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903

Luis M. Matos
Assistant U.S. Attorney
US Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903

Gerard B. Sullivan
Criminal Chief
US Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903

Dulce Donovan
Assistant US Attorney
US Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903

Kristie M. Passalacquo, Esq.
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903

Michael J. Connolly
*Pro Hac Vice Counsel*
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109

Richard M. Egbert
*Pro Hac Vice Counsel*
Richard Egbert Law Offices
99 Summer Street
Suite 1800
Boston, MA 02110

Kevin J. Bristow, Esq.
1309 Turks Head Building
Providence, RI 02903

John A. Pappalardo, Esq.
James P. Redding, Esq.
Greenburg Traurig LLP
One International Place
Boston, MA 02110