# United States District Court

DISTRICT OF

## SUBPOENA IN A CRIMINAL CASE

UNITED STATES V. ROBERT A. URCIUOLI, FRANCES P. DRISCOLL, PETER J. SANGERMANO, JR., and ROGER WILLIAMS MEDICAL CENTER

CASE NUMBER: CR 06-02-01-T

TO: Federal Bureau of Investigation,
10 Dorrance Street, Suite #900, Providence, RI 02903

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| United States District Court, Federal Building and Courthouse<br>One Exchange Terrace<br>Providence, RI 02903 | #3 |
| | DATE AND TIME<br>August 23, 2006, 1:30 PM |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See attached Schedule A

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| (BY) DEPUTY CLERK [signature] | August 18, 2006 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER

Kristie M. Passalacqua, Bar No. 6945, Hinckley, Allen & Snyder LLP, 1500 Fleet Center, Providence, RI 02903, (401) 274-2000, (401) 277-9600

Michael J. Connolly (MA BBO # 638811), Pro Hac Vice Counsel, Hinckley, Allen & Snyder LLP, 28 State Street, Boston, MA 02109, (617) 345-9000, (617) 345-9020

AO 89 (Rev. 7/95) Subpoena in a Criminal Case

# PROOF OF SERVICE

| | | |
|---|---|---|
| RECEIVED BY SERVER | DATE | PLACE |
| SERVED | DATE | PLACE |

| | |
|---|---|
| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS<br>☐ YES ☐ NO AMOUNT $ ________ |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________ ________________________________
*Date* *Signature of Server*

________________________________
*Address of Server*

ADDITIONAL INFORMATION

# Schedule A

Any and all documents and records, including meeting minutes, meeting notes, handwritten notes, memoranda, and correspondence, including email, between or among Roger Williams Medical Center ("RWMC"), Roger Williams Hospital (the "Hospital"), counsel to RWMC and/or the Hospital, the United States Attorney's Office for the District of Rhode Island ("USAO"), the Rhode Island State Police ("State Police") and the Federal Bureau of Investigation ("FBI"), pertaining to the following:

1. The meeting on Wednesday April 27, 2005 among William Devereaux, Esq., Assistant U.S. Attorneys Gerald Sullivan and Luis Matos, FBI Agent Dennis Aiken, and Russell Griffith and Brian Cascilli of the Rhode Island State Police, including notes taken during that meeting and notes taken prior to and following that meeting regarding the topics discussed at that meeting;

2. Consideration of the Memorandum by United States Deputy Attorney General Larry D. Thompson entitled *Principles of Federal Prosecution of Business Organizations*, (the "Thompson Memorandum"), dated January 20, 2003, and/or any of the factors set forth in the Thompson Memorandum in regard to the investigation of RWMC, affiliates of RWMC, and the defendants herein;

3. Any meetings involving any representatives of one or more of the following entities: RWMC, the Hospital, counsel for RWMC and/or the Hospital, the USAO, the State Police, and/or the FBI, during which any of the factors set forth in the Thompson Memorandum were addressed or considered;

4. Robert A. Urciuoli's ("Urciuoli's") employment status with RWMC and/or the Hospital;

5. RWMC's and/or the Hospital's indemnification of, and/or advancement of fees to, Urciuoli during the pre-indictment and/or post-indictment periods;

6. Negotiations or discussions between RWMC and the Government regarding possible plea agreements, deferred prosecution agreements and/or any other form of agreement that would resolve possible and/or actual criminal charges against RWMC and/or the Hospital;

7. The basis for RWMC's and/or the Hospital's decision, prior to the Indictment, not to terminate Urciuoli and to continue to indemnify and/or advance legal fees to Urciuoli and Frances P. Driscoll ("Driscoll");

8. The basis for RWMC's and the Hospital's finding, determination, conclusion or belief that neither Urciuoli nor Driscoll had violated the law;

9. Information obtained by RWMC, the Hospital, counsel for the RWMC and/or the Hospital regarding the grand jury testimony of James McGuirk;

10. The terms under which the USAO allowed counsel for RWMC and/or the Hospital to review discovery, including but not limited to grand jury testimony, after the Indictment of the Defendants and RWMC was filed on January 5, 2006, as well as any other information about that review, including but not limited to the scope the review, who was present during the review, the reason for allowing the review, and any other information regarding the review;

11. The basis for RWMC's and/or the Hospital's decision after it was indicted to terminate Urciuoli and to repudiate its obligation to indemnify and/or advance legal fees to Urciuoli and Driscoll;

12. The Government's desire, intention or attempt to get RWMC and/or the Hospital to terminate Urciuoli and/or sever its payment or advancement of Urciuoli's and/or Driscoll's attorney's fees and/or Urciuoli's and/or Driscoll's rights to indemnification.