IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COPY

| | |
|---|---|
| USA | CRIMINAL ACTION 06-00002T |
| VS. | JULY 19, 2006 |
| ROBERT A. URCIUOLI, ET AL | PROVIDENCE, RI |

HEARD BEFORE THE HONORABLE ERNEST C. TORRES

CHIEF JUDGE

(MOTIONS)

APPEARANCES:

FOR THE GOVERNMENT:
DULCE DONOVAN, ATTY.
and LUIS MATOS, ESQ.
U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000

FOR THE DEFENDANT Robert A. Urciuoli:
MICHAEL J. CONNOLLY, ESQ.
Hinckley, Allen & Snyder, LLP
28 State Street
Boston, MA 02109
(617) 345-9000

RICHARD EGBERT, ESQ.
99 Summer Street
Suite 1800
Boston, MA 02110
(617) 737-8222

FOR THE DEFENDANT Frances P. Driscoll:
KEVIN J. BRISTOW, ESQ.
505 Turks Head Building
Providence, RI 02903
(401) 521-2800

APPEARANCES: (Continued)

| | |
|---|---|
| FOR THE DEFENDANT Peter J. Sangermano, Jr.: | A. JOHN PAPPALARDO, ESQ. and JAMES P. REDDING, ESQ. Greenberg Traurig, LLP One International Place Boston, MA 02110 (617) 310-6000 |
| Court Reporter: | Anne M. Clayton, RPR One Exchange Terrace Providence, RI 02903 |

Proceeding reported and produced by computer-aided stenography

Government, as I said, to disclose evidence that is materially favorable to the defendant that may be in the Government's possession or under the Government's control. I should add here, perhaps as a side note, that although I recognize that the case law on this question is split, it is my view and I tend to follow this, that the disclosure, when it's required, has to be made far enough in advance of trial to allow the defendants to make effective use of it.

I don't consider disclosures of exculpatory material that was known to the Government for some time to be sufficient if they are not disclosed until the eve of trial or, even worse, during the trial. So I just mention that, Mr. Matos, and Ms. Donovan, so that there'll be no misunderstanding later as to what the Court's rule is.

Now, getting back to Brady materials, at least initially, the Court has to rely on the integrity and judgment of the prosecutor in determining whether the obligations imposed under Brady have been satisfied.

So representations by the prosecutor that the prosecutor has reviewed the information available to it or under its control and that it has provided all material that comes within the reach of Brady ordinarily is sufficient. That resolves the question

in most cases. And because of the consequences that flow to the Government and perhaps to the individual prosecutor involved from a failure to hand over Brady material, the Government is certainly well-advised to err on the side of handing over the material if there's any question as to whether it's exculpatory or not.

Generally, once that representation is made, the defendant is not entitled to the production of everything in the Government's file to see if perhaps it might contain something that the defendant may consider possibly exculpatory, nor is the defendant entitled to conduct what amounts to comprehensive discovery into the Government's case by asking detailed questions as to what evidence the Government has or does not have.

The only circumstances under which the Court ordinarily goes beyond the prosecutor's representation is where the defendant can point to some good reason to believe either that the Government has exculpatory evidence that it has not provided, or that the Government has not exercised reasonable diligence in reviewing the material in its possession or obtaining relevant material subject to its control to determine whether that material constitutes Brady material.

Now, in this case, the controversy focuses