**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CR 06-02-1T** |
| | : | |
| **ROBERT A. URCIUOLI,** | : | |
| **FRANCES P. DRISCOLL, and** | : | |
| **PETER SANGERMANO, JR.,** | : | |

**UNITED STATES' OBJECTION TO DEFENDANT**
**URCIUOLI'S MOTION TO STRIKE AND FOR OTHER RELIEF**

______On July 26, 2006, Defendant Robert Urciuoli filed a Motion to Strike and for Other Relief. For the reasons stated in the accompanying memorandum of law filed simultaneously herewith, the United States objects to the motion.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Dated: August 30, 2006

/S/ LUIS M. MATOS
LUIS M. MATOS
Assistant U.S. Attorney
Chief, Criminal Division

/S/ DULCE DONOVAN
DULCE DONOVAN
Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CR 06-02-1T** |
| | : | |
| **ROBERT A. URCIUOLI,** | : | |
| **FRANCES P. DRISCOLL, and** | : | |
| **PETER SANGERMANO, JR.,** | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of August, 2006, I caused the United States Objection to Defendant Urciuoli's Motion to Strike and For Other Relief and Accompanying Memorandum to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Richard M. Egbert, Esq.
99 Summer Street
Suite 1800
Boston, MA 02110

John A. Pappolardo, Esq.
James P. Redding, Esq.
Greenburg Traurig LLP
One International Place
Boston, MA 02110

Michael J. Connolly
Kristie Passalacqua, Esq.
Hinckley Allen Snyder LLP
28 State Street
Boston, MA 02109

Notification by first class mail, postage prepaid:

Kevin J. Bristow, Esq.
501 Turks Head Building
Providence, RI 02903

/S/ DULCE DONOVAN
DULCE DONOVAN
ASSISTANT U.S. ATTORNEY

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CR 06-02-1T** |
| | : | |
| **ROBERT A. URCIUOLI,** | : | |
| **FRANCES P. DRISCOLL, and** | : | |
| **PETER SANGERMANO, JR.** | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT URCIUOLI'S MOTION TO STRIKE AND FOR OTHER RELIEF**

## I. Introduction

On January 5, 2006, a federal grand jury returned an indictment charging Defendants Robert A. Urciuoli, Frances P. Driscoll, and Peter J. Sangermano with conspiracy to commit honest services mail fraud. The Indictment also charges Defendant Driscoll with one count of honest services mail fraud and Defendants Uriciuoli and Sangermano with thirty-six counts of honest services mail fraud. On July 26, 2006, Defendant Urciuoli filed a Motion to Strike and for Other Relief.

The Indictment alleges, among other things, that Defendants conspired to defraud "the State of Rhode Island and its citizens of their intangible right of the honest services of John Celona and to have those services performed free from deceit, favoritism, bias, conflict of interest and self-enrichment . . . ." Indict. ¶ 14. See also ¶¶ 96, 106. Defendant moves to strike the words "favoritism" and "bias" from the Indictment and to preclude the United States from arguing or presenting evidence at trial that the Citizens of the State of Rhode Island are entitled

to have John Celona perform his duties as a State Legislator free from favoritism and bias. Urciuoli contends that the public is not entitled to have its elected public officials perform their duties free from favoritism and bias and, thus, language in the Indictment suggesting otherwise is irrelevant to the crimes charged.

The Indictment charges Defendants with depriving the citizens of Rhode Island of their intangible, non-property right to the honest services of John Celona. Public officials act as "trustees" for the citizens and the State and owe the "normal fiduciary duties of a trustee, e.g. honesty and loyalty" to them. Sawyer v. United States, 239 F.3d 31, 39 (1st Cir. 2001) ("Sawyer II") (quoting United States v. Silvano, 812 F.2d 754, 759 (1st Cir. 1987)). These fiduciary duties of honesty and loyalty include the public's right to have elected officials perform their duties impartially. See e.g. Sawyer v. United States, 85 F.3d 713, 730 (1st Cir. 1996) ("Sawyer I") (recognizing potential violation of honest services statute where person acts with intent to "coax ongoing favorable official action in derogation of public's right to **impartial** official services") (emphasis added). The crime of honest services fraud occurs when a public official breaches his fiduciary duties to the public. Sawyer II, 239 F.3d at 39. Thus, the Indictment's reference to the citizenry's right to have its public officials perform their duties free from "bias" and "favoritism" is relevant to the crime of honest services fraud and should not be stricken from the Indictment.

