UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR 06-02-01-T |
| | : | |
| ROBERT A. URCIUOLI, | : | |
| FRANCES P. DRISCOLL, | : | |
| PETER J. SANGERMANO, JR., and | : | |
| ROGER WILLIAMS MEDICAL CENTER | : | |

**DEFENDANT ROBERT A. URCIUOLI'S**
**PROPOSED JURY INSTRUCTIONS**

Pursuant to Federal Rule of Criminal Procedure 30 and the Court's Pretrial Order of August 4, 2006, Defendant Robert A. Urciuoli ("Urciuoli") respectfully submits the following requests for jury instructions in the above-referenced matter. Urciuoli reserves his right to supplement, amend, and/or withdraw any of the requested instructions prior to the charge of the jury.

ROBERT A. URCIUOLI

By his Attorneys,

/s/ Kristie M. Passalacqua
Kristie M. Passalacqua, Bar No. 6945
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600
kpassalacqua@haslaw.com

Michael J. Connolly (MA BBO # 638811)
*Pro Hac Vice Counsel*
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020
mconnolly@haslaw.com

Richard M. Egbert (MA BBO #151800)
*Pro Hac Vice Counsel*
99 Summer Street
Suite 1800
Boston, Massachusetts 02110
(617) 737-8222
(617) 737-8223 (fax)
regbert@egbertlaw.com

Dated: September 26, 2006

**CERTIFICATION**

I hereby certify that on September 28, 2006, a copy of the foregoing Defendant Robert A. Urciuoli's Proposed Jury Instructions was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Kristie M. Passalacqua
Kristie M. Passalacqua, Bar No. 6945
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

**INSTRUCTION NO. 1**

**INTEREST IN OUTCOME**

As I mentioned earlier, in evaluating the credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome may create a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care. This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his testimony.

---

Source:
Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions: Criminal, Instruction No. 7-3 (2006).

**INSTRUCTION NO. 2**

**WITNESS'S COOPERATION WITH GOVERNMENT**

In this case, there has been testimony from John Celona, a cooperating Government witness who has pled guilty to charges stemming from his participation in the crimes charged against the defendants. John Celona is currently awaiting sentencing and has agreed to cooperate with the Government by providing testimony in this case against the defendants. There is evidence that the Government will consider John Celona's cooperation in connection with his upcoming sentencing.

Some people in this position are entirely truthful while testifying. Still, you should consider the testimony of this individual with particular caution. He may have had reason to make up stories or exaggerate what others did because he wants to help himself. The testimony of someone who provides evidence against someone else to escape punishment for his own misdeeds or crimes, or for other personal reason or advantage, must be examined and weighed by the jury with greater care than the testimony of a witness who is not so motivated.

A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence, by giving testimony favorable to the prosecution has a motive to testify falsely. Therefore, you must examine his testimony with particular caution and weigh it with great care. If, after carefully scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

---

Sources:
Sand, Siffert, Loughlin & Reiss: Modern Federal Jury Instructions: Criminal, Instruction No. 7-11 (2006); Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 2.07 (12/99); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §15.02 (5th Ed. 2000).

## INSTRUCTION NO. 3

## OVERVIEW OF THE INDICTMENT

The Indictment in this case contains 38 counts, or charges. Count I charges the defendants with conspiracy; that is, conspiring to commit an offense against the United States, specifically, having devised a scheme and artifice to defraud the State of Rhode Island and its citizens of their intangible right to the honest services of John Celona and to knowingly and willfully cause to be placed in an authorized depository for mail, according to the directions thereon, to the person to whom it was addressed, matter to be delivered by the United States Postal Service, in violation of 18 U.S.C. §§ 1341 and 1346.

Counts 2 through 38 charge the defendants with instances of specific honest services mail fraud.

---

Source:
O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 47.01 (5th Ed. 2000).

**INSTRUCTION NO. 4**

**PURPOSE OF THE STATUTE**

In this case, the defendants are accused of having been members of a conspiracy to violate certain federal laws. A conspiracy is a kind of criminal partnership -- a combination or agreement of two or more persons joined together to accomplish some unlawful purpose.

