**U.S. Department of Justice**

*United States Attorney*
*District of Rhode Island*

Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

(401) 709-5000
FAX (401) 709-5001

April 28, 2006

Michael P. DeFanti, Esq.
Hinckley Allen Snyder, LLP
1500 Fleet Center
Providence, Rhode Island 02903

RE: Robert A. Urciuoli/Federal Investigation

Dear Mick:

You wrote to Meg Curran in her capacity as Monitor of the Deferred Prosecution Agreement ("DPA") with Roger Williams Medical Center ("RWMC"). She forwarded your letter to me. I write in response to that letter.

The termination of your client, Robert A. Urciuoli, by RWMC was not a condition precedent to the DPA nor a requirement of the DPA. In fact, all discussions concerning Mr. Urciuoli's employment status were expressly excluded from the plea negotiations. Similarly, all discussions concerning RWMC's decision either to pay, or to refuse to pay, Mr. Urciuoli's legal expenses were expressly excluded from the plea process by the United States Attorney's Office.

The decisions to terminate Mr. Urciuoli for cause and to discontinue paying his legal fees were business and contract decisions made by RWMC without any input from this office.

Consequently, because RWMC's legal position on these matters is not contemplated nor regulated under the DPA, it does not appear to be within the scope of Ms. Curran's duties. This office takes no position on RWMC's responsibility for legal fees.

Sincerely yours,

ROBERT CLARK CORRENTE
United States Attorney

Gerry

GERARD B. SULLIVAN
Assistant U.S. Attorney
Chief, Criminal Division

cc:
Kimberly A. O'Connell, Esq.
Vice President and General Counsel
Roger Williams Medical Center

Margaret E. Curran, Esq.

**HinckleyAllenSnyder LLP**
ATTORNEYS AT LAW

1500 Fleet Center
Providence, RI 02903-2393
TEL: 401.274.2000
FAX: 401.277.9600
www.haslaw.com

*Michael P. DeFanti*
mdefanti@haslaw.com

April 11, 2006

Margaret E. Curran, Esq.
289 Wayland Avenue
Providence, RI 02906

Re: **Robert A. Urciuoli/Federal Investigation**

Dear Meg:

I am not clear as to your role in this matter, but I did read in the newspaper where they were looking to your moral compass. I am somewhat concerned that the arrangements between the United States Attorney and the Hospital have resulted in the Hospital reneging on honestly made commitments. This obviously impacts Mr. Urciuoli's ability to secure counsel and the failure to pay has also impacted some of the attorneys in the firm. To date, we have not been able to get a response from anyone. If you inquire and find out the representations I am making are accurate, I would appreciate anything you could do to advise the Hospital that the government had no intention to cause the Hospital to renege on the obligations that it undertook to pay counsel, at least up until termination. Frankly, I believe the obligation went beyond that, but Mr. Urciuoli and the firm are prepared to move on and deal with the post-termination period on their own. I am available to answer any questions you may have, and I would appreciate anything you can do to have this matter resolved without it becoming a contest.

Very truly yours,

Michael P. DeFanti

Michael P. DeFanti

MPD:dmf



28 State Street, Boston, MA 02109-1775 TEL: 617.345.9000 FAX: 617.345.9020
43 North Main Street, Concord, NH 03301-4934 TEL: 603.225.4334 FAX: 603.224.8350

COPY

HinckleyAllenSnyder LLP
ATTORNEYS AT LAW
1500 Fleet Center
Providence, RI 02903-2393
TEL: 401.274.2000
FAX: 401.277.9600
www.haslaw.com

*Michael P. DeFanti*
mdefanti@haslaw.com

April 11, 2006

Mark A. Jacoby, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Re: **Robert A. Urciuoli/Federal Investigation**

Dear Mr. Jacoby:

I write on behalf of the firm in connection with its unpaid bills in the above-referenced matter which amount to $143,750.17. I am advised by the attorneys involved in this matter that the engagement was undertaken on the express representation by the Hospital that it would be responsible for our fees. It was a promise independent of indemnity obligations. In fact, prior invoices for the period April 15, 2005, to August 31, 2005, in the amount of $284,502.93 were paid by the Hospital. Given the Hospital's agreements with the United States Attorney and the termination of Mr. Urciuoli's employment, we have made our own arrangements for payment with respect to post-termination (January 16, 2006) services.

