**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02-1ML |
| | : | |
| ROBERT A. URCIUOLI | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT**
**ROBERT URCIUOLI'S MOTION FOR LEAVE TO TRAVEL**

Defendant, Robert Urciuoli, has filed a motion to modify the conditions of his bail so that he may travel throughout the contiguous 48 states. He bases his request upon a general statement that he needs to travel in order to attend personal events, such as weddings, and to search for employment. The United States opposes defendant's request because the conditions of his release presently are more liberal than most defendant's in his circumstances, he is facing significant charges in this matter, and he has not demonstrated a compelling need, other than personal convenience, to modify the conditions of his bail.

Robert Urciuoli was arraigned on the Indictment in this case on January 12, 2006. At the time, Magistrate Judge Lovegreen established his bail at $10,000 unsecured bond and limited his travel outside Rhode Island and also ruled that "[t]ravel also restricted to Palm Beach Florida," where defendant owns a residence. His co-defendant, Francis Driscoll, also had her travel limited to Rhode Island.

On July 19, 2007, Judge Torres granted an unopposed motion by defendant to amend the conditions of his travel so that he could travel to Massachusetts to meet with his attorneys and for medical appointments and also to attend certain specifically identified social engagements in California and New York.

On October 13, 2007, Defendant was found guilty by a jury of Counts 1 and 4 through 38.

On January 29, 2008, defendant filed a motion for bail pending appeal. On January 31, 2008, the Court sentenced defendant to 36 months incarceration and denied defendant's motion for bail pending appeal. On February 1, 2008, the Court also modified the conditions of defendant's release by limiting his travel to Rhode Island and Massachusetts and ordering that the defendant apply for permission to travel elsewhere. On February 8, 2007, the Court granted a motion by defendant to travel to Florida for one week and likewise granted another motion to travel to Florida prior to the date he was scheduled to report to prison (on April 2, 2007).

On March 23, 2007, the First Circuit granted defendant's motion for bail pending appeal. Thereafter, the Court granted additional motions by defendant to travel to Florida. On November 11, 2007, the Court granted defendant's motion to move to Florida and have his travel limited to the State of Florida. Defendant so moved after the Court had expressed concern about defendant's constant motions to travel between Rhode Island and Florida and requested that defendant identify either Rhode Island or Florida as his preferred residence.

On January 18, 2008, the First Circuit vacated defendant's conviction and this matter is presently set for a new trial. However, although the First Circuit vacated the conviction because the jury instructions were overbroad and "licensed the jury to consider the rescue run advocacy," the Court noted that the "the insurance episodes were properly considered as potentially criminal – as, needless to say, were Celona's actions in promoting or blocking legislation to favor RWMC. The latter alone, involving multiple episodes over a substantial period, probably would have assured conviction, <u>at least or especially of Urciuoli</u>." Slip op. at 16 (emphasis added).

Although his conviction has been vacated, defendant was previously sentenced to 36 months incarceration. The First Circuit, while vacating the decision, noted the strength of the

evidence against the defendant nonetheless. Hence, given the nature and circumstances of the offense and the weight of the evidence against the defendant, 18 U.S.C. § 3142(g) requires that the Court continue to impose restrictions on defendant's bail.

If the Court were to grant his request, defendant would, in essence, have no restrictions on his bail (his bond is presently unsecured). The only remaining restriction would be that he not leave the United States. However, defendant clearly has access to financial means, has previously been convicted and should face a significant sentence if he is convicted again, and, hence, at minimum, has the incentive to flee. Accordingly, the United States respectfully states that defendant's request for travel be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ LUIS M. MATOS
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5046 - phone
(401)709-5001 - fax
Luis.Matos@usdoj.gov

/s/ DULCE DONOVAN
DULCE DONOVAN
Executive Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5046 - phone
(401)709-5001 - fax
Dulce.donovan@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of March, 2008, I caused the United States' Opposition to Defendant Robert Urciuoli's Motion for Leave to Travel to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Michael J. Connolly, Esq.
Kristie Passalacqua, Esq.
Hinckley, Allen, Snyder LLP
28 State Street
Boston, MA 02109

Kevin J. Bristow, Esq.
501 Turks Head Bldg.
Providence, RI 02903

/s/ LUIS M. MATOS
LUIS M. MATOS
First Assistant U.S. Attorney