UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 06-02- ML |
| | : | |
| ROBERT A. URCIUOLI and FRANCES P. DRISCOLL | : | |

**DECLARATION OF ROBERT A. URCIUOLI**
**IN SUPPORT OF MOTION TO DISMISS INDICTMENT**

I, Robert A. Urciuoli, declare as follows:

1. I was employed by Roger Williams Hospital ("RWH") from 1972 until January 26, 2006, when I was terminated. RWH is a wholly-owned subsidiary of Roger Williams Medical Center ("RWMC"). At the time I was terminated, I was the President and Chief Executive Officer of RWMC and RWH.

2. I was terminated from these positions on January 26, 2006 by vote of the Board of Trustees of RWMC (the "Board") after RWMC was indicted in connection with this investigation.

3. Up until the point in time when RWMC was indicted, I was indemnified for my legal fees pursuant to my written employment contract. In addition, RWMC provided advancement of my legal fees, both with respect to this investigation and other legal matters.

4. Other employees and senior members of management of RWMC similarly had their legal fees indemnified and advanced by RWMC. It was the practice of RWMC and RWH to do so for employees with rights to indemnification.

5. In connection with a state grand jury investigation relating to the same issues involved in this matter, I was provided with indemnification and advancement of fees by

RWMC.

6. I hired counsel at the outset of this investigation, in early 2005, at the direction of RWMC counsel.

7. From the point in time when I hired counsel until the January 26, 2006 meeting when the Board voted to terminate me, RWMC abided by its contractual and statutory obligation to indemnify me, along with its established practice of advancing legal fees. Upon information and belief, RWMC also advanced legal fees to co-defendant Frances P. Driscoll.

8. As of the date of my termination, RWMC and RWH terminated my right to indemnification and advancement of legal fees.

9. Since then, I have not been able to find steady employment. The only work I have been able to find has been a limited amount of consulting work which has amounted to $9,000 in compensation over a two-year period.

10. My financial resources are in a far more deteriorated state than the time of the first trial in this matter.

11. I currently have unpaid legal fees exceeding $500,000 from the pre-indictment period of this investigation and the first trial in this matter.

12. At the time of the first trial, I was represented by two law firms, Hinckley, Allen & Snyder, LLP and the Law Offices of Richard M. Egbert. Because I had no income and limited financial resources at the time of the first trial, I was not able to pursue all aspects of pretrial investigation and trial preparation as I would have pursued if I had the resources.

13. Among the aspects of trial preparation that I was not able to pursue were investigative support, expert consultation and support, and technology support.

14. At this juncture, because my resources are further diminished, I am not able to

afford legal counsel of my choice. I believe it is necessary to be represented by two trial attorneys in connection with the upcoming trial, along with appropriate investigative, technological and paralegal support. I note that during the first trial in this case, the Government was represented in the courtroom by two Assistant United States Attorneys, the lead case agent from the FBI, and an assistant who handled the Government's trial exhibits and the electronic presentation of the Government's evidence.

15. In addition, I remain unable to afford the investigative support, expert consultant support, and technology support that I believe is necessary to defend myself against the pending charges.

16. If I had access to indemnification and advancement of fees from RWMC, I would be in a position to engage counsel of choice, appropriate litigation support, and to present the type of defense that I believe is necessary to protect my rights.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 14 day of May, 2008.

______________________________

**CERTIFICATION**

I hereby certify that on May 14th, 2008, a copy of the foregoing Declaration of Robert A. Urciuoli in Support of Motion to Dismiss Indictment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Kristie M. Passalacqua