UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR 06-02-ML |
| | : | |
| ROBERT A. URCIUOLI, and | : | |
| FRANCES P. DRISCOLL | : | |

**DEFENDANT ROBERT A. URCIUOLI'S
MOTION TO COMPEL DISCLOSURE OF EVIDENCE PERTAINING TO
EMPLOYMENT STATUS AND ADVANCEMENT OF LEGAL FEES**

NOW COMES Defendant Robert A. Urciuoli ("Mr. Urciuoli") and hereby moves pursuant to Fed. R. Crim. P. 16(a)(1)(E)(i) to compel the United States to disclose all evidence pertaining to Mr. Urciuoli's employment status at Roger Williams Medical Center ("RWMC") and the advancement of legal fees to Mr. Urciuoli by RWMC, including, but not limited to: (1) any information indicating that the employment status or Urciuoli and/or the advancement of legal fees by RWMC was a consideration in regard to the Deferred Prosecution Agreement negotiated between RWMC and the government; (2) any and all written or verbal communications between the government and RWMC or its counsel about the employment status of Mr. Urciuoli or the advancement of fees by RWMC to Mr. Urciuoli; and (3) any drafts of proposed Deferred Prosecution Agreements exchanged between the Government and representatives of RWMC. Mr. Urciuoli is entitled to this information in accordance with Rule 16(a)(1)(E)(i) of the Federal Rules of Criminal Procedure because such information is material to preparing Mr. Urciuoli's defense in this matter.

In accordance with Local Rule of Criminal Proceedings 12(c)(2), counsel for Mr. Urciuoli and the government have conferred in good faith and have been unable to resolve the

outstanding discovery disputes. Mr. Urciuoli hereby requests oral argument in connection with this Motion. Counsel for Mr. Urciuoli estimates that forty-five (45) minutes will be required for same. In support of this Motion, Mr. Urciuoli relies on his accompanying Memorandum of Law, submitted herewith and incorporated herein by reference.

WHEREFORE, Defendant Robert A. Urciuoli respectfully requests that this Court issue an Order compelling the United States to disclose all evidence pertaining to his employment status at RWMC and the advancement of legal fees to him by RWMC, including, but not limited to: (1) any information indicating that his employment status and/or the advancement of legal fees by RWMC to him was a consideration in regard to the Deferred Prosecution Agreement negotiated between RWMC and the government; (2) any and all written or verbal communications between the government and RWMC or its counsel about his employment status or the advancement of fees by RWMC to him; and (3) any drafts of proposed Deferred Prosecution Agreements exchanged between the Government and representatives of RWMC.

Respectfully submitted,

ROBERT A. URCIUOLI

By his Attorneys,

/s/ Kristie M. Passalacqua

Kristie M. Passalacqua, Bar No. 6945
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Michael J. Connolly (MA BBO # 638811)
*Pro Hac Vice Counsel*
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020 (fax)
mconnolly@haslaw.com

Dated: May 14, 2008

## CERTIFICATION PURSUANT TO LOCAL RULE OF CRIMINAL PROCEEDINGS 12(C)(2)

As indicated above, on April 24, 2008 and May 2, 2008, in accordance with Local Rule of Criminal Proceedings 12(c)(2), counsel for Urciuoli conferred with the Government in an attempt to resolve the discovery disputes that are the subject of this motion. In accordance with Local Rule of Criminal Proceedings 12(c)(3)(A), counsel for Urciuoli certifies that, despite conferring in good faith, counsel for Urciuoli and the Government have been unable to resolve all outstanding discovery disputes.

## CERTIFICATION

I hereby certify that on May 14th, 2008, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Kristie M. Passalacqua

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CR 06-02-01-T |
| | : | |
| ROBERT A. URCIUOLI, | : | |
| FRANCES P. DRISCOLL | : | |

**MEMORANDUM OF LAW IN SUPPORT OF ROBERT A. URCIUOLI'S MOTION TO COMPEL DISCLOSURE OF EVIDENCE PERTAINING TO EMPLOYMENT STATUS AND ADVANCEMENT OF LEGAL FEES**

Defendant Robert A. Urciuoli ("Mr. Urciuoli") respectfully submits this Memorandum of Law in support of his Motion to Compel Disclosure of Evidence Pertaining to Employment Status and Advancement of Legal Fees.

