# EXHIBIT D

**U.S. Department of Justice**

*United States Attorney*
*District of Rhode Island*

Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

(401) 709-5000
FAX (401) 709-5001

July 26, 2006

Via Facsimile and First Class Mail
Michael J. Connolly
Hinckley Allen Snyder LLP
28 State Street
Boston, MA 02109

**Re: United States v. Urciuoli, et al., 06-02T**

Dear Attorney Connolly:

I am writing in response to your July 14, 2006, letter regarding the termination of Robert Urciuoli by Roger Williams Medical Center. Please be advised that, as discussed at last week's hearing upon defendant's motion to compel, the United States believes that it has fulfilled its discovery obligations in this case. We are in the process of complying with Judge Torres's Order regarding the Celona and Messolella notes, but, otherwise, we do not believe that further discovery is warranted at this time. Moreover, it is our position that, to the extent that you are seeking information regarding internal government deliberations, that information is protected pursuant to the deliberative process privilege.

Nonetheless, in the interest of expediting this matter, I refer you to the attached letter from Gerard Sullivant to your firm, dated April 28, 2006. I believe that the letter sufficiently addresses your concerns.

Sincerely,

ROBERT CLARK CORRENTE
United States Attorney

LUIS M. MATOS
Assistant U.S. Attorney
Chief, Criminal Division

cc: Counsel of Record

**U.S. Department of Justice**

*United States Attorney*
*District of Rhode Island*

Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

(401) 709-5000
FAX (401) 709-5001

April 28, 2006

Michael P. DeFanti, Esq.
Hinckley Allen Snyder, LLP
1500 Fleet Center
Providence, Rhode Island 02903

RE: Robert A. Urciuoli/Federal Investigation

Dear Mick:

You wrote to Meg Curran in her capacity as Monitor of the Deferred Prosecution Agreement ("DPA") with Roger Williams Medical Center ("RWMC"). She forwarded your letter to me. I write in response to that letter.

The termination of your client, Robert A. Urciuoli, by RWMC was not a condition precedent to the DPA nor a requirement of the DPA. In fact, all discussions concerning Mr. Urciuoli's employment status were expressly excluded from the plea negotiations. Similarly, all discussions concerning RWMC's decision either to pay, or to refuse to pay, Mr. Urciuoli's legal expenses were expressly excluded from the plea process by the United States Attorney's Office.

The decisions to terminate Mr. Urciuoli for cause and to discontinue paying his legal fees were business and contract decisions made by RWMC without any input from this office.

Consequently, because RWMC's legal position on these matters is not contemplated nor regulated under the DPA, it does not appear to be within the scope of Ms. Curran's duties. This office takes no position on RWMC's responsibility for legal fees.

Sincerely yours,

ROBERT CLARK CORRENTE
United States Attorney

Gerry

GERARD B. SULLIVAN
Assistant U.S. Attorney
Chief Criminal Division

cc:
Kimberly A. O'Connell, Esq.
Vice President and General Counsel
Roger Williams Medical Center

Margaret E. Curran, Esq.