UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 06-02-ML |
| | : | |
| ROBERT A. URCIUOLI, et al. | : | |

**ROGER WILLIAMS MEDICAL CENTER AND ROGER WILLIAMS HOSPITAL'S MOTION TO STRIKE AND SEAL THE AFFIDAVIT ATTACHED TO DEFENDANT ROBERT A. URCIUOLI'S RENEWED MOTION TO DISMISS**

Now come Roger Williams Medical Center and Roger Williams Hospital (collectively referred to herein as "RWMC") and move to strike and seal an affidavit attached to defendant, Robert A. Urciuoli's memorandum in support of his renewed motion to dismiss. The affidavit in question was filed by Richard Licht, Esq. and dated May 14, 2008. RWMC submits that the information contained in this affidavit violates the attorney-client privilege afforded to RWMC and so should be strickened and sealed. In addition, RWMC requests an order prohibiting the defendant from any further attempts to secure information which may violate the attorney-client privilege afforded to RWMC without first putting RWMC on notice.

RWMC relies on its memorandum of law attached and incorporated herein.

ROGER WILLIAMS MEDICAL CENTER and
ROGER WILLIAMS HOSPITAL,
By their attorneys,

*/s/ Marc DeSisto*

Marc DeSisto (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on May 23, 2008, that it is available for viewing and downloading from the ECF system, and that the counsel of record listed below will receive notice via the ECF system:

kpassalacqua@haslaw.com
mconnolly@haslaw.com
luis.matos@usdoj.gov

*/s/ Marc DeSisto*

Marc DeSisto

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 06-02-ML |
| | : | |
| ROBERT A. URCIUOLI, et al. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF RWMC'S MOTION TO STRIKE AND SEAL AFFIDAVIT**

## I. INTRODUCTION AND RELIEF REQUESTED

The purpose of the motion brought by Roger Williams Medical Center and Roger Williams Hospital (collectively referred to herein as "RWMC") is three fold. RWMC brings this motion to assert its attorney-client privilege regarding information contained in the affidavit of Richard Licht attached to defendant, Robert A. Urciuoli's renewed motion to dismiss. RWMC seeks an order striking the affidavit and sealing it. Finally, RWMC seeks an order prohibiting the defendant from further attempts to secure information protected by the attorney-client privilege without first notifying RWMC.

## II. BACKGROUND

RWMC is a not for profit corporation organized pursuant to Rhode Island law which is primarily in the business of providing medical services and medical care to the Rhode Island community. The Hospital Board of Directors is a 16 Member Board and its function is to supervise the affairs of the not for profit corporation and its affiliates. In 2004 and 2005 at, the Federal Bureau of Investigation, in conjunction with the United States Attorney's Office for the District of Rhode Island, conducted an investigation into the hiring of former Rhode Island State Senator John Celona as a consultant for RWMC. During the investigation, voluminous documents were subpoenaed by a federal grand jury from RWMC and its affiliated corporations.

RWMC also made a number of its employees available for testimony before the grand jury. During the pendency of the investigation, counsel for RWMC entered into discussions with representatives of the office of the U.S. Attorney. During those discussions, it was determined that federal investigators wished to interview, as a potential witness, RWMC's legal counsel who had advised Robert Urciuoli, then the CEO of RWMC, and the Board regarding the facts, circumstances and advice he provided regarding the hiring of Senator Celona. The FBI and the U.S. Attorney also wished to interview RWMC's in-house corporate counsel about her knowledge of the facts and the advice she gave to the CEO concerning meetings scheduled by the CEO in Celona's state house office to negotiate a resolution regarding reimbursements between RWMC and Blue Cross/Blue Shield. After due consideration, the Board determined to waive its privileges as the related to those specific attorneys and the advice they provided to then CEO Urciuoli and the Board regarding the facts they were was aware of and the advice they provided concerning the hiring of Senator Celona.

At no time, did the government request, nor did the RWMC Board waive, its attorney-client privilege regarding the advice it was receiving from its attorneys who were retained to defend RWMC's interests during the federal investigation.

On January 5, 2006, the federal grand jury returned indictments against Robert Urciuoli, Frances Driscoll, a former Vice President in charge of public relations for RWMC, and Peter Sangermano, an individual whose company was engaged in a joint venture with RWMC. The grand jury also returned an indictment against RWMC. However, counsel for RWMC continued discussions with the office of the United States Attorney which led to RWMC entering into a deferred prosecution agreement with the government. That agreement required pertinent provisions of the agreement required RWMC to cooperate with the government during any

prosecution; to provide $4 million in uninsured medical care; and to appoint federal monitors for a period of two years. In consideration of its agreeing to enter into the deferred prosecution agreement, the U.S. Attorney dismissed the pending indictment against RWMC. RWMC then completed the terms of the deferred prosecution agreement and its successful completion has been acknowledged by the U.S. government.

Recently, it has come to the attention of RWMC that a former Board Member recently provided an affidavit to counsel for Mr. Urciuoli in which the former Board Member has divulged privileged attorney-client communications made at the time the Board was discussing entering into a deferred prosecution agreement with the government. Apparently, as justification for this disclosure, this former Board Member has indicated that it was his understanding that when the corporation waived its attorney-client privilege as to the two attorneys who provided specific advice regarding the CEO's dealings with Celona, the waiver included <u>all</u> attorney-client communications which also encompassed the advice the Board was then receiving from counsel who were defending its interests in the federal investigation and the subsequent indictment. (A copy of the affidavit is enclosed with this memorandum as Exhibit A.)

