UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : Cr. No. 06-02- ML
:
ROBERT A. URCIUOLI and :
FRANCES P. DRISCOLL :

**REPLY IN FURTHER SUPPORT OF DEFENDANT ROBERT A. URCIUOLI'S MOTION *IN LIMINE* FOR LIMITING INSTRUCTIONS REGARDING RESCUE RUNS**

Defendant Robert A. Urciuoli ("Mr. Urciuoli") hereby submits this Reply in further support of his Motion *In Limine* For Limiting Instructions Regarding Rescue Runs (the "Motion *In Limine*"). Mr. Urciuoli respectfully requests that the Court allow the Motion *In Limine* and instruct the jury as to the legality of John Celona's rescue run advocacy both at the commencement of trial and at the close of evidence.

**The Government's Position**

The Government contends that evidence of Celona's rescue run advocacy -- whereby Celona urged mayors and other local officials to comply with Rhode Island law entitling ambulance patients to be taken to the hospital of their choice -- is "relevant to explain the true nature of the relationship" between Roger Williams Medical Center ("RWMC"), Mr. Urciuoli, Co-Defendant Frances P. Driscoll, and Celona. See Government's Objection to the Motion *In Limine* (Docket # 313), at p. 1. The Government further contends that "at the time Urciuoli and Driscoll submitted the April 6, 1998 letter to the Ethics Commission, they knew that Celona was working on issues of importance to RWMC, not, as the letter to the Ethics Commission stated and the attached consulting agreement delineated, promoting the Village at Elmhurst's senior citizen services." Id. at p. 1-2.

## Argument

The Government's contentions are potentially misleading and confusing as to the facts and the law. The contentions are potentially misleading as to the facts because they have as a central premise the assertion that the Defendants represented to the public that Celona was hired to promote the interests of the Village at Elmhurst *exclusively*. By contending that the rescue run advocacy will show the "true nature" of Celona's relationship with RWMC, the Government implies that the Defendants concealed Celona's duties to promote the services of other RWMC affiliates. The April 6, 1998 letter to the Ethics Commission and the consulting agreement with Celona, however, plainly disclose that Celona was hired to promote other RWMC affiliates, in addition to the Village at Elmhurst. See Government's Trial Exhibit 149, attached hereto at Exhibit A. The April 6, 1998 letter to the Ethics Commission provides that "Senator Celona was engaged by The Village to promote the facility's services to seniors and to promote other facilities such as the Elmhurst Extended Care Facility, Inc., a neighboring facility." Id.[1] The consulting agreement provides that Celona was engaged to promote the services and programs of The Village and Elmhurst Extended Care, and to identify the medical needs of the elderly in the greater Providence community in general, among other things. Id. Thus, the contention that Celona was engaged to promote The Village, alone, and the implication that the Defendants concealed the fact that Celona was engaged to promote RWMC affiliates, in addition to the Village, are not true.

The Government's contentions are potentially legally misleading and confusing because, in contending that the Defendants concealed the "true nature" of Celona's relationship with other RWMC affiliates, the Government implies there is something improper and/or illegal about

---

[1] The letter further discloses that The Village is a joint venture partly owned by Roger Williams Realty Corporation ("RWRC") and that Elmhurst Extended Care Facility, Inc. ("Elmhurst") and RWRC are wholly owned by Roger Williams Medical Center, which also wholly owns Roger Williams Hospital.

Celona's rescue run advocacy. The First Circuit could not have been more clear: "[W]e think the rescue run lobbying of mayors was not a crime even if the facts are taken most favorably to the government." United States v. Urciuoli, 513 F.3d 290, 296 (1st Cir. 2008).

There is the potential for further jury confusion on this issue stemming from the fact that the Government purportedly has abandoned its theory that the Defendants committed honest services fraud by concealing, or causing Celona to conceal, conflicts of interest. See, e.g., the Government's Opposition to Driscoll's Motion for Preliminary Jury Instruction (Docket # 302), p. 10 ("In sum, this case is about quid pro quo bribery . . . the evidence at the second trial will comport with a quid pro quo bribery theory of honest services mail fraud.")[2] It is entirely unclear why the Government would need to offer evidence of the "true nature" of Celona's relationship with RWMC affiliates if it has abandoned its concealment theory. The risk of jury confusion, and prejudice to the Defendants, created by the Government's mixed theories serves to underscore the need for a preliminary instruction to the jury as to the legality of Celona's rescue run advocacy.

The First Circuit explained the reasoning for its holding on rescue runs as follows:

> We conclude . . . that the ambulance run advocacy with the mayors cannot qualify as a deprivation of the 'honest services' owed to the public. Unlike most conduct typically the subject of the case law, urging local officials to obey state law is not easily described as a deprivation of honest services, actually or potentially harmful to the citizens of Rhode Island.
>
> * * * * *
>
> Nor was Celona's advocacy something for which payment would be inherently improper because it biased his judgment in making an official decision on a matter before him -- for example, a bribe for a vote or a kickback for hiring an employee. Under Rhode Island

[2] The instant issue highlights a problem that will arise throughout this trial -- whether the Government has truly abandoned its concealment theory. Clearly, the type of evidence the Government intends to offer includes the pursuit of a theory that the Defendants were required to and failed to disclose to others the full scope of Celona's activities. Evidence of this type is either impermissible under a quid pro quo bribery theory or, if admissible, should result in the Court instructing the jury with regard to such evidence that it cannot form the basis of a conviction under the Government's theory.



#735915v1

> law, apparently Celona as a part-time legislator could have been openly paid by RWMC to advocate with local officials. There is a state statute that prohibits government officials from accepting outside employment impairing 'independence of judgment,' R.I. Gen. Laws § 36-14-5 (1997), but this apparently is not taken to restrict legislators from private employment involving contact with courts or agencies.

Urciuoli, 513 F.3d at 295-96.

Thus, as a matter of law, there is nothing inherently improper about Celona's rescue run advocacy of behalf of RWMC. To the contrary, Celona's efforts to increase rescue runs to RWMC were well within the bounds of the law. If the Government is permitted to introduce evidence of Celona's rescue run advocacy in order to suggest that the Defendants and Celona concealed the true nature of Celona's relationship with RWMC, fairness requires that the jury be instructed that Celona's work in this regard was not in violation of the law.

Respectfully submitted,

ROBERT A. URCIUOLI

By his attorneys,

/s/ Kristie M. Passalacqua
Kristie M. Passalacqua (R.I. Bar No. 6945)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Dated: July 17, 2008

## CERTIFICATION

I hereby certify that on July 17, 2008, a copy of the foregoing Reply in further support of Urciuoli's Motion *In Limine* For Limiting Instructions Regarding Rescue Runs was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Kristie M. Passalacqua