UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 06-02- ML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**DEFENDANT ROBERT A. URCIUOLI'S MOTION *IN LIMINE* TO EXCLUDE OPINIONS AND OTHER INCOMPETENT TESTIMONY OF ATTORNEY KATHERINE D'ARREZO**

Defendant Robert Urciuoli ("Mr. Urciuoli") respectfully moves the Court, *in limine*, to exclude opinions and other incompetent testimony of Attorney Katherine D'Arezzo ("Attorney D'Arezzo" or "Ms. D'Arezzo"). Specifically, Mr. Urciuoli seeks to exclude any testimony by Ms. D'Arezzo pertaining to her understanding and opinion of Attorney James McGuirk's April 6, 1998 request for an advisory opinion on behalf of former Senator John Celona, Roger Williams Medical Center and its affiliates. Mr. Urciuoli similarly seeks to exclude evidence of Attorney D'Arezzo's interpretation and opinion of the Rhode Island Ethics Commission's (the "Ethics Commission's" or the "Commission's") deliberations and response to the same. As set forth in Mr. Urciuoli's accompanying memorandum of law, which is filed herewith and incorporated herein, Attorney's D'Arezzo's testimony in this regard is impermissible and should be excluded pursuant to Federal Rules of Evidence 402, 403, 602 and 701 because: (i) Attorney D'Arezzo is not competent or authorized to speak on behalf of the Commission; (ii) any personal opinions or interpretations that she could offer in this regard are irrelevant to any issue in this case; and (iii) the admission of such evidence would serve only to prejudice Mr. Urciuoli and confuse and mislead the jury. Accordingly, the Court should exclude such testimony.

Mr. Urciuoli hereby requests **oral argument** in connection with this motion. Counsel for Mr. Urciuoli estimates that thirty (30) minutes will be required for same.

WHEREFORE, Defendant Robert A. Urciuoli respectfully requests that the Court exclude opinions and other incompetent testimony of Attorney Katherine D'Arezzo.

Respectfully submitted,

ROBERT A. URCIUOLI

/s/ Kristie M. Passalacqua
Kristie M. Passalacqua (R.I. Bar No. 6945)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Michael J. Connolly (MA BBO # 638811)
*Pro Hac Vice Counsel*
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020
mconnolly@haslaw.com

Howard M. Cooper (MA BBO # 543842)
*Pro Hac Vice Counsel*
Todd & Weld LLP
28 State Street
Boston, MA 02109
(617) 624-4713
(617) 227-5777
hcooper@toddweld.com

Dated: August 15, 2008

**CERTIFICATION**

I hereby certify that on August 15, 2008, a copy of the foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Kristie M. Passalacqua

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 06-02- ML |
| | : | |
| ROBERT A. URCIUOLI and<br>FRANCES P. DRISCOLL | :<br>: | |

**MEMORANDUM OF LAW IN SUPPORT OF ROBERT A. URCIUOLI'S MOTION *IN LIMINE* TO EXCLUDE OPINIONS AND OTHER INCOMPETENT TESTIMONY OF ATTORNEY KATHERINE D'ARREZO**

Defendant Robert Urciuoli ("Mr. Urciuoli") respectfully submits this memorandum of law in support of his Motion *in Limime* to Exclude Opinions and Other Incompetent Testimony of Attorney Katherine D'Arezzo ("Attorney D'Arezzo" or "Ms. D'Arezzo"). Specifically, Mr. Urciuoli seeks to exclude any testimony by Ms. D'Arezzo pertaining to her understanding and opinion of Attorney James McGuirk's April 6, 1998 request for an advisory opinion on behalf of former Senator John Celona, Roger Williams Medical Center and its affiliates. Mr. Urciuoli similarly seeks to exclude evidence of Attorney D'Arezzo's interpretation and opinion of the Rhode Island Ethics Commission's (the "Ethics Commission's" or the "Commission's") deliberations and response to the same. As discussed below, Attorney's D'Arezzo's testimony in this regard is impermissible and should be excluded pursuant to Federal Rules of Evidence 402, 403, 602 and 701 because: (i) Attorney D'Arezzo is not competent or authorized to speak on behalf of the Commission; (ii) any personal opinions or interpretations that she could offer in this regard are irrelevant to any issue in this case; and (iii) the admission of such evidence would

serve only to prejudice Mr. Urciuoli and confuse and mislead the jury. Accordingly, the Court should exclude such testimony. [1]

## I. PRELIMINARY STATEMENT

Attorney D'Arezzo was a legal assistant with the Rhode Island Ethics Commission in 1998. In that very junior and largely administrative role, she had communications with Attorney James McGuirk concerning the April 6, 1998 request for an advisory opinion submitted pursuant to R.I. Gen. Laws § 36-14-11 on behalf of former state Senator John Celona, Roger Williams Medical Center and its affiliates, and the Defendants. At the first trial of this matter, Attorney D'Arezzo testified, improperly, in a manner which suggested to the jury that she was authorized to speak for the Commission and opined about her understanding and interpretation of the nature and scope of Attorney McGuirk's submission. She also testified improperly about her understanding and interpretation of the April 21, 1998 Advisory Opinion No. 98-59, which the Commission ultimately approved and issued.

