UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 06-02- ML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**DEFENDANT ROBERT A. URCIUOLI'S MOTION *IN LIMINE* TO EXCLUDE IMPERMISSIBLE AND IRRELEVANT OPINION TESTIMONY OF ATTORNEY JAMES McGUIRK**

Defendant Robert A. Urciuoli ("Mr. Urciuoli") respectfully moves the Court, *in limine*, to preclude the Government from offering evidence at trial from Attorney James McGuirk ("Attorney McGuirk") regarding his opinion, whether held currently at trial or shared with anyone else, including Mr. Urciuoli, at a time contemporaneous with the events alleged in the Indictment, that Mr. Urciuoli's decision to hire then Senator John Celona ("Celona") as a consultant was a "bad decision," a "bad idea" which he hoped would just "go away," that there was "no good reason" for the hire, and/or that Celona lacked the background and qualifications to be helpful to Roger Williams Medical Center ("RWMC") or any of its affiliates.

Mr. Urciuoli likewise seeks to exclude evidence of Attorney McGuirk's opinion, whether held currently or shared with anyone, including Mr. Urciuoli, at a time contemporaneous with the events alleged in the Indictment, that it would be a "bad idea" for Mr. Urciuoli to ask Celona to host meetings in his office so that Mr. Urciuoli could negotiate RWMC's reimbursement contracts with an insurer.

As set forth in Mr. Urciuoli's accompanying memorandum of law, which is filed herewith and incorporated herein by reference, such testimony is irrelevant to any issue before the Court in an honest services fraud prosecution based on an alleged quid pro quo bribery scheme and the risk of unfair prejudice to Mr. Uricuoli if the jury is informed of Attorney McGuirk's purported personal opinions substantially outweighs any hypothetical probative value of the testimony. See Fed. R. Evid. 402 and 403. As well, such testimony should also be excluded where it constitutes improper lay opinion testimony. See Fed. R. Evid. 701.

Mr. Urciuoli hereby requests **oral argument** in connection with this motion. Counsel for Mr. Urciuoli estimates that thirty (30) minutes will be required for same.

WHEREFORE, Defendant Robert A. Urciuoli respectfully request that the Court exclude impermissible and irrelevant opinion testimony of Attorney James McGuirk.

Respectfully submitted,

ROBERT A. URCIUOLI

/s/ Kristie M. Passalacqua
Kristie M. Passalacqua (R.I. Bar No. 6945)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Michael J. Connolly (MA BBO # 638811)
*Pro Hac Vice Counsel*
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020
mconnolly@haslaw.com

Howard M. Cooper (MA BBO # 543842)
*Pro Hac Vice Counsel*
Todd & Weld LLP
28 State Street
Boston, MA 02109
(617) 624-4713
(617) 227-5777
hcooper@toddweld.com

Dated: August 15, 2008

**CERTIFICATION**

I hereby certify that on August 15, 2008, a copy of the foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Kristie M. Passalacqua

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 06-02- ML |
| | : | |
| ROBERT A. URCIUOLI and<br>FRANCES P. DRISCOLL | :<br>: | |

**MEMORANDUM OF LAW IN SUPPORT OF ROBERT A. URCIUOLI'S MOTION *IN LIMINE* TO EXCLUDE IMPERMISSIBLE AND IRRELEVANT <u>OPINION TESTIMONY OF ATTORNEY JAMES McGUIRK</u>**

Defendant Robert Urciuoli ("Mr. Urciuoli") respectfully submits this memorandum of law in support of his motion, *in limine*, to preclude the Government from offering evidence at trial from Attorney James McGuirk ("Attorney McGuirk") regarding his opinion, whether held currently at trial or shared with anyone else, including Mr. Urciuoli, at a time contemporaneous with the events alleged in the Indictment, that Mr. Urciuoli's decision to hire then Senator John Celona ("Celona") as a consultant was a "bad decision," a "bad idea" which he hoped would just "go away," that there was "no good reason" for the hire, and/or that Celona lacked the background and qualifications to be helpful to Roger Williams Medical Center ("RWMC") or any of its affiliates.

