UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : Cr. No. 06-02- ML
:
ROBERT A. URCIUOLI and :
FRANCES P. DRISCOLL :

**ROBERT A. URCIUOLI'S MOTION TO STRIKE PORTIONS OF THE INDICTMENT RELATED TO: (1) ALLEGED CONCEALMENT OF A CONFLICT OF INTEREST; (2) RESCUE RUN ACTIVITY; AND (3) ACQUITTED CONDUCT**

Defendant Robert A. Urciuoli hereby moves the Court to strike portions of the Indictment related to: (1) alleged concealment of a conflict of interest; (2) rescue run activity; and (3) acquitted conduct, including, but not limited to, (i) all allegations relating to Peter Sangermano; (ii) all allegations involving Frances Driscoll's participation in a conspiracy to commit honest services mail fraud; and (iii) and all activity regarding House Bill 98-H 8229 (the "Alzheimer's Bill"). In support of this motion, Mr. Urciuoli relies on his accompanying memorandum of law, which is filed herewith and incorporated herein by reference.

Mr. Urciuoli hereby requests **oral argument** in connection with this motion. Counsel for Mr. Urciuoli estimates that forty-five (45) minutes will be required for same.

WHEREFORE, Defendant Robert A. Urciuoli respectfully requests that this Court strike the portions of the Indictment, listed herein, that relate to: (1) alleged concealment of a conflict of interest; (2) rescue run activity; and (3) acquitted conduct, including, but not limited to, (i) all allegations relating to Peter Sangermano; (ii) all allegations involving Frances Driscoll's participation in a conspiracy to commit honest services mail fraud; and (iii) all activity regarding House Bill 98-H 8229.

*#752490v1*

Respectfully submitted,

ROBERT A. URCIUOLI

By his attorneys,

/s/ Kristie M. Passalacqua
Kristie M. Passalacqua (R.I. Bar No. 6945)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Michael J. Connolly (MA BBO # 638811)
*Pro Hac Vice Counsel*
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020
mconnolly@haslaw.com

Howard M. Cooper (MA BBO # 543842)
*Pro Hac Vice Counsel*
Todd & Weld LLP
28 State Street
Boston, MA 02109
(617) 624-4713
(617) 227-5777
hcooper@toddweld.com

Dated: August 15, 2008

## CERTIFICATION

I hereby certify that on August 15, 2008, a copy of the foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Kristie M. Passalacqua

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 06-02- ML |
| | : | |
| ROBERT A. URCIUOLI and FRANCES P. DRISCOLL | : | |

**MEMORANDUM OF LAW IN SUPPORT OF ROBERT A. URCIUOLI'S MOTION TO STRIKE PORTIONS OF THE INDICTMENT RELATED TO: (1) ALLEGED CONCEALMENT OF A CONFLICT OF INTEREST; (2) RESCUE RUN ACTIVITY; AND (3) ACQUITTED CONDUCT**

Defendant Robert A. Urciuoli respectfully submits this memorandum of law in support of his motion to strike portions of the Indictment related to: (1) alleged concealment of a conflict of interest; (2) rescue run activity; and (3) acquitted conduct, including, but not limited to, (i) all allegations relating to Peter Sangermano; (ii) all allegations involving Frances Driscoll's participation in a conspiracy to commit honest services mail fraud; and (iii) and all activity regarding House Bill 98-H 8229 (the "Alzheimer's Bill").

The Government has unequivocally, and now repeatedly, represented to the Court both orally and in writing that it has abandoned its "concealed conflict of interest" theory of honest services mail fraud prosecution and intends to proceed exclusively on a quid pro quo bribery theory. See, e.g., the Government's Opposition to Frances Driscoll's Motion for Preliminary Jury Instruction (Docket # 302), p. 3 ("Presently, the United States is not proceeding on a concealed conflict of interest theory"), and p. 10 ("In sum, this case is about quid pro quo bribery . . . the evidence at the second trial will comport with a quid pro quo bribery theory of honest services mail fraud."). The purpose of the Indictment is to give notice to the defendant of the charges against him. Where, as here, the Government has disavowed any prosecution of the

Defendants based upon an alleged concealed conflict of interest, the interests of justice require that the Indictment reflect the actual remaining changes which will be placed before the jury. Accordingly, Mr. Urciuoli moves to strike the following portions of the Indictment that relate to an alleged concealed conflict of interest:

(A) Paragraphs 16, 18, 20, 25, 42, 43, 44, 92, 93, 94, 100, 102, in their entirety;

(B) the phrase "disclose conflicts of interest and other material information in matters over which he exercised influence, authority, and discretion that resulted in his personal gain" from Paragraph 10; and

(C) the phrase "conflict of interest and self-enrichment" from Paragraphs 14, 96 and 106.

