UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02MML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' OBJECTION TO DEFENDANT ROBERT URCIUOLI'S MOTION IN LIMINE TO EXCLUDE MISLEADING QUESTIONS AND ARGUMENT**

Defendant Robert Urciuoli has moved the Court *in limine* to exclude what he characterizes as misleading questions and argument. The United States objects to defendant Urciuoli's request for the reasons in the memorandum of law filed simultaneously herewith.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
dulce.donovan@usdoj.gov

**CERTIFICATION**

I hereby certify that on August 22, 2008, I electronically filed this Objection with the Clerk of the US District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Kristie M. Passalacqua, Esq.
Michael Connolly, Esq.
Joseph Whelan, Esq.
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903

Howard Cooper, Esq.
Todd & Weld, LLP
28 State Street
Boston, MA 02109

John A. MacFadyen, Esq.
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

Kevin Bristow, Esq.
76 Westminster Street
Providence, RI 02903

Larry Tipton
One Center Place, Suite 220
Boston, MA 02108

/s/ Luis M. Matos

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02MML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT ROBERT URCIUOLI'S MOTION IN LIMINE TO EXCLUDE MISLEADING QUESTIONS AND ARGUMENT**

Defendant Robert Urciuoli has moved the Court *in limine* to exclude what he characterizes as misleading questions and argument. As with many of his motions *in limine* defendant is attempting to re-try this case on the paper rather than at trial. There was nothing improper in the Government's questions at trial nor in its closing argument. Certainly, they were not the subject of any issue presented on appeal by Urciuoli.

Defendant argues that it was improper for the United States to ask questions about what Celona "worked on" and to argue about what Celona "worked on." In support of his motion, he makes the conclusory argument that it was perfectly proper for Celona to work on legislative issues because the ethics opinion allowed him to do so. Defendant's motion at 2. Therefore, according to defendant, Celona could work on legislative issues but the Government can't ask about whether anyone knew that Celona was "working on" legislative issues. Urciuoli's position defies logic and is inconsistent with the allegations, the law, and facts in this case. His motion should be denied.

## I. Argument

To establish a violation of 18 U.S.C. §§ 1341 and 1346, the government must prove three elements:

(1) a scheme, substantially as charged in the indictment, to defraud;

(2) the defendant's knowing and willing participation in this scheme with the intent to defraud; and

(3) the use of the United States mails, on or about the date charged, in furtherance of this scheme.

First Cir. Pattern Crim. Jury Instr. § 4.12 (1997); see United States v. Sawyer, 239 F.3d 31, 39-40 (1st Cir. 2001) ("Sawyer II").

As this Court knows, 18 U.S.C. § 1346 provides that "the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346. Section 1346, and therefore § 1341, "reach[es] schemes to defraud individuals of the intangible right to honest services of government officials." United States v. Sawyer , 85 F.3d 713, 723-24 (1st Cir. 1996) ("Sawyer I") (citing United States v. Grandmaison, 77 F.3d 555, 565-66 (1st Cir. 1996)). With respect to the second element, the United States must prove that the defendant "acted with two kinds of intent: that [he] intended to deprive the public of [Celona's] honest services, and that [the defendant] intended to deceive the public." Sawyer II, 239 F.3d at 41.

In this case, one of the ways in which the Government will prove that defendant intended to deceive the public is by establishing that he withheld critical information from his advisers. Attorney James McGuirk was a trusted advisor of defendant Urciuoli. Urciuoli took advantage of

that relationship by using McGuirk as cover in his scheme. He told McGuirk about his plan to hire Celona but did not tell him the full story – that he intended for and that Celona did actually work on legislation. As result McGuirk, with Fran Driscoll's participation, drafted a contract for Celona's services which inaccurately described Celona's duties and his association with the hospital. In order to establish that McGuirk and, later, Kimberly O'Connell, who was brought in as RWMC's in-house counsel, were kept in the dark it is necessary to establish what they knew and what they did not know. This is true especially when, during the scheme, Urciuoli used McGuirk as cover, and when, later at trial, he attempted to duck responsibility by hiding behind an advice of counsel defense.

Defendant argues that the questions are guilt implying. He attempts to support his argument by citing to excerpts from the first trial. The excerpts show that the Court allowed such questioning on numerous occasions. That the Court expressed frustration at <u>both</u> sides on occasion is, at times, the nature of trial. The Government is not about to engage in a sparring session about the occasions when such frustration was directed at defendants' counsel. However, defendant's attempts to outline permissible questioning (how a proper question should be formulated) and proper closing argument are premature and misguided. It is unclear what defendant means by "guilt implying" questions. If this were a drug trial and the United States asked a witness if he saw defendant carry the drugs, the question might be guilt implying but certainly proper. Asking about what Celona was working on (a common term) is certainly proper and not nearly as prejudicial as asking if a defendant was carrying drugs.

Urciuoli can't have it both ways. He can't argue that Celona's legislative work was perfectly legal and then argue that the Government can't ask whether anyone knew about the

legislative work. If Urciuoli truly believed that the arrangement was "permitted as a matter of law," defendant's motion at 5, there would be no reason for Urciuoli to hide the information from his trusted consiglieri. The fact that he did is the proper subject of direct examination and argument.

## II. Conclusion

Based on the foregoing, the United States respectfully requests that the Court deny Defendant Urciuoli's motion *in limine*.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
dulce.donovan@usdoj.gov

**CERTIFICATION**

I hereby certify that on August 22, 2008, I electronically filed this Supporting Memorandum with the Clerk of the US District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Kristie M. Passalacqua, Esq.
Michael Connolly, Esq.
Joseph Whelan, Esq.
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903

Howard Cooper, Esq.
Todd & Weld, LLP
28 State Street
Boston, MA 02109

John A. MacFadyen, Esq.
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

Kevin Bristow, Esq.
76 Westminster Street
Providence, RI 02903

Larry Tipton
One Center Place, Suite 220
Boston, MA 02108

/s/ Luis M. Matos