**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02 MML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' OBJECTION TO DEFENDANT FRANCES DRISCOLL'S MOTION IN LIMINE TO EXCLUDE RESCUE RUN EVIDENCE**

Defendant Frances Driscoll has moved the Court *in limine* to exclude evidence relating to John Celona's activities in regard to the rescue runs. The United States objects to defendant Driscoll's request for the reasons detailed in the accompanying memorandum of law filed simultaneously herewith.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
dulce.donovan@usdoj.gov

**CERTIFICATION**

I hereby certify that on August 22, 2008, I electronically filed this Objection with the Clerk of the US District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Kristie M. Passalacqua, Esq.
Michael Connolly, Esq.
Joseph Whelan, Esq.
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903

Howard Cooper, Esq.
Todd & Weld, LLP
28 State Street
Boston, MA 02109

John A. MacFadyen, Esq.
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

Kevin Bristow, Esq.
76 Westminster Street
Providence, RI 02903

Larry Tipton
One Center Place, Suite 220
Boston, MA 02108

/s/ Luis M. Matos

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02 MML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT FRANCES DRISCOLL'S MOTION IN LIMINE TO EXCLUDE RESCUE RUN EVIDENCE**

Defendant Frances Driscoll has moved the Court *in limine* to exclude evidence relating to John Celona's activities in regard to the rescue runs. The United States objects to defendant Driscoll's request because the rescue run evidence is relevant to the issues at trial – in particular it is relevant to proving what Celona was tasked to do, who tasked him, and to explain the contours of his relationship with the hospital.

**II. Argument**

In United States v. Urciuoli, 513 F.3d 290 (1st Cir. 2008), the First Circuit found that John Celona's rescue run advocacy could not qualify as a deprivation of the "honest services" owed to the public. Id. at 295. However, the Court did not in any way opine as to whether the evidence was admissible. In fact, the evidence regarding the rescue run advocacy remains relevant to explain the nature of the relationship between Roger Williams Medical Center ("RWMC"), defendants, and Celona. It is also evidence that demonstrates that when Celona purportedly entered into a contract with the Village at Elmhurst, defendants Driscoll and Urciuoli knew that the contract was deceptive because it did not fully outline the scope of Celona's relationship with RWMC.

During the first trial there was evidence adduced about other activities that Celona undertook on behalf of RWMC, such as making a presentation at a high rise senior facility in North Providence (Centerdale Manor), which helped establish the true nature of Celona's relationship with RMWC – that is, that the contract with the Village at Elmhurst was not what it was purported to be. The rescue runs now fall into the category of other activities that Celona performed but which will not be presented to the jury as conduct which constitutes a deprivation of honest services. Rather, it is evidence of the relationship.

Indeed, if evidence about the rescue runs is excluded, the jury would essentially be denied the opportunity to view and evaluate the context of the Celona relationship. For instance, defendants have made clear by their requests for stipulations that they intend to introduce evidence about a multitude of activities that Celona was undertaking – including the visits to Centerdale Manor, his work with a Teamsters organization, his outreach on behalf of the Village, his efforts to organize a softball event and other activities. For instance, attached is Government Exhibit 172. It is a report of activities that John Celona prepared for Fran Driscoll that outlines his work for the time period February 1998 through May 1998. In it, John Celona outlines his activities regarding legislation, rescue runs, Centerdale Manor, the Village, a presentation on prostate cancer, a visit to the Salvatore Mancini Center, an address to the Teamsters, and other matters. Defendants have indicated that they will stipulate to this exhibit except for the reference to rescue runs. If Driscoll's motion were to be granted, the jury would in effect only be given a partial picture of what Celona was doing during the relevant time period and, hence, would be deprived of relevant evidence when carrying out its fact-finding mission. There is no legitimate basis to withhold the evidence.

The evidence certainly is not prohibited under Fed. R. Evid. 403. Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. In weighing whether evidence should be excluded under Rule 403, "it is only unfair prejudice which must be avoided." United States v. Rodriguez-Estrada, 877 F.2d 153, 156 (1st Cir. 1989). However, not all prejudicial evidence must be excluded as "unfair" because "[b]y design, all evidence is meant to be prejudicial." Id. There is nothing unfair about the rescue run evidence. Celona was hired by Robert Urciuoli to advance the hospital's agenda. In order to obfuscate the nature of the relationship, a contract was drafted that purported to show that Celona was working for the Village. The rescue run evidence along with other evidence of what Celona was doing will help establish that the contract was a sham. Hence the evidence is relevant and should be admitted.

