UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02MML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' OBJECTION TO DEFENDANT ROBERT URCIUOLI'S MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE OF CONCEALMENT AND FOR PRELIMINARY INSTRUCTION OF THE JURY**

Defendant Robert Urciuoli has moved the Court *in limine* to exclude all evidence of alleged concealment and for instruction of the jury on Rhode Island law. The United States objects to defendant Urciuoli's request. The bases for the United States' objection are detailed in the memorandum of law filed simultaneously herewith.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
dulce.donovan@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02MML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANT ROBERT URCIUOLI'S MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE OF CONCEALMENT AND FOR PRELIMINARY INSTRUCTION OF THE JURY**

## I. Introduction

Defendant Robert Urciuoli has moved the Court *in limine* to exclude all evidence of alleged concealment and for instruction of the jury on Rhode Island law. Specifically, Urciuoli asks the Court to prohibit the United States from introducing "in its entirety" the testimony of James McGuirk, counsel to Roger Williams Medical Canter (RWMC), and Katherine D'Arezzo, staff attorney for the Rhode Island Ethics Commission.[1] In addition, Urciuoli asks the Court to prohibit the United States from asking any witnesses questions regarding whether they knew that John Celona had a financial relationship with RWMC or any of its affiliated entities. Despite the fact that he has already filed a motion requesting that the Court preliminarily instruct the jury concerning the so-called class exception under Rhode Island Ethics law, which the Court denied, Urciuoli renews that request in his current filing. Alternatively, Urciuoli asks the Court to instruct the jury on Rhode Island law during the trial and at the close of evidence.

Urciuoli's motion should be denied. As the Court is well aware, one of the elements that the United States is required to prove in making out an honest services fraud case, even one in

[1] Counsel for the United States has already represented that we do not intend to call Katherine D'Arezzo as a witness at trial.

which the theory of liability is quid pro quo bribery, is that the defendants intended to deceive the public. Thus, the introduction of evidence of concealment is appropriate and necessary to the United States proving its case. Furthermore, preliminary instruction on Rhode Island law is not appropriate given the fact that the United States is proceeding on a qui pro quo theory of prosecution. In such a case, Urciuoli's alleged reliance on state ethics law is not an affirmative defense to his actions. See United States v. Urciuoli, 513 F.3d 290, 298 (1st Cir. 2008). Indeed, Rhode Island law specifically prohibits the type of conduct with which Urciuoli is charged. Rhode Island General Law § 36-14-5(i) provides that "[n]o person shall give or offer to any person covered by this Code of Ethics . . . any gift, loan, political contribution, reward or promise of future employment based on any understanding or expectation that the vote, official action or judgment of said person would be influenced thereby." R.I. Gen. L. § 36-14-5(i). For all of these reasons, Urciuoli's motion in limine should be denied.

## II. Argument

### A. The Elements of Honest Services Mail Fraud Include An Intent to Deceive

This Court is well-versed in the elements that the United States is required to prove in making out an honest services fraud case. To establish a violation of 18 U.S.C. §§ 1341 and 1346, the government must prove three elements:

(1) a scheme, substantially as charged in the indictment, to defraud;

(2) the defendant's knowing and willing participation in this scheme with the intent to defraud; and

(3) the use of the United States mails, on or about the date charged, in furtherance of this scheme.

First Cir. Pattern Crim. Jury Instr. § 4.12 (1997); see United States v. Sawyer, 239 F.3d 31, 39-40 (1st Cir. 2001) ("Sawyer II").

Title 18 U.S.C. § 1346 provides that "the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346. Section 1346, and therefore § 1341, "reach[es] schemes to defraud individuals of the intangible right to honest services of government officials." United States v. Sawyer , 85 F.3d 713, 723-24 (1st Cir. 1996) ("Sawyer I") (citing United States v. Grandmaison, 77 F.3d 555, 565-66 (1st Cir. 1996)). With respect to the second element, the United States must prove that the defendant "acted with two kinds of intent: that [he] intended to deprive the public of [Celona's] honest services, and that [the defendant] intended to deceive the public." Sawyer II, 239 F.3d at 41. The first kind of intent requires either that the defendant "intended to influence [Celona] in [his] official action" or intended that Celona fail to disclose a conflict of interest resulting in personal gain. Id. at 40-41. In this, the United States intends to demonstrate that defendants intended to influence Celona in his official action. In any event, the United States must show that defendants intended to deceive the public. Id. at 41 ("while it may be difficult to conceive of a scheme to deprive someone of the right to honest services without intending to deceive that person, the intent to deceive must nonetheless be established.")[2] Id. 239 F.2d at 41. Thus, the

[2] Truly remarkable is Urciuoli's failure to acknowledge in his supporting memorandum that one of the key elements in a quid pro quo bribery honest services case is demonstrating an intent to deceive. See Urciuoli Supp. Mem. at 10-11. In fact, in mail and wire fraud cases generally, evidence that a defendant engaged in efforts to conceal his actions demonstrates his intentional participation in a scheme to defraud. See United States v. Reeder, 170 F.3d 93, 103 (1st Cir. 1999) (defendant's misrepresentations to regulators and fraudulent efforts to conceal actions established intentional participation in scheme to defraud); United States v. Seward, 272 F.3d 831, 837 (7th Cir. 2001) (evidence could properly be relied upon to show money laundering as well as ongoing effort to defraud and conceal fraud). Thus, evidence that individuals were not

intent to deceive is unmistakably one of the elements which the United States is required to prove at trial and evidence that defendants acted with such intent is properly admitted.

