UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02MML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' OBJECTION TO DEFENDANT ROBERT URCIUOLI'S MOTION TO STRIKE PORTIONS OF THE INDICTMENT**

Defendant Robert Urciuoli has moved the Court to strike portions of the Indictment related to: (1) alleged concealment of a conflict of interest; (2) rescue run activity; and (3) acquitted conduct. The United States objects in part to defendant Urciuoli's request. The bases for the United States' objection are detailed in the memorandum of law filed simultaneously herewith.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
dulce.donovan@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02MML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT ROBERT URCIUOLI'S MOTION TO STRIKE PORTIONS OF THE INDICTMENT**

## I. Introduction

Defendant Robert Urciuoli has moved the Court to strike portions of the Indictment related to: (1) alleged concealment of a conflict of interest; (2) rescue run activity; and (3) acquitted conduct. Urciuoli's motion restates many of the same objections made in defendant Frances Driscoll's previously filed Motion to Strike certain allegations in the Indictment, in which defendant Urciuoli joined. As it has previously represented, as a general principle, the United States agrees that the Indictment should be conformed to the present posture of the case prior to submission of the jury. Thus, in response to defendant Driscoll's earlier Motion to Strike, the United States detailed the allegations in the Indictment which it did not object to striking. Many of those allegations related to a theory of prosecution based on a concealed conflict of interest. In addition, the United States does not object to striking defendant Driscoll's name in the conspiracy count, or striking defendant Sangermano's name where appropriate, both requests that Urciuoli makes in his current motion to strike.[1] For the reasons articulated below, the United States does object to removing all allegations relating to the rescue runs and

[1] Prior to filing the instant objection, the United States has forwarded to all counsel a proposed conformed Indictment.

allegations concerning activity relating to House Bill 98-H-8229 (the Alzheimer's legislation).

## II. Argument

### A. The United States Does Not Object to Conforming the Indictment to the Present Posture of the Case

Given that the United States is presently proceeding on a quid pro quo bribery theory of honest services fraud, the United States does not object to striking certain language from the Indictment referencing the public's right to have Celona perform his official functions free from a conflict of interest.[2] See e.g. Indict.¶ 14 ("and to have those services performed free from deceit, favoritism, bias, conflict of interest and self-enrichment"); ¶ 18 ("that Celona had an improper conflict of interest which deprived the State of Rhode Island and its citizens of their intangible right to his honest services"). Urciuoli, however, asks that the Court strike more than language related just to Celona's alleged conflict of interest. He also asks the Court to strike language which alleges that the defendants intended to deceive the public as to the nature of the scheme to defraud. See e.g. Urciuoli Supp. Mem. at 2. For example, Urciuoli asks that the Court strike language alleging that one of the objects of the conspiracy and the scheme was to deceive the public concerning Celona's relationship to RWMC. See Indict. ¶¶ 16 and 100. As discussed at length in the United States' objection to Urciuoli's motion *in limine* to exclude evidence of concealment, an intent to deceive is one of the elements that the United States is required to prove in making out an honest services mail fraud case. See United States' Supp. Mem. in Obj. to Urciuoli's Mot. In Limine at 2-3. See also United States v. Sawyer, 239 F.3d

---

[2] In response to Driscoll's Motion to Strike, the United States also represented that it did not object to striking language in the Indictment defining what honest services the citizens of the State of Rhode Island are entitled to, nor did it object to striking language relating to the Rhode Island Ethics Commission.

31, 39-41 (1st Cir. 2001) ("Sawyer II"). The allegations in the Indictment alleging deceit and concealment are in accord with the First Circuit's case law on honest services fraud prosecutions and should remain.

**B. The Indictment's Allegations Concerning the Rescue Runs Are Relevant to the Jury's Consideration of Whether Defendants Engaged in a Scheme to Defraud**

Urciuoli contends that based on the First Circuit's decision in United States v. Urciuoli, 513 F.3d 290, 298 (1st Cir. 2008), all allegations in the Indictment concerning the rescue runs should be stricken. Urciuoli's request is based on a misunderstanding of the relevance of the rescue run allegations to the present posture of the case. Although the rescue run evidence can not be considered as a violation of the honest services mail fraud statute, the rescue run allegations, and evidence supporting those allegations, are relevant to demonstrating among other items, the falsity of Celona's consulting contract's description of his duties. The false consulting contract that defendants had Celona enter into in order to facilitate paying him undetected for taking official action stated that Celona was being hired to work to heighten awareness among seniors as to the services offered by Elmhurst Extended Care and the Village at Elmhurst. The ambulance run activity that defendants tasked Celona with was among the first jobs they gave him and had nothing to do with either Elmhurst Extended Care or the Village, thus demonstrating that from the outset, defendants did not intend for Celona to undertake the work described in the consulting contract. The tasks that Celona undertook at defendants' direction relating to the rescue runs is, thus, evidence of the true relationship between Celona and the defendants. While not criminal conduct, the allegations are relevant to the jury's understanding of defendants' intentions for Celona from the outset of the scheme. The rescue run allegations

should remain in the Indictment and Urciuoli's motion to strike should be denied.

**C. The Allegations in the Indictment Relating to the Alzheimer's Legislation Should Not be Stricken Because They Constitute Means and Methods of the Scheme to Defraud**

Urciuoli also asks the Court to strike the allegations in the Indictment in paragraphs 53 and 55 relating to the Alzheimer's legislation because Sangermano was acquitted of that conduct and defendant Driscoll was acquitted of conspiracy. Urciuoli ignores, however, that he was not acquitted of that conduct and that the Means and Methods section of the mail fraud counts in which both Driscoll and Urciuoli are charged, incorporate the Alzheimer's legislation allegations. See Indict. ¶¶ 103, 106. Thus, the fact that paragraphs 53 and 55 do not specifically mention Urciuoli does not warrant striking those portions of the Indictment.

## III. Conclusion

Based on the foregoing, the United States respectfully requests that the Court deny Urciuoli's motion to strike.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
dulce.donovan@usdoj.gov

**CERTIFICATION**

I hereby certify that on this 22nd day of August, 2008, I electronically filed the United States' Objection to Defendant Robert Urciuoli's Motion in Strike Portions of the Indictment and supporting Memorandum, with the Clerk of the US District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Kristie M. Passalacqua, Esq.
Michael Connolly, Esq.
Joseph Whelan, Esq.
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903

Howard Cooper, Esq.
Todd & Weld, LLP
28 State Street
Boston, MA 02109

John A. MacFadyen, Esq.
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

Kevin Bristow, Esq.
76 Westminster Street
Providence, RI 02903

Larry Tipton
One Center Place, Suite 220
Boston, MA 02108

/s/ Luis M. Matos
LUIS M. MATOS