UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 06-02- ML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**ROBERT A. URCIUOLI'S OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY**

Defendant Robert Urciuoli ("Mr. Urciuoli") hereby respectfully opposes the Government's motion *in limine* to exclude the expert testimony of former Rhode Island State Ethics Commission member Patricia M. Moran ("Ms. Moran").

The Government's objections are without merit. As a first matter, it cannot be disputed that Ms. Moran is competent and able to testify about factual matters related to the operation and procedure of the Rhode Island Ethics Commission (the "Commission"), its rules, the standards governing its consideration of, and response to, a request for an advisory opinion, and the role (or lack thereof) of a legal assistant in the Commission's actual decision. Such permissible factual testimony also includes the manner in which information disclosed about "business associates" of the applicant is considered in the process, why such information is important to a request for an advisory opinion, and what it means when the Commission advises a party requesting an advisory opinion that the so-called class exception under Rhode Island General Laws § 36-14-7(b) applies to the relationships disclosed given Rhode Island's part-time citizen legislature and the adoption by the Commission of General Commission Advisory No. 3. Mr. Urciuoli does not understand the Government's motion to necessarily challenge such testimony.

With respect to Ms. Moran's anticipated expert opinions as disclosed in counsel's letter dated August 14, 2008 (attached as Exhibit 1 to the Government's motion), including Ms. Moran's expert opinions concerning the specific content and effect of Attorney James McGuirk's ("Attorney McGuirk's") April 6, 1998 submission to the Commission and the Commission's response, Advisory Opinion 98-59, the Government's objections are not well-taken.

**A. Ms. Moran's Experience Provides An Appropriate Basis For Her Opinions.**

The Government contends that Ms. Moran fails to possess the requisite qualifications to render the disclosed opinions. The Government is wrong under the standards incorporated into Federal Rule of Evidence 702, which make clear that the Court, in its gatekeeper role under Rule 702, may find that her experience, alone, as a former member of the Commission is a sufficient basis for the jury to hear her testimony.

Put simply, Ms. Moran is well qualified to offer the disclosed opinions based upon her years of actual personal experience with the Commission. During her 5 year term, Ms. Moran had responsibility for reviewing, considering and voting upon hundreds of requests for advisory opinions from public officials. As a result of her experience, which will not be at all common to the members of the jury, Ms. Moran is uniquely qualified, perhaps even better than any academic, to testify concerning the meaning and impact of the words used by Attorney McGuirk in disclosing the inter-relationships of the entities described in his letter as "business associates" who could potentially benefit, whether directly or indirectly, from the relationship which was the subject matter of the request he was making, and why this was the relevant information for the Commission to have in order to render its Advisory Opinion.

In this case, Ms. Moran's experience on the Commission, alone, qualifies her to opine that the April 6, 1998 submission on behalf of Senator Celona reasonably disclosed to the

Commission who might benefit financially within the listed relationships and affiliations, as described in counsel's letter disclosing her opinions. The commentary to Rule 702 makes clear that such experience is often the sole requirement necessary to qualify an expert. See Comments to 2000 Amendments to Rule 702 ("Nothing in this amendment is intended to suggest that experience alone -- or experience in conjunction with other knowledge, skill, training or education -- may not provide a sufficient foundation for expert testimony. To the contrary, the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience. In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony.") Here, the most important basis for any opinion about how words are used and their role in the process of a request for an advisory opinion is experience. This alone qualifies Ms. Moran to give the opinions offered.

**B. Ms. Moran's Proposed Testimony is Admissible Under Rule 702.**

The Government's argument that Ms. Moran's proposed testimony is not admissible under Rule 702 likewise fails where the testimony will assist the jury in understanding the complex issues the Government intends to raise in this case, and her opinions are inherently reliable based upon a review of the documents upon which the opinions rest. The Government's argument that it is "up to the jury to determine whether defendants concealed the true nature of their relationship with John Celona," Government's motion, at p. 5, is noteworthy mostly for the fact that it is yet another and further indication that the Government intends to attempt to prove a quid pro quo bribery case by offering the jury alleged evidence of a concealed conflict of interest. More pertinent, however, is the fact that the proposed testimony of Ms. Moran is the type of expert testimony that will assist the jury in considering the meaning and usage of words in an honest services mail fraud case.

United States v. Safavian, 528 F.3d 957 (D.C. Cir. 2008), is instructive here. In Safavian, the defendant was convicted in the trial court of concealing material facts and making false statements in requesting ethical guidance in connection with a golfing trip he took with a lobbyist while he was chief of staff of the General Services Administration (GSA). Id. at 959. Some of the charges stemmed from Safavian's allegedly false statements in seeking ethical guidance in advance of the trip that the lobbyist had "no business" with GSA at the time of the golf trip. Id. at 965-66. In defense of these charges, Safavian maintained that when he made the statements, he intended by his choice of words to convey a meaning which was known to government contracts professionals -- that someone who does not have a contract with GSA is "not doing business with" or working with GSA. Id. at 966. Safavian maintained that these statements were truthful in the context that he used them because the lobbyist never secured any GSA contracts. Id.

