UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 06-02- ML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**ROBERT A. URCIUOLI'S OPPOSITION TO THE GOVERNMENT'S MOTION TO EXCLUDE CERTAIN TESTIMONY OF RICHARD GAMACHE, APRIL 27, 2005 MEMORANDA AND RELATED DOCUMENTS**

Defendant Robert Urciuoli ("Mr. Urciuoli") hereby respectfully opposes the Government's motion to exclude certain testimony of Richard Gamache, several April 27, 2005 memoranda, and related documents. Specifically, the Government seeks to exclude several memoranda prepared by former Elmhurst Extended Care ("Elmhurst" or the "Nursing Home") Vice President and Administrator, Richard Gamache ("Mr. Gamache"), in which he memorialized his findings, and those of the Elmhurst admissions department, that former Senator John Celona ("Celona") referred 3-5 patients a year to the Nursing Home, as well as related testimony and documents, on the grounds that this evidence is not relevant, constitutes inadmissible hearsay, and is otherwise inadmissible under the Federal Rules of Evidence.

The Government's theory of prosecution is that the Defendants and Celona engaged in a quid pro quo bribery scheme whereby Celona was given a "no show" consulting contract with The Village at Elmhurst in exchange for his political influence. Evidence of work actually performed by Celona, to which Mr. Gamache will testify, is the "quo" for the "quid" in the Government's theory. Mr. Gamache's proposed testimony and the April 27, 2005 memoranda

are highly relevant to the issues to be decided at trial and properly admissible under the Federal Rules of Evidence. The Government's motion must be denied.

**A. The April 27, 2005 Memoranda Are Relevant and Directly Refute the Government's Theory of Prosecution.**

The Government contends that the April 27, 2005 memoranda, and testimony concerning them, are not relevant because they were created after[1] the dates of the scheme to defraud alleged in the Indictment. See Government's motion, at p. 4. The alleged bribery scheme centers on a "sham" consulting contract with Celona that was nothing more than a cover for funneling payments to Celona in exchange for political activity. See Consolidated Brief for the Appellee, United States of America, p. 45; see also Government's motion, at p. 2, quoting Indictment, ¶¶ 24, 103 ("the Indictment alleges, in essence, that defendants defrauded the public of John Celona's honest services by, among other things, causing him to enter into a consulting agreement which falsely stated that he was being hired to work as a consultant on senior affairs on behalf of Elmhurst Extended Care and the Village at Elmhurst.")

At the core of the Government's theory of prosecution is that Celona did no work, and generated no revenue, for The Village or its affiliate, Elmhurst. Thus, the factual premise of the Government's bribery theory -- the actus reus -- is that Celona did not perform any legitimate consulting work for the Village or its related entities. Evidence showing actual work done by Celona, as evidenced by patient referrals, undermines the Government's theory. Evidence that Celona referred 3-5 patients a year to Elmhurst would establish that Celona provided substantial economic value to Elmhurst.

The Government's argument that the communication between Gamache and O'Connell are not relevant because they were created after the time frame alleged in the Indictment is a red

[1] The Indictment alleges that the Defendants engaged in a scheme to defraud the public of Celona's honest services from in or about August of 1997 to on or about January 8, 2004. Indictment, ¶¶ 24, 103.

herring; the relevance of the communications is the information embodied within them -- i.e., the reflection of actual work performed by Celona in connection with his consulting contract and revenues generated by such work -- not the date of the report of such work.[2]

The Government asserts that the Gamache communications lack relevance for the additional reason that there is no evidence that Mr. Urciuoli was aware of Celona's alleged referrals during the relevant time frame. Government's motion, at p. 5 ("Urciuoli's intent in continuing Celona's contract" is the "only issue at trial to which the information contained in the memoranda could be relevant."). This argument likewise fails. The memoranda are inherently relevant in that they demonstrate that Celona actually made referrals to the nursing home. Evidence of actual work performed by Celona rebuts the Government's theory of prosecution. Moreover, aside from being relevant to refute the allegation that Celona did not actually perform outreach work for Elmhurst, the data reported in the Gamache communications give rise to at least a reasonable inference that people who reported to Mr. Urciuoli knew that Celona was generating positive results. Thus, the Gamache communications are relevant and should not be excluded from evidence.

**B. Mr. Gamache's Proposed Testimony, the April 27, 2005 Memoranda, and the Related Audit Document Are Admissible Under Rule 802.**

The Government's argument that Mr. Gamache's testimony, the April 27, 2005 memoranda, and the related audit documents constitute inadmissible hearsay also fails. As an initial matter, it is premature to ask the Court to rule, by way of a motion *in limine*, as to the admissibility of a witness's testimony -- before that witness even takes the stand. The

[2] The Government argues that the memoranda should be excluded for two main reasons: (1) they are not relevant; and (2) they are hearsay. Notably, the dates the memoranda were created are probative of neither of these issues. For purposes of determining whether the memoranda are relevant, it matters only whether they are probative of an issue before the court. As set forth above, they clearly are. For purposes of determining whether the memoranda are hearsay, it only matters whether the memos fall within an exception to the hearsay rule or outside the definition of hearsay. As set forth below, the Government's argument that they are inadmissible hearsay, or otherwise inadmissible, is premature at this point.

