UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02MML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER SUSTAINING DEFENDANT URCIUOLI'S OBJECTION TO TESTIMONY OF MAUREEN MCNAMARA**

On September 9, 2008, during the United States' questioning of Maureen McNamara, pursuant to Fed. R. Ev. 801(d)(2)(E), defendant Urciuoli objected to a question concerning discussions that Ms. McNamara had with defendant Driscoll regarding the establishment of the Cancer Council. The Court requested that counsel for the Government make a proffer concerning what the Government expects to prove regarding the existence of a conspiracy in order to determine the provisional admissibility of Driscoll's statements pursuant to United States v. Petrozziello, 548 F.2d 20, 22 (1st Cir. 1997). The Government deferred making such a proffer at the time. In addition, defendant Urciuoli objected to a question posed to McNamara concerning what defendant Driscoll said to her concerning the hiring of John Celona. The Court sustained the objection. For the reasons stated in the accompanying memorandum of law, the

United States respectfully requests that the Court reconsider its rulings.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
dulce.donovan@usdoj.gov

**CERTIFICATE OF E-FILING**

I hereby certify that on September 9, 2008, I electronically filed this Motion for Reconsideration with the Clerk of the US District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Kristie M. Passalacqua, Esq.
Michael Connolly, Esq.
Joseph Whelan, Esq.
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903

Howard Cooper, Esq.
Todd & Weld, LLP
28 State Street
Boston, MA 02109

John A. MacFadyen, Esq.
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

Kevin Bristow, Esq.
76 Westminster Street
Providence, RI 02903

Larry Tipton
One Center Place, Suite 220
Boston, MA 02108

/s/ DULCE DONOVAN

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02MML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER SUSTAINING DEFENDANT URCIUOLI'S OBJECTION TO TESTIMONY OF MAUREEN MCNAMARA**

## I. Introduction

On September 9, 2008, during the United States' questioning of Maureen McNamara, pursuant to Fed. R. Ev. 801(d)(2)(E), defendant Urciuoli objected to a question concerning discussions that Ms. McNamara had with defendant Driscoll regarding the establishment of the Cancer Council. The Court requested that counsel for the Government make a proffer concerning what the Government expects to prove regarding the existence of a conspiracy in order to determine the provisional admissibility of Driscoll's statements pursuant to United States v. Petrozziello, 548 F.2d 20, 22 (1st Cir. 1997). Counsel declined to make a proffer at that time. Ex. 1, Tr. 9/9/08 at 7-9.

In addition, defendant Urciuoli objected to a question posed to McNamara concerning what defendant Driscoll said to her regarding the hiring of John Celona. Ex. 1, Tr. 9/9/08 at 10-12. Defendant Urciuoli posed the same objection pursuant to Petrozziello and Rule of Evidence 801(d)(2)(E). In response to defendant Urciuoli's contention that any statements by defendant Driscoll would constitute hearsay, counsel for the United States articulated that defendant Driscoll's statements would provide context to subsequent statements by Ms. McNamara to

defendant Driscoll relating to the hiring of John Celona. Ms. McNamara's statements, the Government contended, were relevant to defendant Driscoll's intent in aiding and abetting defendant Urciuoli to carry out the scheme. The Court sustained defendant Urciuoli's objection.

## II. Argument

### A. Defendant Driscoll's Statements to Ms. McNamara Are Admissible Under Federal Rule of Evidence 801(d)(2)(A) As Party Admissions

Defendant Driscoll's statements concerning the Cancer Council and her comments to Ms. McNamara concerning John Celona's hiring are admissible under Federal Rule of Evidence 801(d)(2)(A) as party admissions. Defendant Driscoll is charged with aiding and abetting defendant Urciuoli with committing honest services mail fraud. Defendant Driscoll's statements are not hearsay since they are being offered against her and they are her own statements.

### B. Defendant Driscoll's Statements to Ms McNamara Are Admissible Under 801(d)(2)(E) as Co-Conspirator Statements

Because Government counsel did not specifically address the admissibility of defendant Driscoll's statements under Rule 801(d)(2)(A), the focus of the exchange at the sidebar was on the admissibility of the statements under Petrozziello. As the Court is well-aware, pursuant to Rule of Evidence 801(d)(2)(E), statements are admissible against a party and are not hearsay if they are statements by a co-conspirator of a party during the course and in furtherance of the conspiracy. "Statements are not hearsay if they are offered against a party who conspired with the declarant, and if they are made during and in furtherance of the conspiracy." United States v. Petrozziello, 548 F.2d 20, 22 (1st Cir. 1997).

The order of proof rests in the discretion of the court, and much latitude is allowed. See United States v. Ortiz, 966 F.2d 707 (1st Cir. 1992); United States v. Machor, 879 F2d. 945 (1st

Cir. 1989). The court may receive the statement subject to its being connected later in the trial by a showing as to the existence of the common design or subject to its subsequently being stricken should no conspiracy be proved. United States v. Geronimo, 330 F3d 660 (1st Cir 2003). "The trial court is not required to decide the Petrozziello question prior to admitting hearsay statements under Rule 801(d)(2)(E), but may admit the statement[s] provisionally, subject to its final Petrozziello determination at the close of all the evidence." Id. See also United States v. Isabel, 945 F.2d 1193, 1199 n. 10 (1st Cir.1991)(same).

Counsel for the United States notes that in the event the Court does not reconsider its ruling concerning the admissibility of Driscoll's statements under Rule 801(d)(2)(A), counsel respectfully requests the opportunity to repose the questions to Ms. McNamara after making the appropriate proffer to the Court pursuant to Petrozziello. Counsel for the United States also respectfully suggests that to the extent that the Court stated that the United States is limited in its proffer to pointing to evidence that has already been admitted at trial, as the Court originally stated to counsel, the United States is not so limited and is permitted to proffer evidence it expects to introduce throughout the course of the trial.

## III. Conclusion

The United States respectfully requests that th Court reconsider its ruling concerning the admissibility of defendant Driscoll's statements concerning the Cancer Council and the hiring of John Celona.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
dulce.donovan@usdoj.gov

**CERTIFICATE OF E-FILING**

I hereby certify that on September 9, 2008, I electronically filed this Memorandum in Support of Motion for Reconsideration with the Clerk of the US District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Kristie M. Passalacqua, Esq.
Michael Connolly, Esq.
Joseph Whelan, Esq.
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903

Howard Cooper, Esq.
Todd & Weld, LLP
28 State Street
Boston, MA 02109

John A. MacFadyen, Esq.
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

Kevin Bristow, Esq.
76 Westminster Street
Providence, RI 02903

Larry Tipton
One Center Place, Suite 220
Boston, MA 02108

/s/ DULCE DONOVAN