UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 06-02- ML |
| | : | |
| ROBERT A. URCIUOLI and FRANCES P. DRISCOLL | : | |

**ROBERT A. URCIOLI'S OPPOSITION TO GOVERNMENT'S REQUEST TO READ FORMER TESTIMONY OF REPRESENTATIVE JOHN DOUGLAS BARR, II**

The Government has requested permission to read into evidence the testimony of Representative John Douglas Barr, II ("Representative Barre" or "Mr. Barr") from the first trial in this matter under the hearsay exception for "former testimony" on the grounds that Mr. Barr is "unavailable." Fed. R. Evid. 804(b)(1). The Government's motion should be denied where its allowance would violate Mr. Urciuoli's basis constitutional rights. It should also be denied where the Government's offering of one part of the testimony violates its duty of candor to the Court and the jury where the Government is aware that the subject testimony is false, as discussed below.

**RELEVANT BACKGROUND**

In 1999, Representative Barr sponsored House Bill 99H-5917 -- "an Act Relating to Health and Safety – Bone Marrow Registration." At the first trial in this matter, Representative Barr testified that he recalled speaking with John Celona about this piece of legislation. See 9/26/06 Trial Tr. (Day 11), at p. 188, attached hereto as Exhibit A. On the evening after Mr. Barr had already testified, the Government late-produced a previously undisclosed FBI 302 which stated that Mr. Barr in reality had no real memory of the conversation with John Celona --

which had already come into evidence. See 12/1/05 FBI 302 of John Douglas Barr, at p. 2 ("Regarding 99H-5917, Barr stated that he may have had a conversation with Celona about the bill, but he does not recall the specifics of that conversation."). The 12/1/05 Barr 302 is attached hereto as Exhibit B. Although an opportunity to re-cross-examine Mr. Barr briefly was then allowed, the totality of the testimony as it reads in the transcript is unfair and misleading, as the matter never should have proceeded the way it did in the first place. Put simply, the Government seeks to introduce evidence which Mr. Urciuoli did not have a fair and fully prepared opportunity to cross-examine in the original trial because of the Government's own failure to disclose the FBI 302 on a timely basis.

The Government's request should be denied because permitting it to read Mr. Barr's testimony would constitute a clear violation of Mr. Urciuoli's right to confront the witnesses against him under the Sixth Amendment. Mr. Urciuoli, through his counsel, did not have a full and fair opportunity to cross-examine Mr. Barr during the first trial; Mr. Barr's testimony therefore does not possess the necessary "indicia of reliability" to overcome the hurdle of the Sixth Amendment.

As important is the fact that, as the Court itself has recognized, this is a different trial from the first case. The docket is now replete with pleadings and representations from the Government to this effect. The Government has changed its entire theory of prosecution. Many of its witnesses are different. The documents are different. Under these circumstances, it would be fundamentally unfair to allow the Government to fall back on testimony (without the fear of cross-examination) that was given at a time when Mr. Urciuoli, through his counsel, had neither the opportunity nor the incentive to test the testimony for the weaknesses and inaccuracies that are germane to the Government's new theory of prosecution.

Finally, as discussed below, the transcript from the first trial contains at least one very material question and answer from Mr. Barr that the Government is fully aware is false concerning the supposed existence of a bone marrow registry at Roger Williams Hospital during the relevant time period. The Government's duty of candor to the Court and the jury dictates that it not offer "evidence" it knows is false.

For these reasons, the Government should not be permitted to read Representative Barr's prior testimony.

## ARGUMENT

### I. Representative Barr's Prior Testimony Lacks The Necessary "Indicia of Reliability" Required For Admission Without Cross-Examination.

The Government should not be permitted to read Mr. Barr's testimony into evidence because Mr. Urciuoli, through his counsel, did not have an opportunity to cross-examine Mr. Barr about the issues that are relevant to the Government's new theory of prosecution and, hence, his prior testimony is not sufficiently reliable to satisfy the Sixth Amendment's requirement that defendants be able to confront their accusers.

The Confrontation Clause requires that, where prior testimony is admitted at a later proceeding, the party against whom the testimony is admitted must have had an opportunity to cross-examine the witness at the earlier proceeding sufficient to endow the testimony as a whole with some "indicia of reliability"; "the trier of fact [must have] a satisfactory basis for evaluating the truth of the prior statement." Mancusi v. Stubbs, 408 U.S. 204, 216 (1972) (internal quotation marks and citation omitted); Pointer v. Texas, 380 U.S. 400, 406-08 (1965) (finding no "complete and adequate opportunity to cross-examine" where prior testimony was taken from preliminary hearing at which criminal defendant was not represented by counsel and had not conducted any cross-examination of witness).