## II. Factual Background

Generally, the Indictment charges that from August of 1997 through January 8, 2004, Defendants conspired with John Celona, a former Rhode Island State Senator, to defraud the citizens of the State of Rhode Island of their intangible right to the honest services of Celona, and to have those services performed free from deceit, favoritism, bias, conflict of interest and self-

enrichment. Indict. ¶ 14. The objects of the conspiracy were: (1) to pay money to Celona, pursuant to a consulting agreement, "so as to improperly influence and affect the official actions of Celona, specifically, to cause him to use his influence, power and authority as a State Senator to benefit the political and financial interests of [Roger Williams Medical Center (RWMC)] and its affiliates; and (2) to deceive the State of Rhode and its citizens concerning Celona's relationship with RWMC in order for Celona to continue to promote the political interests of RWMC and its affiliates." Id. ¶¶ 15, 16.

The Indictment details the manner by which Defendants caused Celona to enter into a consulting agreement with the Village at Elmhurst (the Village), an entity tangentially related to RWMC in its corporate structure, in order to provide Celona with money in exchange for his political support on matters of interest to RWMC and the Village pending before the Rhode Island General Assembly. In essence, Defendants hired Celona as a consultant for the Village to work on issues relating to senior affairs while their true purpose was to have Celona perform duties for RWMC and report to Frances Driscoll. Id. ¶¶ 21-25. Celona's consulting agreement with the Village was a way of hiding Celona's relationship with RWMC from the State of Rhode Island and its citizens, allowing Celona to promote RWMC's political interests in his official capacity without revealing the true nature of Celona's work relationship to RWMC and the attendant conflict of interest. Defendants further deceived the public by submitting a request to the Rhode Island Ethics Commission requesting an advisory opinion based on false and misleading information concerning the nature of the work Celona was performing and his true employer. Id. ¶¶ 41-44.

## III. Argument

**A. Motion to Strike Standard**

Federal Rule of Criminal Procedure 7(d) provides that: "The court on motion of the defendant may strike surplusage from the indictment or information." The purpose of the rule is to "protec[t] a defendant against immaterial or irrelevant allegations in the indictment or information which, may, however, be prejudicial." *Advisory Notes* to Rule 7(d). See also United States v. Sawyer, 878 F. Supp. 279, 294 (D. Mass. 1995).

> The determinative question in a motion to strike surplusage is not the prejudice, but the relevance of the allegation to the crime charged. If the evidence of the allegation is admissible and relevant to the charge, then despite prejudice, the language will not be stricken. Because the standard is so exacting, alleged surplusage is rarely stricken.

Id. (internal quotations omitted).

**B. The Question of What Duties A Public Official Owes the Citizenry is a Question of Federal, Not State, Law**

In moving to strike the words "bias" and "favoritism" from the Indictment, Urciuoli relies on Rhode Island State law as the source for Celona's duties to the public. Celona's duties to the public, however, derive from his general fiduciary duty to the citizens and federal common law. United States v. Woodward, 149 F.3d 46, 62 (1st Cir. 1998). See also Sawyer II, 239 F.3d at 39.

In Sawyer I, the First Circuit reversed Sawyer's conviction because the jury instructions inappropriately equated Sawyer's violation of the Massachusetts gratuity statute with the crime of honest services fraud. This left the jury free to convict without necessarily finding that Sawyer possessed the requisite intent to defraud under the mail and wire fraud statutes. Sawyer I, 85 F.3d at 730-31. Instead, in order to prove the crime of honest services fraud, the United States must prove two elements: (1) the defendant's knowing and willing participation in a scheme or

artifice to defraud with the specific intent to defraud, and (2) the use of the mails in furtherance of the scheme to defraud. Sawyer II, 239 F.3d at 39-40. With respect to the first element, the United States must prove that Defendant "acted with two kinds of intent: that [they] intended to deprive the public of [a public official's] honest services, and that [they] intended to deceive the public." Sawyer II, 239 F.3d at 41. The "first kind of intent" requires either that Defendant "intended to influence [a public official] in [his or her] official action" or that Defendant intended a public official to fail to disclose a conflict of interest resulting in personal gain. Id. at 40-41. The source of the legislator's obligation to disclose material information derives from "the legislator's general fiduciary duty to the public." Sawyer I, 85 F.3d at 733 n. 17.