The crime of conspiracy to violate federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes." In other words, the crime of conspiring to violate Title 18, United States Code, Section 1346 -- that is, the crime of conspiring to commit honest services mail fraud -- is independent of the crime of committing honest services mail fraud. The law refers to the object of the conspiracy, in this case devising a scheme and artifice to defraud the State of Rhode Island and its citizens of their intangible right to the honest services of John Celona, as a substantive crime.

Source:
Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions: Criminal, Instruction No. 19-2 (2006).

## INSTRUCTION NO. 5

## EXISTENCE OF AGREEMENT

The first element that the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered into the unlawful agreement charged in the indictment. A conspiracy is a combination or agreement by two or more persons to accomplish the unlawful purpose or object of the conspiracy charged. The unlawful purpose or object alleged in Count I of the indictment is to defraud the State of Rhode Island and its citizens of their intangible right to the honest services of John Celona.

A conspiracy is a kind of partnership in criminal purposes in which each member works as the agent of another member. What the Government must prove beyond a reasonable doubt is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out the details. But the Government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Proof of a conscious understanding and deliberate agreement by the alleged members should be central to your consideration of the charge of conspiracy. Mere similarity in conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors. Unless the Government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must find the defendants not guilty.

---

Sources:
Sand, Siffert, Loughlin & Reiss: Modern Federal Jury Instructions: Criminal, Instruction No. 19-4 (2006); Pattern Jury Instructions for the District Courts of the First Circuit, Instruction No. 4.03 (12/99); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 31.04 (5th Ed. 2000).

**INSTRUCTION NO. 6**

**MEMBERSHIP IN THE CONSPIRACY**

The second element that the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendants knowingly, willfully and voluntarily became members of the conspiracy.

If you are satisfied that the conspiracy charged in the Indictment existed, you must next ask yourselves who the members of that conspiracy were. Before a defendant can be found to have been a conspirator, you must first find that he knowingly, willfully and voluntarily joined in the unlawful agreement or plan. The key question, therefore, is whether the defendants joined the conspiracy with an awareness or understanding of its basic aim and purpose. You should ask yourselves, did the defendants participate in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective? Before you may find that the defendants, or any other person, became a member of the conspiracy, the evidence must show beyond a reasonable doubt that the defendants knew the essential features or goals of the agreement and deliberately entered into the agreement intending, in some way, to accomplish the agreement's purpose or goal.

To act willfully means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed. Acting willfully entails acting with bad purpose, to either disobey or disregard the law, and not to act by ignorance, accident or mistake. A person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Proof that the defendants willfully joined in the unlawful agreement must be based upon evidence of his own words and/or actions.

The Government must prove two types of intent beyond a reasonable doubt before the defendants can be said to have willfully joined the conspiracy: an intent to agree and an intent that the underlying crime, the substantive crime, be committed. In other words, the defendants must have both the intent to agree to participate in the conspiracy and the intent to commit the underlying substantive offense.

As I instructed you earlier, the two underlying crimes charged in the indictment are conspiracy to commit honest services mail fraud and honest services mail fraud. As I will explain later on in these instructions, in order to find the defendants guilty of committing honest services mail fraud, you must find that the defendants had the following intent: intent to deprive the public of John Celona's honest services, and intent to deceive the public.

I also want to caution you that the defendants' mere presence at the scene of the alleged crime does not, by itself, make them a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendants members. A person may know, or may be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy. Even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

I want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of the defendants, without knowledge, merely happened to further the purposes or objectives of the conspiracy does not make the defendants members of the conspiracy. More is required under the law. What is necessary is that the defendants must have participated with knowledge of at least some of the

unlawful objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendants, with an understanding of the unlawful character in the conspiracy, must have intentionally engaged, advised or assisted in the conspiracy for the express purpose of furthering its aims or goals and with the intent to commit the underlying substantive offense, defrauding the State of Rhode Island and its citizens of their intangible right to the honest services of John Celona. The Indictment alleges that it was part of the conspiracy that the defendants and John Celona deceived the State of Rhode Island and its citizens concerning his relationship with RWMC by disguising the nature of Celona's relationship with RWMC by having the Village at Elmhurst hire and pay Celona; failing to disclose Celona's conflict of interest , including to the Rhode Island Ethics Commission; providing false and misleading information to the Rhode Island Ethics Commission; and seeking an advisory opinion from the Ethics Commission based on false, misleading, and incomplete information. If you find that the Government failed to prove beyond a reasonable doubt that the defendants conspired to achieve those aims, then you must find the defendants not guilty.