I do believe, however, that the Hospital is obligated to pay our bills for services rendered prior to that date, and I would appreciate the opportunity to speak with the appropriate person at the Hospital if it contends that was not the arrangement. I recognize things are complicated, but I do believe this was a commitment made by the Hospital. I find it difficult to believe that the United States Attorney intended the Hospital breach its contractual commitments. As it is not entirely clear to me with whom I should be dealing in this matter, I am copying all persons who may have an interest, including Meg Curran.



28 State Street, Boston, MA 02109-1775 TEL: 617.345.9000 FAX: 617.345.9020
43 North Main Street, Concord, NH 03301-4934 TEL: 603.225.4334 FAX: 603.224.8350

**HinckleyAllenSnyder LLP**
ATTORNEYS AT LAW

I would appreciate the appropriate person contacting me.

Very truly yours,

Michael P. DeFanti

Michael P. DeFanti
Managing Partner

MPD:dmf

cc: Margaret E. Curran, Esq.
Kenneth Belcher, Interim President and CEO
William P. Devereaux, Esq.
Jack Walsh, Esq.

**U.S. Department of Justice**

*United States Attorney*
*District of Rhode Island*

Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

(401) 709-5000
FAX (401) 709-5001

July 26, 2006

Via Facsimile and First Class Mail
Michael J. Connolly
Hinckley Allen Snyder LLP
28 State Street
Boston, MA 02109

**Re: United States v. Urciuoli, et al., 06-02T**

Dear Attorney Connolly:

I am writing in response to your July 14, 2006, letter regarding the termination of Robert Urciuoli by Roger Williams Medical Center. Please be advised that, as discussed at last week's hearing upon defendant's motion to compel, the United States believes that it has fulfilled its discovery obligations in this case. We are in the process of complying with Judge Torres's Order regarding the Celona and Messolella notes, but, otherwise, we do not believe that further discovery is warranted at this time. Moreover, it is our position that, to the extent that you are seeking information regarding internal government deliberations, that information is protected pursuant to the deliberative process privilege.

Nonetheless, in the interest of expediting this matter, I refer you to the attached letter from Gerard Sullivant to your firm, dated April 28, 2006. I believe that the letter sufficiently addresses your concerns.

Sincerely,

ROBERT CLARK CORRENTE
United States Attorney

LUIS M. MATOS
Assistant U.S. Attorney
Chief, Criminal Division

cc: Counsel of Record

**U.S. Department of Justice**

*United States Attorney*
*District of Rhode Island*

Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

(401) 709-5000
FAX (401) 709-5001

April 28, 2006

Michael P. DeFanti, Esq.
Hinckley Allen Snyder, LLP
1500 Fleet Center
Providence, Rhode Island 02903

RE: Robert A. Urciuoli/Federal Investigation

Dear Mick:

You wrote to Meg Curran in her capacity as Monitor of the Deferred Prosecution Agreement ("DPA") with Roger Williams Medical Center ("RWMC"). She forwarded your letter to me. I write in response to that letter.

The termination of your client, Robert A. Urciuoli, by RWMC was not a condition precedent to the DPA nor a requirement of the DPA. In fact, all discussions concerning Mr. Urciuoli's employment status were expressly excluded from the plea negotiations. Similarly, all discussions concerning RWMC's decision either to pay, or to refuse to pay, Mr. Urciuoli's legal expenses were expressly excluded from the plea process by the United States Attorney's Office.

The decisions to terminate Mr. Urciuoli for cause and to discontinue paying his legal fees were business and contract decisions made by RWMC without any input from this office.

Consequently, because RWMC's legal position on these matters is not contemplated nor regulated under the DPA, it does not appear to be within the scope of Ms. Curran's duties. This office takes no position on RWMC's responsibility for legal fees.

Sincerely yours,

ROBERT CLARK CORRENTE
United States Attorney

Gerry

GERARD B. SULLIVAN
Assistant U.S. Attorney
Chief, Criminal Division

cc:
Kimberly A. O'Connell, Esq.
Vice President and General Counsel
Roger Williams Medical Center

Margaret E. Curran, Esq.