## RELEVANT FACTS

### A. RWMC's Indemnification and Advancement of Legal Fees

Mr. Urciuoli was the long-time President and Chief Executive Officer of Roger Williams Medical Center ("RWMC"). Both Mr. Urciuoli's employment contract with RWMC and Rhode Island statutory law provide for indemnification for legal fees. Mr. Urciuoli's employment contract with RWMC provided in relevant part as follows:

> 15. Indemnification. During the period of his employment hereunder, [RWMC and its affiliates] agree[] to indemnify [Urciuoli] in his capacity as an officer of [RWMC and its affiliates], and as an officer and member of the Board of Directors of any subsidiary or affiliate of [RWMC and its affiliates] for which [Urciuoli] is rendering services at the request of [RWMC and its affiliates], all to the maximum extent permitted under the laws of the State of Rhode Island.

See Exhibit B to Memorandum of Law in Support of Urciuoli's Renewed Motion To Dismiss the Indictment Under the Fifth and Sixth Amendment, dated May 14, 2008 (the "Renewed Motion to Dismiss the Indictment"). In addition to the above-referenced contractual obligation, it was the

established practice of RWMC to advance fees to employees entitled to indemnification. See Declaration of Robert A. Urciuoli dated May 14, 2008, ¶ 4.

Moreover, Rhode Island is one of the many states having statutes addressing the indemnification of corporate directors, officers, employees and other agents. Both the Rhode Island Nonprofit Corporation Act and the Rhode Island Business Corporation Act provide for the indemnification of officers and directors of corporations serving at the request of a corporation. See R.I. Gen. Laws 1956 §§ 7-6-6 (Rhode Island Nonprofit Corporation Act) and 7-1.2-814 (Rhode Island Business Corporation Act).

**B. The Motion to Dismiss the Indictment**

The government in this case waged an ultimately successful campaign to force RWMC to fire Mr. Urciuoli and sever its contractual obligation to indemnify him for the cost of his defense, as well as the advancement of legal fees. In doing so, the government violated Mr. Urciuoli's constitutional right to representation by defense counsel of his choice and his fundamental right as a criminal defendant to a fair trial. See United States v. Stein, 435 F. Supp. 2d 330 (S.D.N.Y 2006) (holding that the Thompson Memorandum violates the Fifth and Sixth Amendment rights of criminal defendants in regard to the Department of Justice policy concerning the advancement of fees by organizations to current and former employees involved in criminal proceedings); see also United States v. Rosen, 487 F. Supp. 2d 721, 735 (E.D. Va. 2007) (the Thompson Memorandum is "fraught with the risk of constitutional harm"). Accordingly, Mr. Urciuoli has moved to dismiss the Indictment as to him. See generally Renewed[1] Motion to Dismiss the Indictment.

[1] In the wake of the Stein decision (and shortly before the first trial in this matter), Urciuoli filed a motion to dismiss the Indictment on the same grounds. For the reasons set forth in the Memorandum of Law in support of the Renewed Motion to Dismiss the Indictment, the instant motion to dismiss rests on far firmer grounds.

**C. Urciuoli's Requests For Evidence Pertaining to His Employment Status and the Advancement of Legal Fees**

In connection with the Renewed Motion to Dismiss the Indictment, counsel for Urciuoli sought various documents and information from the government bearing on the issue of whether, in light of Stein, the government's conduct vis-à-vis RWMC violated Mr. Urciuoli's Fifth and Sixth Amendment rights. See letter dated April 24, 2008 from Michael J. Connolly to Assistant U.S. Attorney Luis Matos, attached hereto as Exhibit A (the "April 24, 2008 Letter"). The April 24, 2008 Letter sought copies of each draft of the proposed Deferred Prosecution Agreement exchanged between the government and representatives of RWMC and its affiliates. Id. By way of the April 24, 2008 Letter, counsel for Mr. Urciuoli also renewed the following two previous requests for information: (1) any information in the government's possession indicating that the employment status of Mr. Urciuoli and/or the advancement of fees by RWMC to Mr. Urciuoli was a consideration in regard to the deferred prosecution agreement negotiated between RWMC and the government; and (2) any information possessed by the government involving written or verbal communications between the government and RWMC or its counsel about the employment status of Mr. Urciuoli or the advancement of fees by RWMC to Mr. Urciuoli. See letter dated July 14, 2006 from Michael J. Connolly to Assistant U.S. Attorneys Luis M. Matos and Dolce Donovan, attached hereto as Exhibit B (the "July 14, 2006 Letter").

In response to the April 24, 2008 Letter, the government indicated that it had fulfilled its discovery obligations in this matter. See letter dated May 2, 2008 from Assistant U.S. Attorney Luis Matos to Michael J. Connolly, attached hereto as Exhibit C (the "May 2, 2008 Response"); see also July 26, 2006 letter from Assistant U.S. Attorney Luis Matos to Michael J. Connolly, attached hereto as Exhibit D (the "July 26, 2006 Response"). The government further expressed its belief that, to the extent Mr. Urciuoli was seeking information regarding internal

governmental deliberations, such information is protected pursuant to the deliberative process privilege. Id. With respect to the request for drafts of the deferred prosecution agreement with RWMC, the government stated that it continues to be its position that Mr. Urciuoli is not entitled to those materials. See May 2, 2008 Response.