At no time did the Board of RWMC, or any of its affiliated corporations, authorize this disclosure. The corporate attorney-client privilege clearly belongs to the corporation and not to any individual director. At no time did the former Board Member ask for, or receive, permission from RWMC to make such a disclosure nor was RWMC ever advised such a disclosure was contemplated.

## III. <u>LAW AND ARGUMENT</u>

Directors and officers, as fiduciaries, occupy positions of trust and confidence on which other corporate officials must rely. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 180 (3d Cir. 1992);

*Enstar Group v. Grassgreen*, 812 F.Supp. 1562 (M.D. Ala. 1993); see also *Boston Children's Heart Foundation, Inc. v. Nadal-Ginard*, 73 F.3d 429 (1st Cir. 1996) (under Massachusetts law, the standard of care for directors and officers is complete good faith plus the exercise of reasonable intelligence).

A director's duty of loyalty requires scrupulous observation of a duty (1) to protect the interests of the corporation, and (2) to refrain from doing anything to injure it. This rule requires an "undivided and unselfish loyalty to the corporation. It "demands that there shall be no conflict between duty and self-interest." *Guth v. Loft, Inc.*, 23 Del. Ch. 255, 5 A.2d 503, 510 (1938), reaff'd in *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985); *Weinberger v. UOP, Inc.*, 457 A.2d 701, 710 (Del. 1983); *Pinnacle Consultants, Inc. v. Leucadia National Corp.*, 923 F.Supp. 439 (S.D. N.Y. 1995).

A corporation is entitled to keep confidential information obtained and assembled in the course of conducting its business. *Dolgow v. Anderson*, 438 F.2d 825 (2d Cir. 1970); *B.R. Paulsen & Co. v. Lee*, 95 Ill. App. 2d 146, 237 N.E.2d 793 (1968).

Also, a director may be enjoined from the misuse of corporate information. *Water Servs., Inc. v. Tesco Chems., Inc.*, 410 F.2d 163 (5th Cir. 1969); see also *Space Aero Prods Co. v. R.E. Darling Co.*, 238 Md. 93, 208 A.2d 74, *cert. denied*, 382 U.S. 843 (1965).

Roger Williams Medical Center ("RWMC") as a non-profit corporation is subject to the Rhode Island Non-Profit Corporation Act, RIGL 7-6-1, et al. RIGL 7-6-22 entitled "Board of Directors" prescribes that any non-profit director must "discharge his or her duties as a director, including his or her duties as a member of a committee: "(1) in good faith; (2) with the care an ordinarily prudent person in a similar position would exercise under similar circumstances; and (3) in a manner he or she reasonably believes to be in the best interest of the corporation." The

trend of the law is to apply the same standards to directors of non-profit organizations as those applicable to directors of for profit corporations and the board of a non-profit organization has a fiduciary duty to manage the organization according to the best interest of the population it is intended to serve. *In re Wabash Valley Power Ass'n*, 72 F.3d 1305, 1319 (1995), *cert. denied,* 117 S.Ct. 389, 136 L.Ed. 2d 305 (1996)

Further, it is well-established "that the attorney-client privilege attaches to corporations as well as to individuals." *Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343, 348 (1986) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981)). However, unlike an individual, a corporation "must act through agents." *Id*. For, "[a]s an inanimate entity, a corporation cannot speak directly to its lawyers." *Id*. Thus, the power to assert or waive the attorney-client privilege must rest with the corporation's management – i.e. its officers and directors. *Id*.; *Symmons v. O'Keeffe*, 419 Mass. 288, 299 n10, 644 N.E. 2d 631 (1995) "[Defendant's law firm] properly invoked the attorney-client privilege on behalf of [its] client, Symmons Industries. The plaintiffs' position as directors did not entitle them to waive this privilege") (citing *Loring v. United States*, 80 F. Supp. 781, 786 (D. Mass. 1948) ("an individual director apart from the board . . . has no power to act for the corporation.")). Moreover, "when control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well." *Weintraub,* 471 U.S. at 348. Former managers therefore have no right to waive the privilege against the wishes of current management. *Id*. ("Displaced managers may not assert the privilege over the wishes of current managers, even as to statements that the former might have made to counsel concerning matters within the scope of their corporate duties."). *See also United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996) *cert. denied* 520 U.S. 167 (1997) (Mem.) ('It follows *a fortiori* that since a

corporate employee cannot waive the corporation's privilege, that same individual as an ex-employee cannot do so."); *Milroy v. Hanson*, 875 F. Supp. 646, 649-50 (D. Neb. 1995) (noting that a single director cannot waive attorney-client privilege in light of board's decision to the contrary).

Here, the former board member had no power or authority to waive RWMC's attorney-client privilege. Accordingly, the affidavit submitted by Richard Licht and attached to defendant, Urciuoli's renewed motion to dismiss should be strickened from the record and sealed. In addition, RWMC requests that the defendant be ordered to provide adequate and reasonable notice to RWMC regarding any further attempts to secure information which may violate the privilege.

ROGER WILLIAMS MEDICAL CENTER and
ROGER WILLIAMS HOSPITAL,
By their attorneys,

*/s/ Marc DeSisto*

Marc DeSisto (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on May 23, 2008, that it is available for viewing and downloading from the ECF system, and that the counsel of record listed below will receive notice via the ECF system:

kpassalacqua@haslaw.com
mconnolly@haslaw.com
luis.matos@usdoj.gov

*/s/ Marc DeSisto*

Marc DeSisto