In reality, and as a matter of law, Attorney D'Arezzo had no authority to speak for the Commission concerning either the request for an advisory opinion or Advisory Opinion 98-59. Attorney D'Arezzo's position at the time as a legal assistant appears to have been in the nature of a paralegal, subordinate even to the Commission Staff Attorney. Attorney D'Arezzo did not attend the April 21, 1998 hearing at which the Commission considered, approved and issued the Opinion. See Minutes from April 21, 1998 meeting of the Commission (reflecting that Attorney D'Arezzo did not make the presentation to the Commission for the Celona Opinion), attached to the Appendix of Exhibits, at Tab M. Indeed, according the Commission's official web site, a copy of which is included at Tab N of the Appendix of Exhibits submitted herewith, the position

[1] Mr. Urciuoli notes that these evidentiary issues were not raised or ruled upon in any direct manner at the first trial of this matter.

of legal assistant is not an acknowledged staff position. According to the same website, only the Senior Staff Attorney and Staff Attorneys have a role in drafting Advisory Opinions, not legal assistants.

More importantly, however, and regardless of Attorney D'Arezzo's actual title, under R.I. Gen. Laws § 36-14-11, entitled "Advisory Powers of the Commission," only the Commission, itself, by majority vote, can issue, amend or revoke an Advisory Opinion. Accordingly, only the understanding, actions and intentions of the Commission, itself, is relevant to any action taken or the basis therefore -- and even then what is relevant is the Commission's Opinion approved by a majority of its members.

Despite the lack of a proper foundation for her to do so, Attorney D'Arezzo testified at the first trial of this matter, repeatedly, about what she and the Commission "had in mind" when the Commission issued its Advisory Opinion. The full and complete testimony of Attorney D'Arezzo from the fist trial is included in the Appendix of Exhibits at Tab C. As examples only, Attorney D'Arezzo was asked by the Government in her September 12, 2006 direct testimony: (i) to provide her, as opposed to the Commission's, understanding of the duties "that Mr. Celona was to be performing at The Village at Elmhurst and Elmhurst Extended Care" (Trial Tr. 9/12/06, p. 123: 18-20); (ii) her interpretation of whether Attorney McGuirk's submission included mention "of Mr. Celona performing services on behalf of Roger Williams Medical Center" (Trial Tr. 9/12/06, p .125: 13-22); (iii) what information she relied upon in drafting the Advisory Opinion (as opposed to what the Commission relied upon in issuing it) (Trial Tr. vol. 2, pp. 135-136); (iv) what analysis of which issues she (as opposed to the Commission) conducted (Trial Tr. 9/12/06, pp. 136-147); (v) her conclusions (as opposed to the Ethics Commission's) about the scope of any conflict of interest (Trial Tr. 9/12/06, pp. 137-138); (vi)

her understanding (as opposed to the Commission's) of the nature of concerns raised by Attorney McGuirk concerning the draft Advisory Opinion (Trial Tr. 9/12/06, pp. 143-144); and, critically, (vii) her personal understanding and interpretation of the Advisory Opinion (Trial Tr. 9/12/06, pp. 146-147). All of this was improper and should be excluded at the second trial in this matter.

## II. ARGUMENT

### A. Attorney D'Arezzo's Testimony Should Be Excluded Under FRE 402 and 403.

Attorney D'Arezzo's testimony should be excluded under Federal Rule of Evidence 402 because it is not relevant to the issues before the Court. See Fed. R. Evid. 402 ("evidence which is not relevant is not admissible"). Moreover, her testimony should be excluded under Rule 403 because any arguable probative value of her testimony (and Mr. Urciuoli respectfully submits that there is none) would be substantially outweighed by the danger of unfair prejudice to Mr. Urciuoli that would result from the admission of such testimony. See Fed. R. Evid. 403 (instructing that even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."). Evidence is unfairly prejudicial if its probative value is substantially outweighed by "confusion of the issues, or misleading of the jury, or by the considerations of undue delay, waste of time, or needless presentation of cumulative evidence, or if it "invites the jury to render a verdict on an improper emotional basis." United States v. Varoudakis, 233 F.3d 113, 121 (1st Cir. 2000).

As set forth above, Attorney D'Arezzo had no authority to speak for the Commission concerning Attorney McGuirk's submission or Advisory Opinion 98-59; not only was she not an attorney for the Commission at the time, she did not even attend the hearing at which the Ethics Commission approved and issued Advisory Opinion 98-59. Therefore, her testimony has no relevance to the issues before the Court and should be excluded under Rule 402 on that ground,

alone. Moreover, because her testimony has no probative value, even the slight risk of prejudice would militate in favor of exclusion. See Fed. R. Evid. 403; see also United States v. Bush, 58 F.3d 482, 489 (9th Cir. 1995) ("Where the testimony not only lacks probative value but actually leads the jury to draw false inferences about the accused, only a slight showing of prejudice need to be made to tip the scales towards exclusion.")