Mr. Urciuoli likewise seeks to exclude evidence of Attorney McGuirk's opinion, whether held currently or shared with anyone, including Mr. Urciuoli, at a time contemporaneous with the events alleged in the Indictment, that it would be a "bad idea" for Mr. Urciuoli to ask Celona to host meetings in his office so that Mr. Urciuoli could negotiate RWMC's reimbursement contracts with an insurer.

As discussed below, such testimony is irrelevant to any issue before the Court in an honest services fraud prosecution based on an alleged quid pro quo bribery scheme and the risk of unfair prejudice to Mr. Uricuoli if the jury is informed of Attorney McGuirk's purported personal opinions substantially outweighs any hypothetical probative value of the testimony. See Fed. R. Evid. 402 and 403. As well, such testimony should also be excluded where it constitutes improper lay opinion testimony. See Fed. R. Evid. 701.

## ARGUMENT

### A. The Could Should Exclude Attorney McGuirk's Testimony Under Rule 402 and 403.

Attorney McGuirk's opinion about the wisdom of hiring Celona from a business perspective is irrelevant to any issue in this case. While Attorney McGuirk may be entitled to his opinion about whether the hiring of Celona in 1998 made business sense, such an opinion is not probative of whether Mr. Urciuoli entered into a conspiracy to commit honest services mail fraud via a quid pro quo bribery scheme. Even assuming, *arguendo*, that Mr. Urciuoli exercised poor business judgment, the exercise of poor business judgment simply is not an element of any crime with which Mr. Urciuoli has been charged. Accordingly, all such evidence from Attorney McGuirk should be excluded under Rule 402 for that reason, alone. See Fed. R. Evid. 402 ("evidence which is not relevant is not admissible").

Further, to the extent that such testimony has any possible relevance (and Mr. Urciuoli respectfully submits that there is none), any such relevance is far out-weighed by the danger of unfair prejudice to Mr. Urciuoli if the jury were to hear that outside counsel for RWMC advised Mr. Urciuoli that hiring Celona was a bad idea for business reasons. See Fed. R. Evid. 403 (explaining that even relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury").

Such testimony presents a very real danger that the jury would infer that there was something criminal about the decision to hire Celona because Attorney McGuirk believed, apparently, that it did not make business sense to do so.

Attorney McGuirk readily admitted at the first trial of this matter that he had no business role at RWMC whatsoever. (Trial Tr. vol. 9/20/06, p. 202: 6-18) Rather, he was outside legal counsel to the hospital engaged to carry out legal functions. (Trial Tr. 9/20/06, p. 193: 6-19) It is likewise undisputed that in that capacity (or any other) Attorney McGuirk never advised Mr. Urciuoli (or anyone else) that hiring Celona was unlawful. (Trial Tr. 9/21/06, p. 169: 2-13) To the contrary, Attorney McGuirk readily drafted documents necessary to Celona's hiring, including a consulting agreement and a submission to the Rhode Island Ethics Commission, and his firm billed for its time in doing so. (Trial Tr. 9/20/06, p. 202-203; p. 212-213; p. 220: 4-14; Trial Tr. 9/21/06, p. 35-38)

Mr. Urciuoli has submitted herewith the entirety of Attorney McGuirk's testimony from the first trial of this matter. See Appendix of Exhibits at Tab B. The following are some examples from Attorney McGuirk's 2006 trial testimony concerning the hiring of Celona which illustrate the problematic testimony:

Q: And what was discussed regarding John Celona when you were on the telephone with Bob Urciuoli?

A: We were having a conversation about a variety of things, and he said that he had been approached by Senator Celona and asked if there was anything that he could do to gain employment or consultancy with the hospital.

Q: And did Bob Urciuoli say anything else to you about what John Celona had said to him?

A: He said that he was undergoing some financial trouble at the time and that Bob told me that he felt sorry for him and --

Q: What did you say to Bob Urciuoli?

A: I said, Gee, Bob, I said, I just don't know what Senator Celona could do for any of the entities, you know, in the medical center. He has no experience in the health care field. He had this lawnmower business. I couldn't imagine anything that he could do to benefit the hospital or any of the affiliates and, to boot, he was a state senator.

Q: What else, if anything, did you say about, to boot, he was a state senator?

A: That it would present enormous conflicts, that it would be difficult for -- that's probably all we said on that phone call.

See Trial Tr. 9/20/06, at pp. 198:2 - 199:1.