Mr. Urciuoli also moves to strike the portions of the Indictment that pertain to rescue run activity, specifically, allegations pertaining to John Celona's efforts to increase rescue runs to Roger Williams Hospital ("RWH"), on the grounds that Celona's efforts to increase rescue runs to RWH cannot, as a matter of law, serve as the basis for an honest services mail fraud conviction. As the First Circuit has noted, "urging local officials to obey state law is not easily described as a deprivation of honest services, actually or potentially harmful to the citizens of Rhode Island." United States v. Urciuoli et al., 513 F.3d 290, 295 (1st Cir. 2008). Indeed, under Rhode Island law, it was perfectly permissible for Celona, a part-time legislator, to accept payment from RWH to advocate with local officials in his private capacity as a citizen. Id. at 295 ("We think the rescue run lobbying of mayors was not a crime even if the facts are taken most favorably to the government.") Accordingly, Mr. Urciuoli moves to strike the following Paragraphs of the Indictment: Paragraphs 35, 36, 37, 38.

Finally, Mr. Urciuoli moves to strike all portions of the Indictment related to acquitted conduct, including, but not limited to: (i) all allegations relating to Peter Sangermano; (ii) all allegations involving Frances Driscoll's participation in a conspiracy to commit honest services

mail fraud; and (iii) all allegations regarding activity involving House Bill 98-H 8229. Peter Sangermano was acquitted of all charges at the first trial in this matter; accordingly, Mr. Urciuoli requests that the Court strike all allegations in the Indictment pertaining to Peter Sangermano, including, but not limited to Paragraphs 50, 52 and 53. Co-defendant Frances Driscoll was acquitted at the first trial in this matter of the charge that she conspired to commit honest services mail fraud; accordingly, Mr. Urciuoli moves to strike all allegations involving Frances Driscoll's participation in such a conspiracy. Lastly, Mr. Urciuoli moves to strike all allegations regarding activity involving the Alzheimer's Bill (House Bill 98-H 8229), a bill that prohibited health facilities from holding themselves out as offering Alzheimer's car to patients unless the facilities were licensed as nursing homes or hospitals. The Indictment does not allege that Mr. Urciuoli took any action with respect to this bill (only Sangermano and Driscoll); accordingly, Mr. Urciuoli moves to strike from the Indictment all references to and allegations concerning the Alzheimer's Bill, including, but not limited to, Paragraphs 33 and 34.

In light of the foregoing, Defendant Robert A. Urciuoli respectfully requests that this Court strike the portions of the Indictment, listed herein, that relate to: (1) alleged concealment of a conflict of interest; (2) rescue run activity; and (3) acquitted conduct, including, but not limited to, (i) all allegations relating to Peter Sangermano; (ii) all allegations involving Frances Driscoll's participation in a conspiracy to commit honest services mail fraud; and (iii) all activity regarding House Bill 98-H 8229.

Respectfully submitted,

ROBERT A. URCIUOLI

By his attorneys,

/s/ Kristie M. Passalacqua
Kristie M. Passalacqua (R.I. Bar No. 6945)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Michael J. Connolly (MA BBO # 638811)
*Pro Hac Vice Counsel*
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020
mconnolly@haslaw.com

Howard M. Cooper (MA BBO # 543842)
*Pro Hac Vice Counsel*
Todd & Weld LLP
28 State Street
Boston, MA 02109
(617) 624-4713
(617) 227-5777
hcooper@toddweld.com

Dated: August 15, 2008

## CERTIFICATION

I hereby certify that on August 15, 2008, a copy of the foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Kristie M. Passalacqua