## III. Conclusion

Based upon the foregoing, defendant Driscoll's motion *in limine* should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
dulce.donovan@usdoj.gov

**CERTIFICATION**

I hereby certify that on August 22, 2008, I electronically filed this Supporting Memorandum with the Clerk of the US District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Kristie M. Passalacqua, Esq.
Michael Connolly, Esq.
Joseph Whelan, Esq.
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903

Howard Cooper, Esq.
Todd & Weld, LLP
28 State Street
Boston, MA 02109

John A. MacFadyen, Esq.
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

Kevin Bristow, Esq.
76 Westminster Street
Providence, RI 02903

Larry Tipton
One Center Place, Suite 220
Boston, MA 02108

/s/ Luis M. Matos

*Researched entire amount of legislation filed, determined bills that pertain to hospitals, catered retirement living, nursing homes, and assisted living.

*Forwarded said copies of legislation to Mr. Peter Sangermano

*Advised Mr. Sangermano on Mesolella legislation and explained its problems to the sponsor and committee members. Resulted in legislation being held.

*Monitored on a daily basis and reported findings of Senate bill 98-S 2796-bill was transferred from Senate Corporations to Senate Judiciary and has never been heard -effectively meaning the bill's failure.

*Attained complete copy of the purchase agreement for Landmark Medical Center and forward to RWMC for review.

*Attained copy of Rhode Island's "Prehospital Care Protocols and Standing Orders" that were established by the Division of Emergency Medical Services of the Rhode Island Department of Health and the Rhode Island Ambulance Service Advisory Board.

*Researched aforementioned to determine protocol regarding emergency rescue transport to hospitals.

*Identified sections that would aid in the effort to attain more rescue transports to Roger Williams Medical Center.

*Identified communities that havenot been using RWMC's services according to the rescue protocol.

*Met with North Providence Fire Department Chief to recommend more emergency transports to RWMC

*Met with East Providence Fire Department Chief to "remind" him of the rescue protocol in order to attain more East Providence rescue transports to RWMC

*Set up the first of the senior housing complex visits at Centredale Manor to expain the future of physician home visits that eventually would result in more business for RWMC(April 6, 1998).

*Met with Dr. O'Dowd, Fran Driscoll and Arlene Troia to discuss the visit

*Prior to the presentation, met with the Centredale Manor residents to determine if there was and interest in the program.

*Developed the outline for the presentation.

*Helped develop survey for distribution at Centredale Manor.

*Attended the April 6, 1998 meeting at Centredale Manor and delivered opening remarks and personally discussed with residents the value of the program to them.

*Met with Dr. O'Dowd, Fran Driscoll and Arlene Troia to discuss results of first visit.

*Arrainged for and conducted the interview of Lisa Hawthorne of the Village and Dr. John Stoukides of RWMC ContinuCare on cable television program "Access Rhode Island" that was produced by Temple Beth-El and aired in the entire state of Rhode Island in Southeastern Massachusetts

*Arrainged for, produced, interviewed and edited Ms. Hawthorne and Dr. Stoukides a viewing of "The Celona State House Report." 30 minute program is aired on Cox Cable in Providence, North Providence and Kent County. Will be shown for six consecutive weeks.

*Made video tape copies of both programs and forwared to Mrs. Diane Sangermano per her request.

*Wrote and distributed news releases regarding the cable television program and forwarded copies of release and news article to Mrs. Diane Sangermano and to Fran Driscoll

*addressed the USTOO national support group for men with Prostate Cancer on April 15, 1998 at RWMC's Kay Auditorium. Reported to Fran Driscoll.

*Personally contacted all of Centredale Manor residents on who responded to survey explaining the next step in our "home visit" program.

*Referred one resident to Arlene Troia who stated that she was in immediate need of a physician.

*Set up tentative date for next senior complex visit at Mineral Spring Gardens on Mineral Spring Avenue..

*Attended health fair at the Salvatore Mancini Center on Aging.

*Set up meeting with Karen Testa, Executive Director at the center in order to substitute RWMC's services for those currently accorded by VNA.

*With be setting up a luncheon and tour with Lori Zito, Ms. Testa and myself at the Village.

*Will develop a presention time period for Village representatives to address senior citizens at the Mancini Center touting the Village.

*Conducted the interview, edited and produced "The Celona State House Report" cable television program with Lori Zito and Susan Bayley. 30 minute program will be aired in July, 1998 in Providence, North Providence and Kent County on Cox Cable.

*Wrote a draft of the notice for the Mineral Spring Gardens visit and forwarded to RWMC for review and final draft.

*Addressed Woonasquatucket Valley Rotary Club on the values of residency at the Village(May 21, 1998). Informed Fran Driscoll and Lisa Hawthorne of visit and discussed with Gloria Kennedy the Rotary visit and invited her.

*Set up with Ms. Kennedy for the rotary club to visit the Village, have lunch and conduct their June 25, 1998 meeting there.

*Made final arraingements for tour of RWMC and Village by Greystone School students and attended.

*Will be addressing the Teamster Union Retirees, Local 251 at the union hall in East Providence regarding the virtues of residency at the Village. Reported to Fran Driscoll and Lisa Hawthonre. Spoke with Lori Zito and she will attend also.