**B. Urciuoli Is Mistaken in Suggesting that the United States' Current Theory of Criminal Liability Necessarily Will Include the Introduction of Evidence Concerning a "Concealed Conflict of Interest"**

In his motion *in limine*, Urciuoli continually represents that it is clear that the United States intends to introduce evidence of an alleged conflict because counsel for the United States has indicated that the "true nature" of Celona's relationship with RWMC is an issue in the case. Urciuoli misunderstands the nature of the allegations against him. What the Indictment alleges, and what the evidence at trial will demonstrate, is that Urciuoli and Driscoll concealed from the public the fact that they paid Celona in exchange for official acts. The United States will not present a case to the jury that Urciuoli and Driscoll hid the fact that Celona had a conflict of interest while he was taking official action on RWMC's behalf. The "true nature of the relationship" which Urciuoli and Driscoll hid from the public was their bribery of Celona. At trial, the United States anticipates that the evidence will show that Urciuoli and Driscoll hid their bribery of Celona in many ways, including, but not limited to, having him enter into a contract with the Village of Elmhurst as a consultant on senior affairs and routing payments to him from RWMC through the Village. Accordingly, at trial, the United States intends to introduce such evidence, and more, showing that Urciuoli and Driscoll concealed from the public the fact that they were paying Celona in exchange for official acts. Such evidence is proper, and, in fact required for the United States to prove its case.

---

aware of Celona's financial relationship to RWMC is relevant to whether Urciuoli concealed that fact from them and was intentionally participating in a scheme to defraud.

### C. No State Law Instruction Is Warranted Based on the United States' Quid Pro Quo Theory of Honest Services Fraud

The United States has clearly stated its intention to present this case to the jury based on a quid pro quo bribery theory of liability, i.e. one in which Urciuoli and Driscoll paid Celona with the intent that he be influenced in his official acts. However, through his current motion, Urciuoli is attempting to keep the concealed conflict of interest theory of prosecution alive, presumably based on his implicit recognition that instruction on state law is not appropriate in a quid pro quo bribery case.[3] See Urciuoli, 513 F.3d at 299 (state law "could be pertinent if the government . . . had chosen to proceed on a theory that a conflict of interest alone . . . was the basis for conviction). Urciuoli must recognize that the First Circuit has clearly stated that nothing in Rhode Island law "authorizes or protects" such conduct. Id. at 299. Furthermore, Rhode Island General Law § 36-14-5(i) provides that "[n]o person shall give or offer to any person covered by this Code of Ethics . . . any gift, loan, political contribution, reward or promise of future employment based on any understanding or expectation that the vote, official action or judgment of said person would be influenced thereby." R.I. Gen. L. § 36-14-5(i). Put simply, the Ethics opinion which Urciuoli and Driscoll obtained, based on the advice of RWMC's counsel, James McGuirk, does not immunize them from prosecution for their bribery of Celona.[4]

---

[3] In fact, the Circuit's Urciuoli opinion suggests that an instruction on state law is not appropriate in either a concealed conflict of interest case, as opposed to a mere conflict of interest prosecution, or a quid pro quo bribery case. Urciuoli, 239 F.3d at 298-99.

[4] Urciuoli also relies on United States v. Safavian, 528 F.3d 957 (D.C. Cir. 2008), in arguing that the proof of intent to deceive in a quid pro quo bribery case is different than in a concealment case. Urciuoli Supp. Mem. at 12. Safavian was not an honest services fraud case, but one in which the crime charged was that the defendant knowingly concealed a material fact in violation of 18 U.S.C. §1001(a). Safavian did not address the issue of what evidence the United States may present in proving the intent to deceive element in an honest services fraud case.

## III. Conclusion

Based on the foregoing, the United States respectfully requests that the Court deny Defendant Urciuoli's motion *in limine* to exclude all evidence of concealment and for instruction of the jury.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
dulce.donovan@usdoj.gov

**CERTIFICATION**

I hereby certify that on this 22nd day of August, 2008, I electronically filed the United States' Objection to Defendant Robert Urciuoli's Motion in Limine to Exclude all Evidence of Concealment and for Preliminary Instruction of the Jury and supporting Memorandum, with the Clerk of the US District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Kristie M. Passalacqua, Esq.
Michael Connolly, Esq.
Joseph Whelan, Esq.
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903

Howard Cooper, Esq.
Todd & Weld, LLP
28 State Street
Boston, MA 02109

John A. MacFadyen, Esq.
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

Kevin Bristow, Esq.
76 Westminster Street
Providence, RI 02903

Larry Tipton
One Center Place, Suite 220
Boston, MA 02108

/s/ Luis M. Matos
LUIS M. MATOS