In reversing his conviction on the grounds that Safavian had no duty to disclose in the first place, the D.C. Circuit also held that it was error for the district court to have precluded expert testimony as to the common usage, in the government contracts industry, of the terms "does business" and "seeks to do business." Id. at 966-67. The court noted that the proposed expert testimony was probative of Safavian's state of mind when he made the allegedly false statements and would assist the jury without usurping its role. Id.

The Safavian court's holding applies here as well. Ms. Moran's proffered opinion that Attorney McGuirk's letter to the Commission reasonably disclosed, through the words used, the inter-relationships, including financial inter-relationships, between RWMC, Roger Williams Realty, Roger Williams Hospital, Elmhurst Extended Care Facility, Inc. and The Village at Elmhurst, that this was the relevant information needed to assess the ethical questions raised, and

that each of these entities would be considered by the Commission to be a "business associate" of each other as that term (defined under Rhode Island law) was used and understood at the Commission for purposes of a request for an advisory opinion, effectively informs the jury how the words used would commonly be understood in requests made to the Commission for an advisory opinion. Such testimony will greatly assist the jury in understanding the evidence as it relates to Mr. Urciuoli's intent. See Safavian, 528 F.3d at 966; see also Fed. R. Evid. 702.

Ms. Moran will not be testifying as to the legal meaning or interpretation of Rhode Island law. Nor will she be acting as a retired Judge or declaring that the jury should find there was no crime here or opining what result the Commission should have reached in 1998. Rather, her testimony, based upon her specialized knowledge obtained through her experience, will assist the jury in evaluating how the information contained in Attorney's McGuirk's letter should be understood, where the words fit in the process of seeking an advisory opinion, and the purpose and effect of the words as used in the context of a request for an advisory opinion to the Commission. See Safavian, 528 F.3d at 967 (error to exclude favorable expert testimony where expert would not have expounded on how relevant statute operates or should operate, but, rather, on the common usage of language in relevant industry).

Mr. Urciuoli notes that the Government has made a request for a hearing pursuant to Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). Such a request is improper and unnecessary given the clear disclosure of Ms. Moran's opinions and the bases therefore which do not involve controversial scientific data, and are based upon her experience and review of documents the admissibility of which the Government has asked Mr. Urciuoli to stipulate to and which are public records produced by the Commission to the Government. Under such circumstances, a Daubert hearing is not necessary.

**C. Ms. Moran's Testimony is Relevant and Should Not Be Excluded Under Rule 403.**

Finally, the Government's argument that Ms. Moran's testimony should be excluded under Federal Rule of Evidence 403 is likewise without merit. Again, conveniently, the Government relies on its argument that evidence of Rhode Island law is "inappropriate" because "the United States is not proceeding on a failure to disclose a conflict of interest theory of prosecution" and "expert testimony about the import of R.I. Ethics Law is inappropriate and will only serve to confuse the jury." Government's Motion, at p. 7. Mr. Urciuoli has previously submitted various motions addressing the issue of the relevance of state law, regardless of whether the Government is proceeding on quid pro quo bribery or concealment theory of prosecution. See Robert Urciuoli's Trial Brief on the Limits of an Honest Services Fraud Prosecution and the Need For a State Law Instruction; see also Robert Urciuoli's Motion to Exclude All Evidence of Alleged Concealment and For Instruction of the Jury. Mr. Urciuoli will not burden the Court by repeating the arguments set forth in those pleadings. However, the salient point remains that the Government cannot have it both ways. If, in fact, this is not a concealed conflict of interest prosecution, then the Government should not be permitted to introduce any evidence of alleged concealment. If the Government is allowed to introduce evidence of alleged concealment, then by definition, evidence which rebuts the claim of concealment, such as the proposed testimony of Ms. Moran, is relevant to these proceedings. Ms. Moran's testimony is directly probative on the issue of whether the Defendants failed to disclose the "true nature" of the Celona relationship if the Court is going to allow testimony on such concealment related issues. Her proposed testimony is both relevant and appropriate, and it should not be excluded under Rule 403.

## CONCLUSION

For all of the reasons set forth above, Defendant Robert A. Urciuoli respectfully requests that the Court deny the Government's Motion *In Limine* To Exclude Expert Testimony.

Respectfully submitted,

ROBERT A. URCIUOLI

/s/ Kristie M. Passalacqua______________
Kristie M. Passalacqua (R.I. Bar No. 6945)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Michael J. Connolly (MA BBO # 638811)
*Pro Hac Vice Counsel*
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020
mconnolly@haslaw.com

Howard M. Cooper (MA BBO # 543842)
*Pro Hac Vice Counsel*
Todd & Weld LLP
28 State Street
Boston, MA 02109
(617) 624-4713
(617) 227-5777
hcooper@toddweld.com

Dated: August 22, 2008

## CERTIFICATION

I hereby certify that on August 22, 2008, a copy of the foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Kristie M. Passalacqua