Government's request is particularly premature in light of the fact that Mr. Urciuoli has issued a subpoena to RWMC asking for all documents that support the conclusions stated by Mr. Gamache in his April 27, 2005 e-mail. The Government does not know, at this time, which of the various witnesses the defense intends to call to address these issues, as Mr. Urciuoli has made no decisions as of this date as to whom he intends to call to testify. Respectfully, it would be premature at this juncture for the Court to rule that any witness, let alone an unknown witness, lacks the personal knowledge required to testify. This motion should be denied on that ground, alone.

Moreover, the Government's argument that Mr. Gamache lacks personal knowledge of the information contained in the memoranda is without merit in that Mr. Gamache testified at the first trial as to information in the business records of Elmhurst and information collected pursuant to his direction as the administrator of Elmhurst. All such information falls directly within the scope of his employment with Elmhurst during the period as to which the information pertains -- i.e., 1998 – 2003. Mr. Gamache was hired by Elmhurst in 1999. With respect to the audit of Celona's referrals, Mr. Gamache and the admissions director at Elmhurst examined Celona's referrals over a 12-month period of time, beginning in March 2002 and ending in February 2003. The testimony of Gamache about the activities occurring under his direction at Elmhurst during his employment is not hearsay. The records that support the conclusions set forth in the April 27, 2005 e-mail will be offered as business records under Rule 803(b) of the Federal Rules of Evidence.

The Government also alleges that Mr. Gamache did not provide evidence concerning the basis for his conclusion that Celona's referrals generated $378,000 in revenue. Government's motion, at p. 3. The basis for this conclusion is one of the issues covered by the subpoena issued

by Mr. Urciuoli to RWMC, and as to which Mr. Urciuoli now has documents. It is simply premature to evaluate the admissibility of information contained in the memoranda at this juncture -- prior to seeing what documents Mr. Urciuoli will offer in support of this information. If Mr. Gamache's statements in the memoranda were based on personal knowledge, then the information is not hearsay and is clearly admissible. If the information contained in the memoranda was based on business records maintained by Elmhurst, then the information is admissible under Rule 803(6). If the information in the memoranda was based on statements from other employees with direct knowledge of such information, and Mr. Urciuoli calls such witnesses to testify based on their personal knowledge, then the evidence at trial will consist of competent, non-hearsay testimony.

Alternatively, testimony about the contents of the memoranda may be admissible under the residual exception to the hearsay rule set for in Rule 807. See Fed. R. Evid. 807 ("A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence"). Mr. Urciuoli respectfully submits that it is premature for the Court to rule on the Government's motion at this time.

### C. Mr. Urciuoli Will Be Able to Establish The Proper Foundation Required For Introduction of This Evidence at Trial.

Lastly, the Government argues that no documents exist which support the statements in the April 27, 2005 e-mail that Celona referred 9, or 3-5 patients per year, to Elmhurst, and that the e-mail is not covered by the business records exception to the hearsay rule or the residual

hearsay exception, set forth in Rule 807. Government's motion, at p. 7-8. Once again, for the reasons set forth above, the Government's argument is premature. The Court cannot yet meaningfully evaluate whether the memoranda constitute non-hearsay, an exception to hearsay, or are otherwise deemed to possess sufficient indicia of reliability to be admissible until the Court has heard the testimony of witnesses called by Mr. Urciuoli to establish these foundational requirements. The Government's motion should be denied, at least until such evidence is offered at trial.

## CONCLUSION

For all of the reasons set forth above, Defendant Robert A. Urciuoli respectfully requests that the Court deny the Government's Motion *In Limine* To Exclude Certain Testimony of Richard Gamache, the April 27, 2005 Memoranda, and Related Documents.

Respectfully submitted,

ROBERT A. URCIUOLI

/s/ Kristie M. Passalacqua______________
Kristie M. Passalacqua (R.I. Bar No. 6945)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Michael J. Connolly (MA BBO # 638811)
*Pro Hac Vice Counsel*
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020
mconnolly@haslaw.com

Howard M. Cooper (MA BBO # 543842)
*Pro Hac Vice Counsel*
Todd & Weld LLP
28 State Street
Boston, MA 02109
(617) 624-4713
(617) 227-5777
hcooper@toddweld.com

Dated: August 22, 2008

**CERTIFICATION**

I hereby certify that on August 22, 2008, a copy of the foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Kristie M. Passalacqua