The Confrontation Clause prohibits the admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination. United States v. Jimenez, 513 F.3d 62, 76 (3d Cir. 2008); citing Crawford v. Washington, 541 U.S. 36, 53-54 (2004). It is not enough that the evidence falls within a hearsay exception for it to be admissible in a criminal trial; if the evidence is testimonial, it must also comply with the Confrontation Clause's requirements of unavailability and a prior opportunity for cross-examination. Id. at 51.

It is well-settled that prior testimony lacks the requisite "indicia of reliability" where the prior proceeding focused on different issues. See, e.g., United States v. Wingate, 520 F.2d 309, 315-17 (2d Cir. 1975) (upholding lower court's refusal to admit testimony from prior suppression hearing that had focused on different issue such that Government had not cross-examined on now-relevant issue at earlier hearing); see also United States v. Taplin, 954 F.2d 1256 (6th Cir. 1992) (refusing to admit prior testimony where defendant's motive in discrediting co-conspirator's testimony at suppression hearing was different than his motive at trial in establishing innocence). This is because there can be no fair opportunity to cross-examine a witness when the issues are not the same. United States v. Wingate, 520 U.S. 309, 316 (2d Cir. 1975) (Testimony given at a previous trial or at a pre-trial hearing by a presently unavailable witness is inadmissible at a subsequent trial unless the issues in the two proceedings are sufficiently similar to assure that the opposing party had a meaningful opportunity to cross-examine when the testimony was first offered); see also Peterson v. United States, 344 F.2d 419, 422-24 (5th Cir. 1965).

Representative Barr's testimony fails to possess the necessary indicia of reliability for admission and must therefore be excluded. Mr. Urciuoli, through his counsel, did not have a full

and fair opportunity to cross-examine Representative Barr during the first trial in this matter because the first trial focused on an entirely different theory of prosecution and was centered on the testimony of John Celona, a cooperating government witness. Again, this is a very different trial. The Government has shifted its theory of prosecution to quid pro quo bribery and John Celona will not be testifying. It would be a serious miscarriage of justice to permit the Government to enjoy the benefit of Mr. Barr's prior testimony without allowing Mr. Urciuoli, who is facing serious criminal charges, to test that testimony through cross-examination. United States v. Wingate, 520 U.S. at 316.

## II. The Government Is Aware That Parts of Representative Barr's Testimony Are False.

The Government's motion is not entirely candid with the Court. During the first trial in this matter, Mr. Barr testified as follows:

Q: Which hospital in the state maintained the bone marrow registration list?

A: Roger Williams.

See Exhibit A, at p. 187:24 – 188:1.

The Government has been aware for several years that Roger Williams does not have, and never had, responsibility for a bone marrow registration list. The national bone marrow registration is a nationally run federal program. It is and long has been maintained at The Blood Center, as the Government itself is well-aware. It was one thing for Mr. Barr to have blurted out an answer at trial that was false. It is another for the Government to offer it 2 years later knowing it is false. To allow the Government to read Mr. Barr's testimony in this form would not only be deceptive and misleading, it would violate the Government's duty of candor towards the Court and the jury. United States v. Shaffer Equipment Co., 158 F.R.D. 80, 87 (S.D. W. Va. 1994) (The duty of candor to the tribunal is a widely recognized one within the legal profession

and government attorneys, like all attorneys, have a duty to confirm to the ethical guidelines of their profession); citing United States v. Associated Convalescent Enterprises, Inc., 766 F.2d 1342, 1346 (9th Cir. 1985). Mr. Urciuoli respectfully refers the Court generally to Ms. Driscoll's discussion of the law in her motion to exclude the testimony of John Celona.

**Mr. Urciuoli hereby requests oral argument in connection with this opposition.**

For the foregoing reasons, Defendant Robert A. Urciuoli respectfully opposes the Government's request to read the prior testimony of Mr. Barr.

Respectfully submitted,

ROBERT A. URCIUOLI

/s/ Kristie M. Passalacqua
Kristie M. Passalacqua (R.I. Bar No. 6945)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Michael J. Connolly (MA BBO # 638811)
*Pro Hac Vice Counsel*
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020
mconnolly@haslaw.com

Howard M. Cooper (MA BBO # 543842)
*Pro Hac Vice Counsel*
Todd & Weld LLP
28 State Street
Boston, MA 02109
(617) 624-4713
(617) 227-5777
hcooper@toddweld.com

Dated: September 12, 2008

**CERTIFICATION**

I hereby certify that on September 12, 2008, a copy of the foregoing opposition was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Kristie M. Passalacqua