In Woodward, the court reiterated this point: "[S]eparate and apart from state statute, the obligation to disclose material information inheres in the legislator's general fiduciary duty to the public." 149 F.3d at 62. See also United States v. Silvano, 812 F.2d 754, 759 (1st Cir. 1987) ([T]he affirmative duty to disclose material information arises out of a government official's fiduciary relationship to his employer."). Those duties also include the duties of "honesty" and "loyalty." Silvano, 812 F.2d at 759. Further:

> When a government officer decides how to proceed in an official endeavor - as when a legislator decides how to vote on an issue- his constituents **have a right to have their best interests form the basis of that decision**. If the official instead secretly makes his decision based on his own personal interests - as when an official accepts a bribe or personally benefits from an undisclosed conflict of interest - the official has defrauded the public of his honest services.

Sawyer II, 239 F.3d at 39 (quoting United States v. Lopez-Lukis, 102 F.3d 1164, 1169 (11th Cir. 1997)). See also United States v. Devegeter, 198 F.3d 1324, 1328 (11th Cir. 2000) ("Public officials inherently owe a fiduciary duty to the public to make governmental decisions **in the**

**public's best interest**.") (emphasis added). Further, "[w]hen an official fails to disclose a personal interest in a matter over which she has decision-making power, the public is deprived of its right either to **disinterested** decision making itself or, as the case may be, to full disclosure as to the official's potential motivation behind an official act." Sawyer I, 85 F.3d at 724. Thus, the case law in this circuit makes clear that the public has a right to have its officials perform their duties loyally, to have the public's "best interests" at heart, and to act in a disinterested manner - - these rights necessarily encompass the right to unbiased decision making, and the absence of favoritism in taking official action.

Urciuoli contends that in Sawyer I, the First Circuit held that the public is not entitled to have its public officials perform their official duties free from favoritism and bias. Def.'s Supp. Mem. at 1-2. As discussed above, Urciuoli misstates the law in this Circuit. What the Sawyer I court acknowledged was that legislators do not owe a duty to "provide equal access to all members of the public." 85 F.3d at 731 n. 15. As a result, the court declined to find that the honest services statute encompassed Sawyer's desire to gain access to the legislature through permissible lobbying activities.[1] Id.

______Instead, the Circuit recognized that the honest services statute prohibited a person with "continuing and long-term interests before an official [from] engag[ing] in a pattern of repeated, ongoing gratuity offenses in order to coax **ongoing favorable official action** in derogation of the public's right to **impartial services**." 85 F.3d at 730. The court's statement makes clear that the

[1] Before the district court, the United States consented to strike the word "favoritism" from the paragraph in the Indictment which listed legislators' duties. See Sawyer, 878 F. Supp. at 294.

public is entitled to "impartial" services and that bias and favoritism are prohibited.[2] Accordingly, the words "bias" and "favoritism" are relevant to whether Urciuoli intended to deprive the public of the honest services of John Celona by intending that he breach his fiduciary duty to provide impartial, loyal, and disinterested services to the public.

## IV. Conclusion

Based upon the foregoing, the United States respectfully requests that the Court deny Defendant Urciuoli's Motion to Strike and for Other Relief.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Dated: August 30, 2006

/S/ LUIS M. MATOS
LUIS M. MATOS
Assistant U.S. Attorney
Chief, Criminal Division

/S/ DULCE DONOVAN
DULCE DONOVAN
Assistant U.S. Attorney

---

[2] Urciuoli, as he did in his motion to dismiss, insists that if John Celona's actions conformed with State ethics laws, he, Urciuoli, could not have intended to deprive the citizens of Celona's honest services because Celona's actions conformed to state law. In the Circuit's Sawyer II opinion, however, the court made clear that "whether Sawyer actually violated state laws . . . is irrelevant to our inquiry because honest services mail fraud does not depend upon a violation of state law." Sawyer II, 239 F.3d at 48. Thus, since a violation of state law cannot serve as a basis for finding that the mail, wire, and honest services fraud statutes were violated, it follows that Celona's alleged conformance with State ethics laws does not demonstrate that Urciuoli did not commit the crime of honest services mail fraud.