---

Sources:
Sand, Siffert, Loughlin & Russ: Modern Federal Jury Instructions: Criminal, Instruction No. 19-6 (2006); Pattern Jury Instructions for the District Courts of the First Circuit, Instruction No. 4.03 (12/99); O'Malley, Grenig & Lee, Federal Jury Practice and Procedure, § 31.05 (5th Ed. 2000).

## INSTRUCTION NO. 7

## COMMISSION OF OVERT ACT

The third element that the Government must prove beyond a reasonable doubt is that at least one of the overt acts charged in the Indictment was knowingly committed by at least one of the conspirators, at or about the time and place alleged. An overt act is any act knowingly committed by one or more of the conspirators in an effort to further or accomplish some purpose or goal of the conspiracy.

---

Sources:
Sand, Siffert, Loughton & Reiss: Modern Federal Jury Instructions: Criminal, Instruction No. 19-7 (2006); Pattern Jury Instructions of the District Courts of the First Circuit, Instruction No. 4.03 (12/99); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 31.07 (5th Ed. 2000).

**INSTRUCTION NO. 8**

**COMMISSION OF OVERT ACT IN FURTHERANCE OF THE CONSPIRACY**

The fourth and final element that the Government must prove beyond a reasonable doubt is that the overt act was committed for the purpose of carrying out the unlawful agreement.

In order for the Government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy, as charged in the indictment. You must also find that the overt act occurred while the conspiracy still existed. As I instructed you earlier, an act is done knowingly only if it is done purposefully and deliberately and not because of mistake, accident, negligence or other innocent reason. To act willfully means to act voluntarily and deliberately and intending to violate a known legal duty. Negligent conduct, even grossly negligent conduct, is not sufficient to constitute willfulness. Willfulness entails acting with bad faith or evil intent. A defendant does not act willfully if he believes in good faith that his actions comply with the law. Unless you find, beyond a reasonable doubt, that at least one overt act charged in the indictment was knowingly and willfully done to further the conspiracy, you must find the defendants not guilty.

---

Sources:
Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions: Criminal, Instruction No. 19-8 (2006); Pattern Jury Instructions of the District Courts of the First Circuit, Instruction No. 4.03 (12/99); United States v. Bishop, 412 U.S. 346, 360 (1973) (defining "willfully").

**INSTRUCTION NO. 9**

**CONSIDERATION OF ACTS AND STATEMENTS OF CO-CONSPIRATORS**

Evidence has been received in this case that certain persons who are alleged in Count I of the Indictment to be coconspirators of the defendants have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goals. Such acts and statements of these other individuals may be considered by you in determining whether or not the Government has proven the charges in Count I of the Indictment against the other defendants. Since these acts may have been performed and these statements may have been made outside the presence of the other defendants and even done or said without the other defendants' knowledge, you should examine these acts or statements with particular care before considering them against the defendant who did not do the particular act or make the particular statement. Acts done or statements made by an alleged co-conspirator before a defendant joined a conspiracy also may be considered by you in determining whether the Government has sustained its burden in Count I of the Indictment. Acts done or statements made before an alleged conspiracy began or after an alleged conspiracy ended, however, may only be considered by you regarding the person who performed the act or made the statement.

---

Sources:
O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 31.06 (5th Ed. 2000);
Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions: Criminal, Instruction No. 19-9 (2006).

## INSTRUCTION NO. 10

## MAIL FRAUD -- ELEMENTS OF THE OFFENSE

In order to sustain this charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, that the defendants participated in a scheme or artifice to defraud the State of Rhode Island and its citizens of their intangible right to John Celona's honest services;

Second, that the defendants participated knowingly, willfully and with specific intent to defraud; and

Third, that in execution of that scheme, the defendants used or caused the use of the mails or a private commercial interstate carrier as specified in the Indictment.