## ARGUMENT

### A. Fed. R. Crim. P. 16

Rule 16(a)(1)(E)(i) of the Federal Rules of Criminal Procedure requires that, upon the defendant's request, "the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these, if the item is within the government's possession, custody, or control" and the item is "material to preparing the defense." United States v. Castro, 502 F.Supp.2d 218 225 (D.P.R. 2007); citing Fed. R. Crim. P. 16. Many courts have utilized materiality standards for Rule 16 which focus upon the usefulness of the information sought in defending the case. See, e.g., United States v. Olano, 62 F.3d 1180, 1203 (9th Cir. 1995) (a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense); United States v. Stevens, 985 F.2d 1175, 1175 (2d Cir. 1993) (the Rule 16(a)(1)(E)(i) standard for materiality requires that evidence can "be used to counter the government's case or to bolster a defense."). Rule 16 imposes a continuing duty to disclose such requested material. Fed. R. Crim. P. 16(c); see, e.g., United States v. Tajeddini, 996 F.2d 1278, 1287 (1st Cir. 1993).

### B. The Requested Information Is Material to Urciuoli's Defense

Mr. Urciuoli is entitled to the requested documents and information pursuant Rule 16(a)(1)(E)(i) of the Federal Rules of Criminal Procedure. As set forth above, Urciuoli has

moved to dismiss the Indictment in this matter as to him on the grounds that the government engaged in actions that interfered with both his Sixth Amendment right to be represented by counsel of his choice and his fundamental right under the Fifth Amendment to fairness in a criminal proceeding. See Renewed Motion to Dismiss. Specifically, Mr. Urciuoli has alleged: (1) that the government violated his Sixth Amendment right to counsel by causing RWMC to cut off its indemnification and advancement of legal fees; and (2) the government's pressure on RWMC to enter into a Deferred Prosecution Agreement, which would necessarily have the effect of cutting off Mr. Urciuoli's legal fees, impinged upon his ability to defend himself. The validity of the legal basis of Mr. Urciuoli's contention has been recognized by two United States District Courts. See Stein, 435 F. Supp. 2d 330 (dismissing indictments of thirteen defendants on grounds nearly identical to those raised by Mr. Urciuoli); see also Rosen, 487 F. Supp. 2d at 735 (following reasoning of Stein but denying motion to dismiss based on distinguishable factual circumstances).

Evidence indicating that the Government pressured RWMC regarding the employment status of Mr. Urciuoli and/or the advancement of fees by RWMC to Mr. Urciuoli would significantly bolster Mr. Urciuoli's argument in support of dismissal of the Indictment. Accordingly, the requested information is material to Mr. Urciuoli's defense, and he is entitled to it under Rule 16 of the Federal Rules of Criminal Procedure. See Fed. R. Crim. P. 16(a)(1)(E)(i); see also Olano, 62 F.3d at 1203; Stevens, 985 F.2d at 1175.

As to the Government's contention that it is excused from disclosing the requested information under the so-called "deliberative process privilege," Mr. Urciuoli is unaware of any authority that would allow the Government to withhold evidence that is relevant to the deprivation of a defendant's Fifth or Sixth Amendment rights under the so-called "deliberative

process privilege." Accordingly, any such assertion on the part of the Government must be rejected.

**CONCLUSION**

For all of the foregoing reasons, Mr. Urciuoli respectfully requests that the Court issue an order compelling the United States to disclose all evidence pertaining to his employment status at RWMC and the advancement of legal fees to him by RWMC, including, but not limited to: (1) any information indicating that his employment status and/or the advancement of legal fees to him by RWMC was a consideration in regard to the Deferred Prosecution Agreement negotiated between RWMC and the government; (2) any and all written or verbal communications between the government and RWMC or its counsel about his employment status or the advancement of fees by RWMC to him; and (3) any drafts of proposed Deferred Prosecution Agreements exchanged between the Government and representatives of RWMC.

Respectfully submitted,

ROBERT A. URCIUOLI

By his Attorneys,

/s/ Kristie M. Passalacqua
Kristie M. Passalacqua, Bar No. 6945
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Michael J. Connolly (MA BBO # 638811)
*Pro Hac Vice Counsel*
Hinckley, Allen & Snyder LLP

28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020 (fax)
mconnolly@haslaw.com

## CERTIFICATION

I hereby certify that on May 14th, 2008, a copy of the foregoing Memorandum of Law was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Kristie M. Passalacqua