Here, the danger of unfair prejudice to Mr. Urciuoli is high -- given Ms. D'Arezzo's current position as Senior Staff Attorney for the Ethics Commission, there exists a substantial risk that the jury will assume, inaccurately, that she is competent and qualified to testify on behalf of the Ethics Commission and assign undue weight to her testimony. However, in light of the fact that there is no basis for Attorney D'Arezzo to testify or opine on the topics set forth above, it would be improper for the jury to assign any weight to her testimony in this regard. Accordingly, Attorney D'Arezzo's testimony should be excluded under Rule 402 because it is not relevant to any issues before the Court, and under Rule 403 because, even assuming, *arguendo*, that there was some marginal probative value to be gleaned from her testimony (and Mr. Urciuoli submits that there is none), such marginal relevance would be sharply outweighed by the consideration of prejudice, confusion of the issues, and the potential to mislead the jury. See Fed. R. Evid. 403; see also Varoudakis, 233 F.3d at 121.

**B. Attorney D'Arezzo's Testimony Should Be Excluded Under FRE 602.**

Alternatively, Attorney D'Arezzo's testimony should be excluded under Federal Rule of Evidence 602 because she fails to satisfy even the most basic requirements for witness competency under the Federal Rules of Evidence. See Fed. R. Evid. 602 (requiring, among other things, personal knowledge of the matters to which the witness will testify). Under Rule 602, a witness is prohibited from testifying about matters as to which he or she lacks personal

knowledge or qualifying expertise. See Fed. R. Evid. 602; see also United States v. Brown, 450 F.3d 76, 78 (1st Cir. 2006) (error to admit testimony of witness who lacked personal knowledge). Ms. D'Arezzo was a legal assistant in 1998 when the Ethics Commission issued Advisory Opinion 98-59. By virtue of her position within the Commission, she had no authority to opine on behalf of or speak for the Commission. Again, she did not even attend the hearing at which the Commission considered, approved and issued the Advisory Opinion. On its face, her testimony is inadmissible and should be excluded under Rule 602.

## C. Attorney D'Arezzo's Testimony Should Be Excluded Under Rule 701.

Attorney D'Arezzo's testimony should also be excluded under Federal Rule of Evidence 701 because it constitutes impermissible testimony from a lay witness. See Fed. R. Evid. 701. In accordance with Rule 701, if the witness is not testifying as an expert, then the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which, among other things, are (a) rationally based on the perception of the witness, or (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue. See Fed. R. Evid. 701. Rule 701 also prohibits a lay witness from testifying regarding an issue that is not beyond the purview of the jury. United States v. Garcia-Ortiz, 528 F.3d 74 (2008) (lay witness improperly testified about a non-technical subject as to which the jury was perfectly capable of drawing its own independent conclusion based on the evidence presented).

Ms. D'Arezzo's purported testimony fails to satisfy the requirements of Rule 701 for several reasons. First, her testimony is not "rationally based on her perception." As detailed above, Ms. D'Arezzo has no personal knowledge of underlying events relating to her proposed testimony; thus, her proposed testimony is wholly unrelated to any perception she may or may not have -- let alone *rationally* based on any such perception. Second, her testimony is not

necessary or helpful to the jury. For example, she never actually served on the Commission itself or exercised the power of the office. To the contrary, Ms. D'Arezzo's testimony about her understanding at a time when she was a legal assistant would serve only to confuse and mislead the jurors by giving them the false impression that she was authorized -- or even competent -- to speak for the Commission and that her opinion and interpretation was that of the Commission. Accordingly, any testimony by Attorney D'Arezzo on these topics would constitute impermissible lay opinion, and it should be excluded under FRE 701.

## III. CONCLUSION

For all of the reasons set forth above, Defendant Robert A. Urciuoli respectfully requests that the Court exclude opinions and other incompetent testimony by Attorney Katherine D'Arezzo.

Respectfully submitted,

ROBERT A. URCIUOLI

/s/ Kristie M. Passalacqua______________
Kristie M. Passalacqua (R.I. Bar No. 6945)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Michael J. Connolly (MA BBO # 638811)
*Pro Hac Vice Counsel*
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020
mconnolly@haslaw.com

Howard M. Cooper (MA BBO # 543842)
*Pro Hac Vice Counsel*
Todd & Weld LLP
28 State Street
Boston, MA 02109
(617) 624-4713
(617) 227-5777
hcooper@toddweld.com

Dated: August 15, 2008

**CERTIFICATION**

I hereby certify that on August 15, 2008, a copy of the foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Kristie M. Passalacqua