Q: And what did you discuss about John Celona that day? Let me ask it this way. What did Bob Urciuoli say?

A: He said that he had thought it over some more and that he really thought that John Celona could be a help in developing the current phase and future phases of the Village at Elmhurst given his extensive connections in the senior citizen world.

Q: And did he discuss at all what entity he could be helpful to?

A. The Village at Elmhurst.

Q: Did he have any discussions about hiring him for the hospital?

A: No.

Q: What, if anything, did you say in response to that?

A: I repeated what I had said on the phone. I said that I didn't think it was a good idea. I thought it was a bad idea. I didn't think he brought any value to the -- any of the entities, and I was cynical as to how much effect that he could have with the Village at Elmhurst because they already had their own management team.

And the other part of it was, I was not confident that Senator Celona could make the distinctions in discharging his duties as a state senator when issues of general health care were going to be discussed. I didn't think he was sensitive enough or experienced enough to realize that the type of bills that go through the Rhode Island General Assembly were innocuous enough on the surface but, in effect, had far-reaching effects on nursing homes, assisted living, hospitals, et cetera.

Id., at pp. 200:4 - 201:12.

Q: And where did -- what was the next conversation you had with Frances Driscoll after the meeting in Robert Urciuoli's office?

A: I told her I thought it was a bad idea, and she said she agreed but that Bob looked committed to it. And I said, maybe he'll forget about it. Maybe we can just ignore it. And she said, I don't think that's going to happen.

Id. at p. 205:7-14.

Similarly, Attorney McGuirk's expression of his opinion in 2003 that it would be a "bad idea" for Mr. Urciuoli to ask Celona to host meetings at his office between Mr. Urciuoli and representatives of insurers so that Mr. Urciuoli (but not Celona) could attempt to negotiate outstanding contract issues, should be excluded because such evidence, too, is wholly irrelevant to the issues before the Court, and the admissibility of such evidence will be unfairly prejudicial to Mr. Urciuoli. See Fed. R. Evid. 402 and 403.

The following excerpts from Attorney McGuirk's 2006 trial testimony are examples of what should be precluded:

Q: Did [Mr. Urciuoli] explain to you why having John Celona invite [President and Chief Operating Officer of Blue Cross] Ron Battista, why that would make things change?

A: No.

Q: What did you say in response to that?

A: I said, Bob, Senator Celona's going to set up the meeting? And he said, Yes. I said, I think that's a bad idea. I said, you know, in what capacity is he setting up this meeting, as a state senator, you know? I just don't understand why he's getting involved, and it just doesn't appear right.

See Trial Tr. 9/21/06, at p. 64:1-10.

* * * * *

A: I said, well, gee, Bob, I mean, he's a state senator, you know. And he said, it's going to be difficult. You've seen the rulings in the paper all the time. It's going to be very difficult to parse what he can act on and what he can't act on. Being a state senator, he has to be careful.

See Trial Tr., 9/25/06, at p. 17:1-6.

With respect to these events, the lack of relevance and attendant unfair prejudice is amplified where the Government is aware from the testimony of one of its other witnesses, RWMC General Counsel, Kimberly O'Connell, that she, in fact, advised Mr. Urciuoli, in her role as counsel to the hospital, that there was nothing wrong with asking Celona to host such meetings so long as he did not participate in the negotiations, and that she provided this advice to Mr. Urciuoli after and in response to Attorney McGuirk stating that it was, in his opinion, a "bad idea." See Trial Tr. 9/26/06, at pp. 10 – 12, attached hereto as Tab L to the Appendix of Exhibits.

The appearance of a lawyer before a jury presents a heightened risk that the jury will credit the lawyer with having some unique legal insight or expertise with regard to the matter under discussion. See United States v. Varoudakis, 233 F.3d 113, 122 (1st Cir. 2000) (explaining that evidence is unfairly prejudicial if it "invites the jury to render a verdict on an improper emotional basis.") Accordingly, there exists a very real danger here that the jury will confuse what was at most Attorney McGuirk's largely unsolicited business advice to Mr. Urciuoli with a warning from RWMC's outside counsel that there was something legally wrong with hiring Celona or asking Celona to host the meetings with insurers. See Fed. R. Evid. 403; see also United States v. Figueroa, 618 F.2d 934, 943 (2nd Cir. 1980); citing Advisory Committee Note to Rule 403; S. Saltzburg and K. Redden, Federal Rules of Evidence Manual 43 (2d ed. 1978 Supp.) ("Evidence is prejudicial . . . when in tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence.")