Sources:
Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions: Criminal, Instruction No. 44-3 (2005); United States v. Woodward, 149 F.3d 46, 54 (1st Cir. 1998).

**INSTRUCTION NO. 11**

**FIRST ELEMENT – EXISTENCE OF A SCHEME OR ARTIFICE TO DEFRAUD**

The first element that the Government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud the State of Rhode Island and its citizens of their intangible right to John Celona's honest services.

A "scheme to defraud" is a plan or a course of action to deceive others. To say it differently, it is a plan or course of conduct used to perpetrate a fraud upon another.

"Fraud" is a general term which embraces all the various means by which human ingenuity can devise and which are resorted to by an individual to gain an advantage over another by false representations, suggestions or suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is a plan to deprive another of the intangible right to honest services by tricks, deceit, deception or swindle.

In this case, the Government has charged the defendants with devising a scheme or artifice to deprive the State of Rhode Island and its citizens of their intangible right to John Celona's honest services by knowingly and willfully failing to disclose to the public that John Celona had an improper conflict of interest in that John Celona obtained money from RWMC in exchange for his political support.

In addition to providing that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the Government must prove that the alleged scheme contemplated depriving another of the intangible right of honest

services. If you find that the Government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

---

Source:
Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions: Criminal, Instruction No. 44-4.

**INSTRUCTION NO. 12**

**MATERIALITY**

The failure to disclose must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.

This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of materials facts.

---

Sources:
Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions: Criminal, Instruction No. 44-4; Neder v. United States, 527 U.S. 1, 20 (1999) (Supreme Court held that materiality of falsehood is an element of the federal mail fraud statute).

**INSTRUCTION NO. 13**

**SCHEME TO DEFRAUD**

The scheme to defraud in this case is a scheme to defraud the public of their rights to a state legislator's honest services. Therefore, you must find that the scheme was intended to deprive the citizens of Rhode Island of the legislator's honest performance of services as a legislator. Thus, the object of the scheme must be his performance of his legislative duties; i.e., scheduling hearings, assigning bills to the hearing calendar and subsequent executive sessions, advocating bills at executive sessions, guiding and taking other action to advance bills through the Committee, and voting on legislation.

---

Sources:
United States v. Sawyer, 85 F.3d 713, 720 (1st Cir. 1996); United States v. Bloom, 149 F.3d 649, 656 (7th Cir. 1998); United States v. Rabbitt, 583 F. 2d 1014, 1024 (8th Cir. 1978).

**INSTRUCTION NO. 14**

**SCHEME TO DEFRAUD**

The broad scope of the mail fraud statute does not encompass every instance of official misconduct that results in the official's personal gain. Although a public official might engage in reprehensible misconduct related to an official position, the conviction of that official for honest services fraud cannot stand where the conduct does not actually deprive the public of its right to his honest services or it is not shown that the defendant specifically intended that result.

If a non-public official (such as the Defendants) is prosecuted for scheming to defraud the public of an official's honest services, the Government must prove that the target of the scheme is the deprivation of the official's honest services. If the scheme does not, as its necessary outcome, deprive the public of the official's honest services, then independent evidence of the intent to deprive another of those services must be presented.

---

Source:
United States v. Sawyer, 85 F.3d 713, 725 (1st Cir. 1996).

**INSTRUCTION NO. 15**

**SCHEME TO DEFRAUD**

In order for there to be a scheme to defraud the citizens of Rhode Island of a legislator's honest services, you must consider the Rhode Island Code of Ethics as it pertains to legislators and any applicable rulings by the Rhode Island Ethics Commission, such as the ruling involved in this case. Because Rhode Island law expressly permits a legislator to participate and vote on legislation where the legislator has a possible conflict of interest under some circumstances, you must consider whether the alleged scheme in this case violates applicable Rhode Island Ethics statutes and the Ethics Opinion in this case.

R.I. Gen. Laws § 36-14-7(b) states that a person subject to the Rhode Island Code of Ethics, such as John Celona, does not have an interest which is in substantial conflict with the proper discharge of his duties in the public interest and of his responsibilities as prescribed by the laws of this state, if any benefit or detriment accrues to him or any business associate, or any business by which the person is employed or which the person represents, as a member of a business or group, or of any significant and definable class of persons within the business or group, to no greater extent than any other similarly situated member of the business or group, or of the significant and definable class of persons within the business occupation or group.