In the context of an honest services mail fraud prosecution, our appellate courts have repeatedly cautioned trial courts about the difficulties of line drawing for the jury between

permissible contacts with the Government and those which are criminal in nature. See United States v. Urciuoli, 513 F.3d 290, 294 (1st Cir. 2008) ("the central problem is that the concept of 'honest services' is vague and undefined by statute. So, as one moves beyond core misconduct covered by the statute (e.g., taking a bribe for a legislative vote), difficult questions arise in giving coherent content to the phrase through judicial glosses.") As the Sawyer I court explained:

> . . . where, as here, the line between the merely unattractive and actually criminal conduct is blurred, the court must take pains to explain the difference to the jury. The Second Circuit took this same view in a closely related context, saying: 'When an elected official who has received campaign contributions is charged with extortion and with receiving bribes, the charge must carefully focus the jury's attention on the difference between lawful political contributions and unlawful extortionate payments and bribes.' United States v. Biaggi, 909 F.2d 662, 695-96 (2d Cir. 1990), cert. denied, 499 U.S. 904 (1991).

Sawyer I, 85 F.3d at 741-42

Attorney McGuirk's anticipated testimony presents a classic example of this problem. Admission of this evidence will serve only to complicate an already complicated and obscure statute and increase the risk of jury confusion. Given the inherently confusing nature of the honest services fraud statute, the Court should take particular care in limiting the evidence presented at trial to that which is probative of the charged crimes, namely, an alleged illegal quid pro quo bribery scheme. The testimony by Attorney McGuirk, described above, is simply not probative of this issue. Accordingly, McGuirk's testimony should be excluded under Rule 402 and 403.

**B. The Court Should Exclude McGuirk's Testimony Under Rule 701.**

Attorney McGuirk's testimony should also be excluded under Federal Rule of Evidence 701 because, even if it is offered as part of a then contemporaneous discussion between Attorney McGuirk and Mr. Urciuoli, it constitutes improper lay opinion testimony. See Fed. R. Evid. 701

(setting forth requirements for lay opinion testimony). Attorney McGuirk is not, and was not, an expert on the business efficacy of hiring decisions made by Mr. Urciuoli at RWMC and has not been disclosed as such by the Government. Accordingly, his testimony cannot be admitted under Rule 702. See Fed. R. Evid. 702 (setting forth requirements for expert testimony). Nor does his testimony satisfy the requirements for lay opinion testimony under Rule 701. See Fed. E. Evid. 701 (requiring, among other things, that lay testimony be helpful to a clear understanding of the witness' testimony or the determination of a fact in issue).

Attorney McGuirk's purported testimony fails to overcome the hurdle of Rule 701. Contrary to being helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, Attorney's McGuirk's testimony on the topics set forth above would serve only to confuse the issues at trial and mislead the jury by creating the unjustified impression that counsel to RWMC advised Mr. Urciuoli that it was somehow improper to hire Celona or to ask Celona to host meetings with insurers. Accordingly, Attorney McGuirk's testimony should be excluded under Rule 701.

## CONCLUSION

For all of the reasons set forth above, Defendant Robert A. Urciuoli respectfully requests that the Court exclude at trial impermissible and irrelevant opinion testimony of Attorney James McGuirk.

Respectfully submitted,

ROBERT A. URCIUOLI

/s/ Kristie M. Passalacqua

Kristie M. Passalacqua (R.I. Bar No. 6945)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Michael J. Connolly (MA BBO # 638811)
*Pro Hac Vice Counsel*
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020
mconnolly@haslaw.com

Howard M. Cooper (MA BBO # 543842)
*Pro Hac Vice Counsel*
Todd & Weld LLP
28 State Street
Boston, MA 02109
(617) 624-4713
(617) 227-5777
hcooper@toddweld.com

Dated: August 15, 2008

## CERTIFICATION

I hereby certify that on August 15, 2008, a copy of the foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Kristie M. Passalacqua