The Rhode Island Ethics Commission expressly permitted Celona to "*fully participate and vote*" on matters concerning "broad-based legislation involving general health care issues of public interest," so long as he filed a § 6 Notice disclosing the potential conflict of interest. It determined that Celona's participation in "[g]eneral legislation relating to elderly affairs, nursing home issues and hospital regulations" was permissible under R.I. Gen. Laws § 36-14-7(b), because "any benefit or detriment accruing to the Senator and/or the Village/affiliates would

affect them to no greater extent than any other similarly situated members of a significant and definable group."

In other words, the Ethics Commission determined that, notwithstanding Celona's relationship with RWMC, Celona's participation in "broad-based legislation involving general health care issues of public interest" was a permissible conflict of interest and that Celona's participation in broad-based, general health care legislation, therefore, did not deprive the citizens of Rhode Island of something to which they were entitled.

Therefore, if you find that Celona's involvement in one or more of the legislative bills referenced in the Indictment affected RWMC or any of its affiliates no more or no less than other similar entities, then you cannot find a violation of the honest services mail fraud doctrine based on Celona's participation in that legislation.

---

Sources:
R.I. Gen. Laws § 36-14-7(b); see also Rhode Island Ethics Commission Advisory Opinion 98-59.

**INSTRUCTION NO. 16**

**SCHEME TO DEFRAUD**

Evidence that a legislator acted with favoritism or bias, alone, is not enough to establish a scheme to defraud in violation of the law. As a matter of law, Rhode Island permits its legislators to act with favoritism and bias. Implicit in Rhode Island's "7(b) exception" is the fact that its public officials may act with bias and favoritism.

---

United States v. Sawyer, 85 F.3d 713, 731 n.15 (1st Cir. 1996); United States v. Sawyer, 878 F.Supp. 279, 294 (D. Mass. 1995); R.I. Gen. Laws § 36-14-7(b).

**INSTRUCTION NO. 17**

**SECOND ELEMENT – PARTICIPATION IN SCHEME WITH INTENT**

The second element that the Government must prove beyond a reasonable doubt is that the defendants participated in the scheme to defraud knowingly, willfully and with specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law. If the defendants did not believe that they were committing a crime or violating any state laws at the time that they made use of the mails, then you must find them not guilty on that particular count. In other words, the defendants are guilty only if they knew they were violating the law.

In addition, in honest services cases, the First Circuit has determined that the Government must prove two kinds of fraudulent intent: intent to deprive the public of the legislator's honest services, and intent to deceive the public. For the Government to establish the first of the two intent requirements for honest services mail fraud – intent to deprive the public of a legislator's honest services – it must prove that the defendants intended to influence the legislator in his official capacity.

Thus, the Government must prove the following intent elements beyond a reasonable doubt: that the defendants participated in a scheme or artifice to deprive the public of honest services (1) knowingly; (2) willfully, i.e., in purposeful disregard of the

law; and (3) with specific intent to defraud, i.e., intent to influence official action and intent to deceive the public.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question requires you to make a finding of fact beyond a reasonable doubt about the defendants' state of mind, and the requisite specific intent.

---

Sources:
Sand, Loughlin & Reiss, Modern Federal Jury Instructions: Criminal, Instruction No. 44-5 (2005); United States v. Sawyer, 239 F.3d 31, 41 (2001); United States v. Christopher, 142 F.3d 46, 55 (1st Cir. 1998) (affirming instruction in a mail fraud case that "[the defendant] was guilty only if he knew he was violating the law."); United States v. Sawyer, 85 F.3d 713, 729 (1st Cir. 1996); United States v. Sawyer, CR No. 94-10168, at 9-80 (February 27, 1997) (Charge to Jury).

## INSTRUCTION NO. 18

## THIRD ELEMENT – USE OF THE MAILS

The third and final element that the Government must establish beyond a reasonable doubt is the use of the mails in furtherance of the scheme to defraud. The use of the mails as I have used it here includes material sent through either the United States Postal Service or a private or commercial interstate carrier.

The mailed matter need not contain a fraudulent representation or purpose or request for money. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendants to be directly or personally involved in the mailing, as long as the mailing was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendants are accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the mailing by others. This does not mean that the defendants must specifically have authorized others to do the mailing. When one does an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use of the mails can reasonably be foreseen, even though not actually intended, then he causes the mails to be used.

With respect to the use of the mails, the Government must establish beyond a reasonable doubt the particular mailings charged in the Indictment. However, the Government does not have to prove that the mailings were made on the exact date charged in the Indictment. It is sufficient if the evidence establishes beyond a reasonable

doubt that the mailing was made on a date substantially similar to the date charged in the Indictment.

---

Source:
Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions: Criminal, Instruction No. 44-6 (2005).

**INSTRUCTION NO. 19**

**THE GOOD FAITH DEFENSE**

The "good faith" of the defendants is a complete defense to all 36 counts charged in the Indictment. This defense exists because good faith on the part of the defendants is, simply, inconsistent with the crimes charged. The law is written to subject to criminal punishment only those people who knowingly and willfully engage in the activity charged. An honest mistake in judgment or an honest error in judgment does not rise to the level of criminal conduct, nor does negligence or even recklessness. Acting on a belief or opinion honestly held is not punishable under the statute merely because the belief or opinion turns out to be inaccurate, incorrect or wrong. While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, a lack of malice, and the intent to perform all lawful obligations. A belief may be in good faith even if it is unreasonable.

In determining whether or not the Government has proven that the defendants acted with the intent to commit any of the 36 crimes charged in the Indictment, you should consider all of the evidence received in the case that bears on the defendants' state of mind. You must always keep in mind that the burden of proving good faith does not rest with the defendants because the defendants do not have any obligation to prove anything in this case. It is the Government's burden to prove to you that the defendants acted knowingly and willfully.

A defendant does not act willfully if he believes in good faith that his actions comply with the law, or if he is not aware that his conduct may involve of a possible violation of the law. This is a subjective standard. It is the defendants' subjective belief, not the objective reasonableness of that belief, which you must consider. Therefore, if the defendants actually believed that what they were doing was in accord with the law, they cannot be said to have had

the criminal intent to engage in any of the activities charged, even if you find their belief to be unreasonable. Thus, if you find that the defendants honestly believed that they were complying with the law, even if that belief was unreasonable or irrational, or if you have a reasonable doubt as to whether the defendants acted in good faith or acted willfully, then you must find them not guilty.

---

Sources:
O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §19.06 (5th Ed. 2000); Cheek v. United States, 498 U.S. 192, 203 (1991) (discussion of good faith); United States v. Pabisz, 936 F.2d 80, 83 (2nd Cir. 1991); United States vs. Aitkin, 755 F.2d. 188, 193 (1st Cir. 1985) (mistake of law is a defense if ignorance negates intent element or law provides that ignorance is a defense).

**INSTRUCTION NO. 20**

**DEFENSE OF RELIANCE ON ADVICE**

Good faith reliance upon the advice of an attorney is a complete defense to all 36 counts charged in the indictment. This defense exists because good faith reliance is inconsistent with the existence of willfulness, which is an essential element of all of the charges. You may consider that evidence in deciding whether the defendants acted willfully and with knowledge. The defendants have introduced evidence showing that they relied on an attorney's advice to seek an Advisory Opinion from the Rhode Island Ethics Commission and that all decisions as to what should or should not be included in that request for an Advisory Opinion were made by an attorney. You have also heard evidence that defendants informed legal counsel of other conduct alleged in the Indictment. If you find that the defendants sought the advice of a lawyer whom they considered competent, that they made a full and accurate report to the attorney of all of the material facts available to them, and that they acted then strictly in accordance with the professional's advice without having any reasonable basis to believe that the advice was incorrect, then you must find the defendants not guilty.

---

Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions: Criminal, Instruction No. 8-4 (2006); United States v. Sawyer, 85 F.3d 713, 725 (1st Cir. 1996) (reliance on advice of counsel).